D. Michael Lynn – State Bar ID 12736500
John Y. Bonds, III – State Bar ID 02589100
John T. Wilson, IV – State Bar ID 24033344
Bryan C. Assink – State Bar ID 24089009
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 – Telephone
(817) 405-6902 – Facsimile

ATTORNEYS FOR DEFENDANT JAMES DONDERO

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054-SGJ-11 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | |
| | § | **Adversary No.: 21-03003** |
| **JAMES D. DONDERO,** | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT JAMES DONDERO'S ORIGINAL ANSWER

Defendant James Dondero ("Dondero" or "Defendant"), the defendant in the above-styled and numbered adversary proceeding (the "Adversary Proceeding") filed by Highland Capital Management, L.P. (the "Plaintiff"), hereby files this Original Answer (the "Answer") responding to the *Complaint for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate* [Adv. Dkt. 1] (the "Complaint"). Where an allegation in the Complaint is not expressly admitted in this Answer, it is denied.

## PRELIMINARY STATEMENT

1. The first sentence of paragraph 1 of the Complaint sets forth the Plaintiff's objective in bringing the Complaint and does not require a response. To the extent it contains factual allegations, they are denied. The second sentence contains a legal conclusion that does not require a response. To the extent it contains factual allegations, they are denied.

2. Paragraph 2 contains a summary of the relief the Plaintiff seeks and does not require a response. To the extent it contains factual allegations, they are denied.

## JURISDICTION AND VENUE

3. The Defendant admits that this Adversary Proceeding relates to the Plaintiff's bankruptcy case but denies any implication that this fact confers Constitutional authority on the Bankruptcy Court to adjudicate this dispute. Any allegations in paragraph 3 not expressly admitted are denied.

4. The Defendant admits that the Court has statutory (but not Constitutional) jurisdiction to hear this Adversary Proceeding. Any allegations in paragraph 4 not expressly admitted are denied.

5. The Defendant denies that a breach of contract claim is core. The Defendant denies that a § 542(b) turnover proceeding is the appropriate mechanism to collect a contested debt. The Defendant admits that a § 542(b) turnover proceeding is statutorily core but denies that it is Constitutionally core under *Stern v. Marshall*. The Defendant does <u>not</u> consent to the Bankruptcy Court entering final orders or judgment in this Adversary Proceeding. Any allegations in paragraph 5 not expressly admitted are denied.

6. The Defendant admits paragraph 6 of the Complaint.

## THE PARTIES

7. The Defendant admits paragraph 7 of the Complaint.

8. The Defendant admits paragraph 8 of the Complaint.

## CASE BACKGROUND

9. The Defendant admits paragraph 9 of the Complaint.

10. The Defendant admits paragraph 10 of the Complaint.

11. The Defendant admits paragraph 11 of the Complaint.

12. The Defendant admits paragraph 12 of the Complaint.

## STATEMENT OF FACTS

13. The Defendant admits that he has executed promissory notes under which the Debtor is the payee. Any allegations in paragraph 13 not expressly admitted are denied.

14. The Defendant admits that he executed a note as alleged in the first sentence of paragraph 14 of the Complaint. Defendant admits that the attached document appears to be a copy of the referenced note.

15. The Defendant admits that he executed a note as alleged in the first sentence of paragraph 15 of the Complaint. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of paragraph 15 of the Complaint and therefore denies same.

16. The Defendant admits that he executed a note as alleged in the first sentence of paragraph 16 of the Complaint. Defendant admits that the attached document appears to be a copy of the referenced note.

17. The Defendant admits that section 2 of each note attached to the Complaint contains the provision quoted in paragraph 17 of the Complaint.

18. The Defendant denies the allegations in paragraph 18 of the Complaint. It appears that the provisions of each Note differ. Accordingly, the allegations made in this paragraph are denied.

19. The Defendant denies the allegations in paragraph 19 of the Complaint. It appears that the provisions of each Note differ. Accordingly, the allegations made in this paragraph are denied.

20. In response to paragraph 20 of the Complaint, the Defendant admits that Exhibit 4 to the Complaint (the "Demand Letter") is a true and correct copy of what it purports to be and that the document speaks for itself. To the extent paragraph 20 of the Complaint asserts a legal conclusion, no response is required, and it is denied. To the extent not expressly admitted, paragraph 20 of the Complaint is denied.

21. To the extent paragraph 21 of the Complaint asserts a legal conclusion, no response is necessary, and it is denied. The Defendant otherwise admits paragraph 21 of the Complaint.

22. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint and therefore denies same.

23. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint and therefore denies same.

24. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint and therefore denies same.

25. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint and therefore denies same.

26. The Defendant denies the allegations in paragraph 26 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (For Breach of Contract)

27. Paragraph 27 of the Complaint is a sentence of incorporation that does not require a response. All prior denials are incorporated herein by reference.

28. Paragraph 28 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint and therefore denies same.

29. Paragraph 29 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint and therefore denies same.

30. Paragraph 30 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Complaint and therefore denies same.

31. The Defendant denies paragraph 31 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Turnover by Mr. Dondero Pursuant to 11 U.S.C. § 542(b))

32. Paragraph 32 of the Complaint is a sentence of incorporation that does not require a response. All prior denials are incorporated herein by reference.

33. Paragraph 33 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint and therefore denies same.

34. Paragraph 34 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Complaint and therefore denies the same.

35. The Defendant denies paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint states a legal conclusion that does not require a response. The Defendant admits that the Plaintiff transmitted the Demand Letter, and that document speaks for itself. To the extent paragraph 36 alleges other facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint and therefore denies the same.

37. The Defendant denies paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint and therefore denies the same.

39. The Defendant denies that the Plaintiff is entitled to the relief requested in the prayer, including as to parts (i), (ii), and (iii).

## AFFIRMATIVE DEFENSES

40. Defendant asserts that Plaintiff's claims should be barred because it was previously agreed by Plaintiff that Plaintiff would not collect on the Notes.

41. Defendant further asserts that Plaintiff's claims are barred, in whole or in part, due to waiver.

42. Defendant further asserts that Plaintiff's claims are barred, in whole or in part, due

to estoppel.

43. Defendant further asserts that Plaintiff's claims may be barred, in whole or in part, due to failure of consideration.

## JURY DEMAND

44. The Defendant demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure.

45. The Defendant does not consent to the Bankruptcy Court conducting a jury trial and therefore demands a jury trial in the District Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully request that, following a trial on the merits, the Court enter a judgment that the Plaintiff take nothing on the Complaint and provide the Defendant such other relief to which he is entitled.

Dated: March 16, 2021

Respectfully submitted,

*/s/ Bryan C. Assink*
D. Michael Lynn – State Bar ID 12736500
John Y. Bonds, III – State Bar ID 02589100
John T. Wilson, IV – State Bar ID 24033344
Bryan C. Assink – State Bar ID 24089009
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
michael.lynn@bondsellis.com
john@bondsellis.com
john.wilson@bondsellis.com
bryan.assink@bondsellis.com

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on March 16, 2021, a true and correct copy of this document was served via the Court's CM/ECF system on counsel for the Plaintiff.

*/s/ Bryan C. Assink*
Bryan C. Assink
