D. Michael Lynn – State Bar ID 12736500
John Y. Bonds, III – State Bar ID 02589100
John T. Wilson, IV – State Bar ID 24033344
Bryan C. Assink – State Bar ID 24089009
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 – Telephone
(817) 405-6902 – Facsimile

ATTORNEYS FOR DEFENDANT JAMES DONDERO

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054-SGJ-11 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | Adversary No.: 21-03003 |
| | § | |
| **JAMES D. DONDERO,** | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT JAMES DONDERO'S EMERGENCY MOTION TO
### CONTINUE DOCKET CALL AND TRIAL AND/OR AMEND SCHEDULING ORDER

Defendant James Dondero ("Dondero" or "Defendant"), hereby files this Emergency Motion to Continue Docket Call and Trial and/or Amend Scheduling Order (the "Motion") with respect to the *Complaint for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate* [Adv. Dkt. 1] (the "Complaint") filed by Plaintiff Highland Capital Management, L.P. ("Plaintiff" or "Debtor") and respectfully states as follows:

## I.     BACKGROUND

1. On January 22, 2021, Plaintiff commenced the above-captioned adversary proceeding by filing the Complaint.

2. On January 25, 2021, the Bankruptcy Court issued the summons and entered its default *Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order* [Dkt. 3] (the "Scheduling Order").

3. Per agreement with the Plaintiff, Defendant's answer deadline was extended to March 16, 2021.

4. On March 16, 2021, Defendant made his first appearance in the case by filing *Defendant James Dondero's Original Answer* [Dkt. 6] (the "Answer") in response to the Complaint.

5. Under the default Scheduling Order, docket call is set for June 14, 2021 with trial set for the week of June 21, 2021. Discovery is required to be completed no later than 45 days before docket call, which is April 30, 2021.

6. The Scheduling Order required the parties to meet and confer under Rule 7026(f) to, among other things, develop a proposed discovery plan and to submit a proposed scheduling order within thirty (30) days of service of the summons. The Debtor did not attempt to confer under Rule 7026(f) and the parties have not conducted such a conference.

7. On March 25, 2021, undersigned contacted the Debtor in an attempt to confer as to a proposed discovery plan and to submit a proposed scheduling order. While Defendant did not appear in the case until March 16, 2021, and despite the Rule 7026(f) conference not having occurred, the Debtor has refused to consider a proposed scheduling order and instead insists that the dates and deadlines contained in the default Scheduling Order should control. While Defendant

understands that Part II, paragraph 3 of the Scheduling Order states that it controls if the parties do not submit a proposed scheduling order, this provision assumes that all parties have appeared at that time, that the Rule 7026(f) conference directed in paragraph 2 has occurred and that, at a minimum, the parties have discussed a discovery plan and the terms of a proposed scheduling order, and that the parties have otherwise complied with the terms of the order.

8. Because Defendant did not appear in the case until March 16, 2021, and the Rule 7026(f) conference has not occurred, Defendant did not believe that docket call and trial would go forward as currently scheduled. Instead, Defendant believed that the parties would meet and confer under Rule 7026(f) to discuss the terms of a proposed scheduling order to give the parties a reasonable period of time in which to conduct discovery and prepare for trial. While Defendant attempted several times to arrange for a reasonable and mutually agreeable proposed scheduling order, the Debtor unfortunately has refused to agree to such a schedule or accommodate Defendant's request.

9. Accordingly, Defendant respectfully requests a modest continuance of docket call and trial—approximately 2-3 months—to allow for a reasonable period of time in which to conduct discovery, prepare for trial, and to accommodate the schedule of Defendant and his counsel.

## II.　RELIEF REQUESTED AND BASIS FOR RELIEF

10. By this Motion, Defendant respectfully requests that the Court amend the Scheduling Order and provide Defendant a modest continuance of docket call and trial—approximately 2-3 months—to allow for an additional and reasonable period of time in which to conduct discovery, prepare for trial, and to accommodate the schedule of Defendant and his counsel.

11. Good cause exists to amend the Scheduling Order and continue docket call and trial as requested herein.

12. First, Defendant believes that discovery will be fairly voluminous and numerous witnesses and potentially experts will need to be deposed, particularly as to the affirmative defenses asserted in Defendant's answer. This is a unique case and the facts and circumstances are far outside of the norm for this type of proceeding. The current Scheduling Order does not provide Defendant sufficient time to, among other things, conduct the necessary discovery, identify and depose necessary witnesses, and otherwise prepare his defenses and prepare for trial.

13. Second, the attorneys at the undersigned firm have a variety of obligations in April 2021, and it would be burdensome on the firm (as well as Defendant) to complete all discovery by April 30 and to proceed to trial in mid-June.

14. For example, the Defendant and his counsel have a conflict during the end of the discovery period in this case due to the setting of the trial on the permanent injunction in the adversary proceeding styled *Highland Capital Management, L.P. v. James Dondero*, Adv. Proc. No. 20-03190 (the "Injunction Suit").

15. In the Injunction Suit, docket call is currently set for May 10, 2021. A joint pretrial order is therefore due no later than May 3, 2021. Exhibits and witnesses shall be exchanged no later than 14 days prior to docket call, or April 26, 2021. Accordingly, Defendant and the undersigned firm will also be occupied in preparing the joint pretrial order, assembling exhibits, and otherwise preparing for trial in the Injunction Suit at the end of April and in early May. This will cause additional hardship to Defendant and the undersigned firm if they are forced to move forward with trial in June in the above-referenced case and to complete discovery within the same

time frame as they are preparing for trial in the Injunction Suit. The Debtor has stated that it will not agree to continue trial in the Injunction Suit.

16. Third, good cause exists to continue trial and enter a revised scheduling order because Defendant does not believe he consented to the default Scheduling Order and the Rule 7026(f) conference has not yet occurred. Defendant did not appear in this lawsuit until March 16, 2021, which is after the date by which parties purportedly consent to the default Scheduling Order (March 8, or 45 days after filing of the adversary proceeding). The Debtor did not confer—or even attempt to confer—under Rule 7026(f) by the time provided in the scheduling order or even after the Defendant filed his answer on March 16, 2021. Accordingly, Defendant does not believe he consented to the terms of the Scheduling Order and it is unclear that this proceeding can move forward as scheduled when the parties have not conducted the Rule 7026(f) conference.

17. Fourth, the Court should grant the continuance and enter a revised scheduling order because this a good faith request and the first and only request for continuance made in this case. This request is not made for the purpose of delay, but instead so that justice may be done and that Defendant and his counsel may have sufficient time to conduct discovery, prepare Defendant's defenses, and prepare for trial.

18. While under normal circumstances Defendant believes this Motion could be heard on normal notice, given the Debtor's hardline position and the fact that discovery in this case may otherwise close on April 30, 2021, Defendant believes the Court should determine this Motion as soon as possible so the parties have sufficient notice of the applicable schedule and deadlines in this case. Concurrently with the filing of this Motion the Defendant is filing a Request for Emergency Hearing and asking that a hearing be set on the Motion as soon as possible (preferably on or before March 31, 2021) as the Court's schedule allows.

## PRAYER

WHEREFORE, Defendant respectfully requests that the Court enter an order (i) granting the Motion, (ii) continuing docket call and trial in this adversary proceeding for approximately 60-90 days as requested herein and continuing all related dates and deadlines, (iii) entering a revised scheduling order consistent with the relief requested herein, (iv) considering this Motion on an emergency basis, and (v) granting Defendant such other and further relief to which he may be justly entitled.

Dated: March 26, 2021                                   Respectfully submitted,

/s/ Bryan C. Assink
D. Michael Lynn – State Bar ID 12736500
John Y. Bonds, III – State Bar ID 02589100
John T. Wilson, IV – State Bar ID 24033344
Bryan C. Assink – State Bar ID 24089009
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
michael.lynn@bondsellis.com
john@bondsellis.com
john.wilson@bondsellis.com
bryan.assink@bondsellis.com

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that, numerous times on March 25-26, 2021, I conferred with counsel for the Plaintiff, Mr. John Morris, regarding the relief requested herein and attempted to come to terms of a proposed scheduling order. Despite undersigned's best efforts, the Plaintiff would not agree to the request or the relief requested by this Motion. Accordingly, the Motion is presented to the Court for its consideration.

/s/ Bryan C. Assink
Bryan C. Assink

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on March 26, 2021, a true and correct copy of this document was served via the Court's CM/ECF system on counsel for the Plaintiff.

*/s/ Bryan C. Assink*
Bryan C. Assink
