BTXN 138 (rev. 03/15)

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re: | § | |
| Highland Capital Management, L.P. and CLO Holdco, Ltd. | § | |
| | § | |
| Debtor(s) | § | Case No.:    19−34054−sgj11 |
| | § | Chapter No.:   11 |
| Highland Capital Management, L.P. | § | |
| Plaintiff(s) | § | Adversary No.:   21−03003−sgj |
| vs. | § | |
| James Dondero | § | Civil Case No.: |
| Defendant(s) | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | § | |
| Plaintiff(s) | § | |
| vs. | § | |
| JAMES D. DONDERO | § | |
| Defendant(s) | § | |
| | § | |

# NOTICE OF TRANSMITTAL REGARDING WITHDRAWAL OF REFERENCE

I am transmitting:

- ☑ One copy of the Motion to Withdraw Reference (USDC Civil Action No. − DNC Case) **NOTE**: A Status Conference has been set for <u>May 25, 2021</u> at <u>1:30pm</u>, in <u>via https://us−courts.webex.com/meet/jerniga</u> before U.S. Bankruptcy Judge <u>Jernigan</u>. The movant/plaintiff, respondent/defendant or other affected parties are required to attend the Status Conference.

- ☐ One copy of: <u>  </u>.

**TO ALL ATTORNEYS:** Fed.R.Bankr.P. 5011(a) A motion for withdrawal of a case or proceeding shall be heard by a district judge, [*implied*] that any responses or related papers be filed likewise.

DATED:  5/4/21                     FOR THE COURT:
                                   Robert P. Colwell, Clerk of Court

                                   by: /s/Sheniqua Whitaker, Deputy Clerk

BTXN 116 (rev. 07/08)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# WITHDRAWAL OF REFERENCE SERVICE LIST

## Transmission of the Record

BK Case No.: _19−34054−sgj11_

Adversary No.: _21−03003−sgj_

Received in District Court by: _____

Date: _____

Volume Number(s): _____

cc: Stacey G. Jernigan
    Robert (Bob) Schaaf
    Nathan (Nate) Elner
    Attorney(s) for Appellant
    US Trustee

**Plaintiff**  HIGHLAND CAPITAL MANAGEMENT, L.P.

Zachery Z. Annable
Hayward PLLC
10501 N. Central Expressway
Suite 106
Dallas, TX 75231
(972) 755−7108

**Defendant**  JAMES D. DONDERO

D. Michael Lynn
John Y. Bonds, III
Clay M. Taylor
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405−6900

BTXN 150 (rev. 11/10)

| | |
|---|---|
| In Re:<br>Highland Capital Management, L.P. and CLO Holdco, Ltd.<br><br>                             Debtor(s)<br><br>Highland Capital Management, L.P.<br>                             Plaintiff(s)<br>      vs.<br>James Dondero<br>                             Defendant(s) | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   Case No.:   19−34054−sgj11<br>  Chapter No.:   11<br><br>  Adversary No.:   21−03003−sgj |

# CIVIL CASE COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| | PLAINTIFF | DEFENDANT |
|---|---|---|
| I. (a) | HIGHLAND CAPITAL MANAGEMENT, L.P. | JAMES D. DONDERO |
| (b) | County of Residence of First Listed Party:<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Party:<br>(IN U.S. PLAINTIFF CASES ONLY) |
| (c) | Attorney's (Firm Name, Address, and Telephone Number)<br>D. Michael Lynn<br>John Y. Bonds, III<br>Clay M. Taylor<br>BONDS ELLIS EPPICH SCHAFER JONES LLP<br>420 Throckmorton Street, Suite 1000<br>Fort Worth, Texas 76102 | Attorney's (If Known)<br>Zachery Z. Annable<br>Hayward PLLC<br>10501 N. Central Expressway<br>Suite 106<br>Dallas, TX 75231<br>(972) 755−7108 |

**II. BASIS OF JURISDICTION**

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
◉ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**

| | | | | | | |
|---|---|---|---|---|---|---|
| Citizen of This State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business In This State | ○ 4 | ○ 4 | |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business In Another State | ○ 5 | ○ 5 | |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 | |

**IV. NATURE OF SUIT**

○ 422 Appeal 28 USC 158
◉ 423 Withdrawal 28 USC 157
○ 890 Other Statutory Actions

**V. ORIGIN**

◉ 1 Original Proceeding
○ 2 Removed from State Court
○ 3 Remanded from Appellate Court
○ 4 Reinstated or Reopened
○ 5 Transferred from another district
○ 6 Multidistrict Litigation
○ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
423 Withdrawal 28 USC 157

Brief description of cause:
Motion to withdraw the reference

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23     DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**

Judge:                           Docket Number:

DATED:   5/4/21

FOR THE COURT:
Robert P. Colwell, Clerk of Court
by: /s/Sheniqua Whitaker, Deputy Clerk

D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
Clay M. Taylor
State Bar I.D. No. 24033261
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

ATTORNEYS FOR DEFENDANT JAMES DONDERO

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | **Adversary No. 21-03003-sgj** |
| | § | |
| **JAMES D. DONDERO,** | § | |
| | § | |
| Defendant. | § | |

## JAMES DONDERO'S MOTION AND MEMORANDUM OF LAW IN SUPPORT TO WITHDRAW THE REFERENCE

D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
Clay M. Taylor
State Bar I.D. No. 24033261
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102

ATTORNEYS FOR DEFENDANT JAMES DONDERO

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES .............................................................................................. ii

INTRODUCTION .............................................................................................................. 2

ARGUMENTS.................................................................................................................... 5

I.   Count I Is Subject To Mandatory Withdrawal Of The Reference. ..................................... 5

II.  There Is Good Cause For Permissive Withdrawal Of The Reference On All Counts........ 7

      1.   Count I Is A State Law Claim That Is Non-Core, Subject To A Jury Trial,
          And Entirely Determinative Of The Turnover Claim; Dondero Demands A
          Jury Trial While Not Consenting To A Jury Trial In The Bankruptcy
          Court. .................................................................................................................. 8

      2.   Uniformity Favors Withdrawal, Withdrawal Would Not Constitute Forum
          Shopping or Present Confusion, and Withdrawal Would Provide The Most
          Efficient, Economical Use of Judicial and Party Resources............................... 10

III. Lastly, The District Court, Hearing The Sole Pending And Determinative Breach Of
      Contract Claim, Is Best Suited To Conduct Pretrial Proceedings. .................................... 11

CONCLUSION.................................................................................................................. 12

CERTIFICATE OF SERVICE ......................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Audubon Indem. Co. v. Custom Site-Prep, Inc.*,
  358 S.W.3d 309 (Tex. App. – Houston [1st Dist.] 2011) ..........................................................4

*Bear, Stearns Sec. Corp. v. Gredd*,
  2001 U.S. Dist. LEXIS 10324, 2001 WL 840187 (S.D.N.Y. July 25, 2001)...........................6

*In re Bella Vita Custom Homes, LLC*,
  No. 3:18-CV-0994-N, 2018 WL 2926149 (N.D. Tex. June 8, 2018)........................................8

*In re Bella Vita Custom Homes*,
  No. 16-34790-BJH, 2018 WL 2966838 (N.D. Tex. May 29, 2018)..........................................8

*In re Brown Med. Ctr., Inc.*,
  No. BR 15-3229, 2016 WL 406959 (S.D. Tex. Feb. 3, 2016)................................................12

*City of Clinton, Ark. v. Pilgrim's Pride Corp.*,
  No. 4:09-CV-386-Y, 2009 WL 10684933 (N.D. Tex. Aug. 18, 2009) ...............................1, 5

*In re Contemporary Lithographers, Inc.*,
  127 B.R. 122 (M.D.N.C. 1991)................................................................................................7

*Curtis v. Cerner Corp.*,
  No. 7:29-CV-00417, 2020 WL 1983937 (S.D. Tex. Apr. 27, 2020).....................................12

*In re EbaseOne Corp.*,
  2006 WL 2405732 (Bankr. S.D. Tex. June 14, 2006) ..........................................................10

*Germain v. Connecticut Nat. Bank*,
  988 F.2d 1323 (2nd Cir. 1993)................................................................................................9

*Granfinanciara v. Nordberg*,
  492 U.S. 33 (1989)..................................................................................................................9

*Great W. Sugar Co. v. Interfirst Bank, Dallas, N.A.*,
  No. 3-85-1755-H, 1985 WL 17671 (N.D. Tex. Nov. 7, 1985).................................................6

*In re Guynes Printing Co. of Tex., Inc.*,
  No. 15-CV-149-KC, 2015 WL 3824070 (W.D. Tex. June 19, 2015) ....................................11

*Holland Am. Ins. Co. v. Succession of Roy*,
  777 F.2d 992 (5th Cir. 1985) ..................................................................................................7

*In re Keener*,
   No. 03-44804, 2008 WL 912933 (Bankr. S.D. Tex. Apr. 2, 2008) ...........................................8

*In re Liljeberg Enters., Inc.*,
   161 B.R. 21 (E.D. La. 1993) ....................................................................................................5

*In re Lopez*,
   No. 09-70659, 2017 WL 3382099 (Bankr. S.D. Tex. Mar. 20, 2017)....................................10

*McManus-Wyatt Produce Co. v. Texas Dep't of Agric. Produce Recovery Fund Bd.*,
   140 S.W.3d 826 (Tex. App. 2004)............................................................................................8

*Met-Al, Inc. v. Hanson Storage Co.*,
   157 B.R. 993 (E.D. Wis. 1993)................................................................................................5

*Mirant Corp. v. The Southern Co.*,
   337 B.R. 107 (N.D. Tex. 2006)................................................................................................7

*In re MPF Holding US, LLC*,
   No. 08–36084–H4–11, 2013 WL 12146958 (Bankr. S.D. Tex. Apr. 26, 2013)......................11

*In re Nat'l Gypsum Co.*,
   145 B.R. 539 (N.D. Tex. 1992)........................................................................................1, 5, 6

*PepsiCo P.R. c. Comm'r*,
   104 T.C.M. (CCH) 322, T.C. Memo 2012-269, *P88, 2012 Tax Ct. Memo LEXIS 270,
   **105 (U.S.T.C. Sep. 20, 2012)................................................................................................3

*Porten v. Comm'r*,
   65 T.C.M. (CCH) 1994 (U.S.T.C. Mar. 3, 1993) .......................................................................3

*In re Royce Homes, LP*,
   578 B.R. 748 (Bankr. S.D. Tex. 2017) ..................................................................................10

*Salloum v. Comm'r*,
   113 T.C.M. (CCH) 1563 (U.S.T.C. June 29, 2017)....................................................................3

*Sibarium v. NCNB Texas Nat'l Bank*,
   107 B.R. 108 (N.D. Tex. 1989).................................................................................................3

*In re Soundview Elite Ltd.*,
   543 B.R. 78 (Bankr. S.D.N.Y. 2016).....................................................................................1, 9

*Stern v. Marshall*,
   564 U.S. 462 (2011)..................................................................................................................9

**Rules and Statutes**

11 U.S.C. § 542 .................................................................................................................4

11 U.S.C. § 542(b) ....................................................................................................1, 2, 4

11 U.S.C. § 553 ...........................................................................................................1, 4

28 U.S.C. § 157(a) .........................................................................................................5

28 U.S.C. § 157(b)(2) .....................................................................................................8

28 U.S.C. § 157(c)(1) ...................................................................................................11

28 U.S.C. § 157(d) ................................................................................................ *passim*

28 U.S.C. § 157(e) .........................................................................................................1

Fed. R. Bankr. P. 5011(a) .............................................................................................1

Pursuant to 28 U.S.C. §§ 157(d) and (e), Federal Rule of Bankruptcy Procedure 5011 and L.B.R 5011-1, Defendant James Dondero ("Dondero") hereby respectfully moves the district court to withdraw the reference of Plaintiff's Complaint from the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") to the United States District Court for the Northern District of Texas (the "District Court").[1]   Withdrawal of the reference is mandatory because: (1) this motion is timely; (2) a non-Bankruptcy Code federal law at issue (here, federal tax law) has more than a *de minimis* effect on interstate commerce; and (3) the proceeding involves a substantial and material question of non-Bankruptcy Code federal law. *In re Nat'l Gypsum Co.*, 145 B.R. 539, 541 (N.D. Tex. 1992); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, No. 4:09-CV-386-Y, 2009 WL 10684933, at *1 (N.D. Tex. Aug. 18, 2009).   The reference should also be withdrawn because Mr. Dondero has a right to a jury trial – which the Bankruptcy Court cannot provide – on the non-core breach of contract claim.   Plaintiff's turnover claim does not change the analysis because resolution of the breach of contract claim is fully determinative of the turnover claim (including the amount of offset Dondero is entitled to per 11 U.S.C. §§ 542(b) and 553), and it is improper to bring a turnover claim "as a Trojan Horse for bringing garden variety contract claims . . ." *In re Soundview Elite Ltd.*, 543 B.R. 78, 97 (Bankr. S.D.N.Y. 2016) (citation omitted).   Finally, it is most efficient for the District Court to hear the case because the matter will be subject to *de novo* review.

---

[1]  This motion for withdrawal "shall be heard by a district judge." Fed. R. Bankr. P. 5011(a). Under Local Bankruptcy Rule 5011-1(a), motions for withdrawal must be filed with the Clerk of the Bankruptcy Court. Accordingly, this motion is addressed to the District Court, but filed in the Bankruptcy Court.

## **INTRODUCTION**

1.      On January 22, 2021, Plaintiff Highland Capital Management, L.P. ("Plaintiff"), commenced this adversary proceeding against Dondero, asserting two causes of action, Count I asserting the state law, non-core breach of contract claim and Count II averring turnover per 11 U.S.C. § 542(b). Dondero, in his subsequent Answer and Amended Answer filed on March 16, 2021 and April 6, 2021, respectively, expressly stated that he did not consent to the Bankruptcy Court entering final orders or judgment, that he did not consent to the Bankruptcy Court conducting a jury trial, and that he demanded a jury trial.[2]

2.      The largest $3.82 million note of the three underlying Notes on which Count I is based, attached to the Complaint as Exhibits 1 – 3, states as follows:

>     4.    Tax Loan.   This Note is paid to the Maker to help satisfy any current tax obligations of a former partner or current partner.

3.      Thus, the funds reflected by the largest of the Notes (and others) were advanced to Dondero, at least in part, to address a tax incurred related to federal partnership tax. The Plaintiff recognizes this in the *Declaration of John A. Morris in Support of the Debtor's Objection to Defendant James Dondero's Emergency Motion to Continue Docket Call and Trial and/or Amend Scheduling Order*,[3] which includes the Plaintiff's monthly operating reports and backup for the same reflecting the nature of the Notes being "DUE FROM OTHER – TAX LOANS" and "Partner Tax Loans."  Further, the balances of the three Notes were to be forgiven pursuant to certain benchmarks being met, including liquidity events.[4]  When forgiven, they would be taxed as compensation.

---

[2] Dkt. No. 6, ¶¶ 3-5, 44, 45; Dkt. No. 16, ¶¶ 3-5, 46, 47.

[3] Dkt. No. 11, pp. 105, 117, 128, 130/130.

[4] Dkt. No. 16, Amended Answer ¶ 40.

4.     Whether the Notes reflect bona fide loans that only become compensation once those benchmarks have been met is a matter determined by federal tax law applicable to the Plaintiff, a Delaware limited partnership, and Dondero, a resident of Texas.  To determine the validity of Dondero's defense to the demand for payment on the Notes, the factfinder will have to hear evidence about the use of forgivable notes as a tax-efficient method of compensation in the private equity industry.[5]  Whether the criteria for effective (not yet taxable) deferred compensation are met will also be pertinent to determining that payment on the Notes is not yet able to be demanded.  Parties "engaging in legitimate tax planning" can design advance agreements with an expectation that the instruments be characterized differently in different jurisdictions for different purposes (*i.e.* "bona fide debt" for U.S. federal income tax purposes while being something else entirely under other law).  *See PepsiCo P.R. c. Comm'r,* 104 T.C.M. (CCH) 322, T.C. Memo 2012-269, *P88, 2012 Tax Ct. Memo LEXIS 270, **105 (U.S.T.C. Sep. 20, 2012) (recognizing the legitimacy of "efforts to secure this hybrid dynamic").

5.     For example, the existence of a forgiveness agreement, or subjecting a loan to partial or total cancellation upon the occurrence of a subsequent event, does not necessarily invalidate that arrangement as "bona fide debt" for federal income tax purposes, *Salloum v. Comm'r,* 113 T.C.M. (CCH) 1563 (U.S.T.C. June 29, 2017); *Porten v. Comm'r*, 65 T.C.M. (CCH) 1994 (U.S.T.C. Mar. 3, 1993), while that same arrangement could, under Texas law, be something "which appears to be a completely integrated agreement" but for which "[w]e may consider parol evidence ' . . . to establish the real consideration given for an instrument.'"

---

[5] *See, e.g., Sibarium v. NCNB Texas Nat'l Bank*, 107 B.R. 108, 110 (N.D. Tex. 1989) ("Before withdrawing the reference, the district court must make an 'affirmative determination' that the relevant non-Code legal issues will require substantial and material consideration, and the Court must be satisfied that consideration of these federal laws requires 'significant interpretation' on the part of the Court . . . Withdrawal should not be made base on 'speculation about . . . issues which may or may not arise and may or may not be germane to resolution' of the proceedings").  This proceeding will revolve around the tax justifications for the deferred compensation agreement that incorporated the subject notes.

*See Audubon Indem. Co. v. Custom Site-Prep, Inc.,* 358 S.W.3d 309, 316 (Tex. App. – Houston [1st Dist.] 2011).   This proceeding will revolve around expert testimony regarding tax-optimized deferred compensation arrangements such as that between the Plaintiff and the Defendant, and will require the Court to analyze both federal tax law and title 11.

6.      Because resolution of this proceeding "requires consideration of both title 11 and other laws of the United States regulating organizations and activities affecting interstate commerce[,]" 28 U.S.C. § 157(d), withdrawal of the reference is mandatory.  Federal tax law has more than a *de minimis* impact upon interstate commerce, and was a driving factor in the transaction between the Delaware and Texas parties in this case and any decision regarding the use of such vehicles as potential future income will have large reverberations within the private equity industry, thus affecting interstate commerce.

7.      Alternatively, because this case involves non-core proceedings of a state law claim (Count I breach of contract) for which Dondero is entitled to a jury trial, the result of which will wholly control the determination of the turnover claim per 11 U.S.C. § 542, including the amount of offset per 11 U.S.C. §§ 542(b) and 553, and because at a minimum, the District Court will be conducting a *de novo* review, cause exists for permissive withdrawal of the reference. Finally, Dondero submits that the reference should be immediately withdrawn inasmuch as: (1) the Bankruptcy Court has not decided any substantive matters related to these claims yet; (2) the inherent nature of Count I and the federal tax issues are not within the specialized expertise of the Bankruptcy Court; and (3) efficiency and expediency would be served when the District Court can efficiently and cost-effectively address the pretrial matters and jury trial which will revolve around the forgivable loan structure driven by federal tax loan implications.

## ARGUMENTS

### I.    Count I Is Subject To Mandatory Withdrawal Of The Reference.

8.     Under 28 U.S.C. § 157(a) and this District's standing order of reference, proceedings arising in, or related to, a case under Title 11 are automatically referred to the Bankruptcy Court.  *See* Misc. Order No. 33.  However, 28 U.S.C. § 157(d) provides for the withdrawal of the reference from the Bankruptcy Court as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

9.     Withdrawal of the reference is mandatory in this case. Under this Court's precedent, a motion to withdraw must be granted when: (1) the motion was timely filed; (2) a non-Bankruptcy Code federal law at issue (here, federal tax law) has more than a *de minimis* effect on interstate commerce; and (3) the proceeding involves a substantial and material question of non-Bankruptcy Code federal law. *In re Nat'l Gypsum Co.*, 145 B.R. 539, 541 (N.D. Tex. 1992); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, No. 4:09-CV-386-Y, 2009 WL 10684933, at *1 (N.D. Tex. Aug. 18, 2009).  All three criteria are met.

10.     First, this Motion is indisputably timely, being filed within a few weeks of the Answer, and before the Bankruptcy Court entered any substantive rulings. *In re Liljeberg Enters., Inc.,* 161 B.R. 21, 27 (E.D. La. 1993) (finding the motion to withdraw reference timely when filed fifty-two days after debtor filed motion to assume); *Met-Al, Inc. v. Hanson Storage Co.*, 157 B.R. 993, 998 (E.D. Wis. 1993) (motion timely when filed five days after filing of amended complaint first alleging Federal statutory claim).

11.     Second, Count I, the state law, non-core, breach of contract claim based upon the three Notes, the balance owed of which is contested and intertwined with federal tax law, has more than a *de minimis* effect on interstate commerce.

12.     Count I necessarily requires the Court to give "substantial and material consideration" to federal tax law – a non-Bankruptcy Code federal law. In Count I, Plaintiff alleges that Dondero failed to pay "the total outstanding principal and accrued but unpaid interest due under the Notes [of] $9,004,013.07," which does not take into effect the related agreements regarding the forgiveness of the Notes that is to occur when certain business benchmarks (which are not in Dondero's control) are met pursuant to an acceptable federal tax plan. [Dkt. No. 1, ¶¶ 20-25.]  These allegations independently mandate withdrawal of the reference. *See Great W. Sugar Co. v. Interfirst Bank, Dallas, N.A.,* No. 3-85-1755-H, 1985 WL 17671, at *2 (N.D. Tex. Nov. 7, 1985) (holding that withdrawal of the reference was mandatory because the resolution of the adversary proceeding required consideration of ERISA and the Internal Revenue Code); *see also In re Nat'l Gypsum Co.,* 145 B.R. at 541-42 (withdrawing the reference when the case necessarily involved a determination of patent claims).  As noted above, to determine the validity of Dondero's defense to the demand for payment on the Notes, the factfinder will have to hear evidence about the use of forgivable notes as a tax-efficient method of compensation in the private equity industry. Whether the relevant criteria are met will also be pertinent to determining whether the Debtor is entitled at this point to demand payment.  Thus, resolution will require consideration of federal tax law that regulates organizations and activities affecting interstate commerce.

13.     That the issues mandating withdrawal of the reference are raised in defense to the Plaintiff's Complaint changes nothing here.  The need to consider those issues drives the § 157(d) analysis. *Bear, Stearns Sec. Corp. v. Gredd*, 2001 U.S. Dist. LEXIS 10324, 2001 WL 840187 (S.D.N.Y. July 25, 2001) (granting defendant's motion to withdraw the reference of a trustee's

avoidance action because resolution of issues raised by defendant required substantial and material consideration of federal securities laws and regulations issued thereunder).  Because resolution of this matter requires material and substantial consideration, interpretation, and application of federal tax law, withdrawal of the reference is mandatory.

## II.     There Is Good Cause For Permissive Withdrawal Of The Reference On All Counts.

14.     If the District Court agrees that withdrawal of the reference on Count I is mandatory, "the interest of courts in trying together all claims arising from the same transaction is adequate cause to exercise discretionary power" to withdraw the reference of the Plaintiff's Complaint in its entirety. *See In re Contemporary Lithographers, Inc.*, 127 B.R. 122, 128 (M.D.N.C. 1991).  But even if the District Court does not agree that withdrawal of the reference is mandatory on Count I, it should withdraw the reference "for cause shown"[6] below.

15.     While "cause" is not defined, the Fifth Circuit Court of Appeals has identified the following factors to consider in determining whether to withdraw the reference: (1) whether the matter is core or non-core; (2) whether the matter involves a jury demand; (3) whether withdrawal would further uniformity in bankruptcy administration; (4) whether withdrawal would reduce forum-shopping and confusion; (5) whether withdrawal would foster economical use of debtors' and creditors' resources; and (6) whether withdrawal would expedite the bankruptcy process. *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir. 1985); *Mirant Corp. v. The Southern Co.,* 337 B.R. 107, 112-113 (N.D. Tex. 2006). As set forth below, the factors weigh heavily in favor of an order to immediately withdraw the reference.

---

[6] 28 U.S.C. § 157(d).

1. **Count I Is A State Law Claim That Is Non-Core, Subject To A Jury Trial, And Entirely Determinative Of The Turnover Claim; Dondero Demands A Jury Trial While Not Consenting To A Jury Trial In The Bankruptcy Court.**

16.     Count I asserts a breach of contract claim on the Notes. All of the Notes are "governed by the laws of the United States of America and by the laws of the State of Texas . . ."[7]  The Texas Constitution guarantees a party to a contract a jury trial, and Mr. Dondero is therefore entitled to a jury trial on Count I. *McManus-Wyatt Produce Co. v. Texas Dep't of Agric. Produce Recovery Fund Bd.*, 140 S.W.3d 826, 833 (Tex. App. 2004) (holding the Texas Constitution, at Art. 1, § 15, and by practice previously, provides a right to jury trial in breach of contract cases, such that a party's "right to defend against [a breach of contract claim], and to bring its own claim for breach of contract, were established rights that could be tried to a jury before the enactment of our constitution in 1876").[8]

17.     Plaintiff contends that Mr. Dondero has no right to a jury trial because its claim is a core proceeding.  Plaintiff is wrong. Its breach of contract claim is non-core.  A claim involving a pre-petition contract (even if the alleged breach is post-petition) is not a core proceeding. *In re Keener*, No. 03-44804, 2008 WL 912933, at *3 (Bankr. S.D. Tex. Apr. 2, 2008) (where a contract entered pre-petition was allegedly breached post-petition, the bankruptcy court, assessing 28 U.S.C. § 157(b)(2), determined the breach of contract claim to be non-core); *In re Bella Vita Custom Homes*, No. 16-34790-BJH, 2018 WL 2966838, at *2 (N.D. Tex. May 29, 2018), report and recommendation adopted sub nom. *In re Bella Vita Custom Homes, LLC*, No. 3:18-CV-0994-N, 2018 WL 2926149 (N.D. Tex. June 8, 2018) (holding the sole cause of action is a breach of contract claim against a non-debtor, which is non-core under 28 U.S.C. § 157(b)(2)).  Bringing a

---

[7] Dkt. No. 1, Exs. 1-3.

[8] We anticipate Debtor may argue that Dondero's filing of proofs of claim (mostly withdrawn) and participation in the Chapter 11 case waived his right to a jury trial in this adversary proceeding.  There is substantial authority to the contrary, which Dondero will address if Debtor so argues.

turnover claim – which if free-standing is a core claim – that is wholly derivative of the contract claim does not transform a non-core matter to a core matter; it is improper to bring a turnover claim "as a Trojan Horse for bringing garden variety contract claims . . ." *In re Soundview Elite Ltd.*, 543 B.R. 78, 97 (Bankr. S.D.N.Y. 2016) (citation omitted). As the bankruptcy court in *Germain v. Connecticut Nat. Bank*, 988 F.2d 1323, 1327 (2nd Cir. 1993) observed, citing *Granfinanciara v. Nordberg*, 492 U.S. 33, 61 (1989): "Neither Congress nor the court may deprive litigants of their constitutional rights simply by labeling a cause of action 'core.'"

18. For example, in *In re Soundview Elite Ltd.*, 543 B.R. 78, 82 (Bankr. S.D.N.Y. 2016), the trustee sought turnover of the debtor's investment in the debtor's wholly owned company. When determining whether the bankruptcy court had the constitutional authority to hear the turnover claim, the SDNY found that, while this "matter [was] close" on this issue, the trustee using turnover to pursue non-core claims was constitutionally inappropriate given *Stern v. Marshall*, 564 U.S. 462 (2011), in substantial part because the amount to be turned over was uncertain. *Soundview,* at 97-8.

19. Here the amount to be turned over is similarly uncertain because it depends on the resolution of the breach of contract claim. The result is that Count I must be tried before a jury, in District Court, to determine what (if any) balance is owed, the result directly driving the turnover claim.

20. Compounding the above with Mr. Dondero's clear demand for a jury trial, and express lack of consent to the Bankruptcy Court entering final orders or holding a jury trial, the result is the first two factors are met.

> **2. Uniformity Favors Withdrawal, Withdrawal Would Not Constitute Forum Shopping or Present Confusion, and Withdrawal Would Provide The Most Efficient, Economical Use of Judicial and Party Resources.**

21. With this proceeding being at-issue for only a few weeks, withdrawing the reference would not at all undermine uniformity in the administration of the bankruptcy. This factor favors withdrawal the earlier it is demanded. *In re EbaseOne Corp.,* 2006 WL 2405732, at *4 (Bankr. S.D. Tex. June 14, 2006) (withdrawal favored when motion to withdraw reference is filed shortly after complaint and court has not reached significant level of familiarity). With Dondero maintaining his right to jury trial, the most efficient and cost-effective path for the parties (including the estate should it successfully collect for creditors) is directly through the District Court presiding over the case, rather than the Bankruptcy Court first addressing the case and then either referring the matter to the District Court for the jury trial and/or for *de novo* review.

22. While it is true that any motion to withdraw the reference is "'[i]n some sense . . . forum shopping[,] . . . '[a] good faith claim of right, even when motivated (at least in part) by a desire for a more favorable decision maker, should not on that basis alone be denied as forum shopping.'" *In re Royce Homes, LP,* 578 B.R. 748, 761 (Bankr. S.D. Tex. 2017) (citation omitted). The critical focus is whether the movant is engaging in bad faith or improper forum shopping by, for example, "'lay[ing] behind the log' to determine how [the Bankruptcy Court] would rule before filing its motion to withdraw the reference." *Id.* Given the early stage of this adversary proceeding, Dondero is plainly not engaging in bad faith or improper forum shopping.[9]

---

[9] *Compare In re Royce Homes, LP,* 578 B.R. at 761 (where party moved quickly to withdraw the reference, before any substantive rulings had been made, party did not engage in bad faith forum shopping) *with In re Lopez,* No. 09-70659, 2017 WL 3382099, at *10 (Bankr. S.D. Tex. Mar. 20, 2017) (holding that confusion was more likely if reference was withdrawn when defendant did not move to withdraw the reference until over one year after adversary proceeding was filed).

23.     From the viewpoint of the efficiency and economical use of resources perspectives, while a turnover claim may be core, the turnover claim is the sidecar to the motorcycle of Count I, the breach of contract claim, in that the turnover claim only goes where the jury on the breach of contract claim goes. The District Court adjudicating the breach of contract claim while the Bankruptcy Court simultaneously hears the turnover claim is obviously the most inefficient, impractical, and expensive path forward. The Bankruptcy Court adjudicating both the non-core, state law, breach of contract claim and the turnover claim would be violative of the applicable law cited earlier in this motion, and further, the Bankruptcy Court would need to submit its recommended findings of fact and conclusions of law on the entirely pivotal breach of contract claim to the District Court, which would then conduct a *de novo* review.  28 U.S.C. § 157(c)(1).

24.     This leaves the only practical and cost-effective manner of proceeding – the District Court conducting a jury trial on both Count I, the non-core, breach of contract claim, while the turnover claim is tried in that same case.[10]

25.     The uniformity, forum shopping, and efficiency factors all favor withdrawal of the reference.

## III.    Lastly, The District Court, Hearing The Sole Pending And Determinative Breach Of Contract Claim, Is Best Suited To Conduct Pretrial Proceedings.

26.     While the District Court does have discretion to allow the Bankruptcy Court to preside over pretrial proceedings, with the District Court then trying the jury trial (*In re Guynes Printing Co. of Tex., Inc.,* No. 15-CV-149-KC, 2015 WL 3824070, at *3 (W.D. Tex. June 19, 2015)), because the case is subject to both mandatory and permissive withdrawal of the reference,

---

[10] *In re MPF Holding US, LLC,* No. 08–36084–H4–11, 2013 WL 12146958, at *3 (Bankr. S.D. Tex. Apr. 26, 2013) (recommending withdrawal, and noting "immediate withdrawal of [the] reference will serve the interests of judicial economy" because it would allow the District Court to familiarize itself with the matter).

with the District Court necessarily conducting the trial, it would be most efficient for the District Court to conduct all pretrial proceedings.

27.     Courts consider the following factors when determining whether the District Court should retain all pretrial matters: (1) does referral promote judicial efficiency; (2) is the Bankruptcy Court familiar with the allegations; and (3) do the allegations require interpretation of federal bankruptcy law.[11] The factors weigh heavily toward the District Court withdrawing the pretrial matters.

28.     First, because the contract claim is dispositive of the turnover claim, and the contract claim requires a jury trial, it is most efficient for the District Court to hear the case from the start. Second, the Bankruptcy Court has not decided any substantive issues on this adversary proceeding yet. Therefore the Bankruptcy Court is no more familiar with the substance of the matter than the District Court can be in relatively short order.

29.     Second, Count I is a breach of contract claim that will require analysis of federal tax law, to determine whether and when the balance on the Notes may be demanded, and various state law doctrine to determine whether the Notes and/or the side agreement regarding the Notes are enforceable. There is no particular area of bankruptcy law expertise required.

## CONCLUSION

WHEREFORE, for the reasons above, Dondero respectfully requests that the District Court enter an order: (1) immediately withdrawing the reference to the Bankruptcy Court per 28 U.S.C. § 157(d), based upon mandatory withdrawal for substantial and material consideration of non-Bankruptcy federal tax laws affecting interstate commerce or permissive withdrawal based on

---

[11] *See Curtis v. Cerner Corp.,* No. 7:29-CV-00417, 2020 WL 1983937, at *5 (S.D. Tex. Apr. 27, 2020); *see also In re Brown Med. Ctr., Inc.,* No. BR 15-3229, 2016 WL 406959, at *2 (S.D. Tex. Feb. 3, 2016) (exercising its discretion to retain all pretrial matters as a means to maintain an active role in the case, gain familiarity with the issues that will be presented for trial, and ensure the efficient use of judicial resources).

pivotal Count I being a non-core, state law claim for which Dondero is entitled to a jury trial; and

(2) granting such further relief as equity and justice requires.

Dated: April 15, 2021                              Respectfully submitted,

                                                  */s/ Clay Taylor*
                                                  D. Michael Lynn
                                                  State Bar I.D. No. 12736500
                                                  John Y. Bonds, III
                                                  State Bar I.D. No. 02589100
                                                  Clay M. Taylor
                                                  State Bar I.D. No. 24033261
                                                  Bryan C. Assink
                                                  State Bar I.D. No. 24089009
                                                  BONDS ELLIS EPPICH SCHAFER JONES LLP
                                                  420 Throckmorton Street, Suite 1000
                                                  Fort Worth, Texas 76102
                                                  (817) 405-6900 telephone
                                                  (817) 405-6902 facsimile
                                                  Email: michael.lynn@bondsellis.com
                                                  Email: john@bondsellis.com
                                                  Email: clay.taylor@bondsellis.com
                                                  Email: bryan.assink@bondsellis.com

                                                  **ATTORNEYS FOR DEFENDANT JAMES DONDERO**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that, on April 15, 2021, he conferred with counsel for the Plaintiff, who opposed the relief requested in this motion.

                                                  */s/ Bryan Assink*
                                                  Bryan Assink

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 15, 2021, a true and correct copy of this document was served via the Court's CM/ECF system on counsel for the Plaintiff.

                                                  */s/ Clay Taylor*
                                                  Clay Taylor

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **Bankruptcy Court** |
| | § | **Case No. 19-34054** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | **Chapter 11** |
| Debtor. | § | |

| | | |
|---|---|---|
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | **Bankruptcy Court** |
| | § | **Adversary Proceeding No.** |
| Plaintiff. | § | **21-03003-sgj** |
| v. | § | |
| | § | **District Court Case No.** |
| **JAMES D. DONDERO,** | § | |
| | § | _____ |
| Defendant. | § | |

## <u>ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE</u>

On April 15, 2021, the above-captioned Defendant filed a Motion to Withdraw the Reference of the Plaintiff's Complaint.  Having considered the motion and the record of this proceeding, it is ORDERED that the motion is GRANTED.  The Court finds that withdrawal of the reference under 28 U.S.C. § 157(d) is mandatory as to Count I of the Plaintiff's Complaint. Because "the interest of courts in trying together all claims arising from the same transaction is adequate cause to exercise discretionary power" to withdraw the reference of the Plaintiff's Complaint in its entirety, *see, e.g., In re Contemporary Lithographers, Inc.*, 127 B.R. 122, 128 (M.D.N.C. 1991), the reference of this adversary proceeding is withdrawn.

SO ORDERED.

Dated _____, 2021,

_____
UNITED STATES DISTRICT JUDGE

Proposed form of order prepared by:

D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
Clay M. Taylor
State Bar I.D. No. 24033261
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: michael.lynn@bondsellis.com
Email: john@bondsellis.com
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**