PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) *(admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Fl.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward, Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable, Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br>v.<br><br>JAMES D. DONDERO,<br><br>Defendant. | Adv. Proc. No. 21-03003-sgi |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

## ADDENDUM TO PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE

Highland Capital Management, L.P., the above-captioned plaintiff (the "Debtor"), by and through its undersigned counsel, hereby files this addendum (this "Addendum") to *Plaintiff's Opposition to Defendant's Motion to Withdraw the Reference* [Docket No. 30 in Adv. Proc. No. 21-03003] (the "Opposition").[2]  In further support of the Opposition, the Debtor represents as follows:

1. To avoid any confusion on the matter, the Debtor seeks to clarify that Mr. Dondero's alleged claim against the Debtor relating to the Notes set forth in his Claim No. 188 filed on May 26, 2020 ("Claim 188") (in addition to his Claim No. 138, one of his other five proofs of claim) was withdrawn with prejudice by Mr. Dondero in December 2020.  *Order Approving Stipulation and Agreed Order Authorizing Withdrawals of Proofs of Claim 138 and 188 Filed By James Dondero* [Debtor's chapter 11 case, Docket No. 1510 (Dec. 4, 2020)] ("December Withdrawal") ("The withdrawal of Claim 138 and Claim 188 with prejudice to refiling such proofs of claim is approved.")  As discussed in the Opposition, by filing Claim 188, Mr. Dondero consented to the Bankruptcy Court's equitable jurisdiction and authority, and in this case, it is irrelevant that Mr. Dondero decided—apparently for strategic reasons—to consensually withdraw Claim 188 in December 2020 (during a highly contentious period of the chapter 11 case, as discussed in the Opposition).  *See* Opposition pp. 13-15.[3]

---

[2] All capitalized terms not defined herein shall have the meanings ascribed to such terms in the Opposition.

[3] Specifically, as set forth in the Opposition (p. 14, n. 14):

> If and to the extent that Mr. Dondero contends that he withdrew or will withdraw certain of his POCs, this is of no moment. Any withdrawal of the POCs does not alter the fact that Mr. Dondero in the first instance took the affirmative action of filing the POCs, seeking a distribution from the estate, and thereby consented to the jurisdiction and authority of the Bankruptcy Court – Mr. Dondero cannot now "unring the bell." Any contrary result would open up the claim administration process to subsequent gamesmanship by creditors (like Mr. Dondero) seeking to manipulate which judge decides a particular matter that they are embroiled in with the debtor. *See, e.g., Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re*

2. Moreover, as also discussed in the Opposition (pp. 14-15), in his *Amended Answer* in the Adversary Proceeding filed on April 4, 2021 [Docket No. 16 in Adv. Proc. No. 21-03003] ("<u>April 2021 Answer</u>") (p. 7, "Plaintiff [Debtor] owes Defendant a debt …."), Mr. Dondero effectively asserted setoffs and claims in the Adversary Proceeding, again consenting to the Bankruptcy Court's equitable jurisdiction.

3. Indeed, the foregoing claim flip-flopping further demonstrates and underscores Mr. Dondero's gamesmanship – first, asserting claims against the Debtor relating to the Notes (in Claim 188 filed in May 2020), second, withdrawing such claims with prejudice (in the December 2020 Withdrawal), and now again asserting claims in his April 2021 Answer.

*[Remainder of Page Intentionally Left Blank]*

---

*Madoff)*, 597 B.R. 466, 477 (Bankr. S.D.N.Y. 2019) (withdrawal of defendant's proof of claim did not strip the bankruptcy court of its equitable jurisdiction that attached at the time of filing); *Enron Corp. v. Citigroup, Inc. (In re Enron Corp.)*, 349 B.R. 108, 114 n.2 (Bankr. S.D. N.Y. 2006) ("The disposition of a claim, alone, does not nullify the consequences of a creditor's invocation of jurisdiction premised upon such claim.")

2

DOCS_LA:337768.1 36027/002

For the reasons set forth herein and in the Opposition, the Debtor respectfully requests that the Court deny Mr. Dondero's Motion and grant such other and further relief as the Court deems just and proper.

Dated:  May 7, 2021.  **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717) (*pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*pro hac vice*)
John A. Morris (NY Bar No. 266326) (*pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email:     jpomerantz@pszjlaw.com
           ikharasch@pszjlaw.com
           jmorris@pszjlaw.com
           gdemo@pszjlaw.com
           hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

3

DOCS_LA:337768.1 36027/002