John Y. Bonds, III
State Bar No. 02589100
Clay M. Taylor
State Bar No. 24033261
Bryan C. Assink
State Bar No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile

ATTORNEYS FOR DEFENDANT JAMES DONDERO

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | |
| **Plaintiff.** | § | |
| | § | |
| **v.** | § | **Adversary No. 21-03003-sgj** |
| | § | |
| **JAMES D. DONDERO** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S NOTICE OF DEPOSITION
OF THE CORPORATE REPRESENTATIVE OF
HIGHLAND CAPITAL MANAGEMENT, L.P.**

TO: Highland Capital Management, L.P., through its counsel of record, Zachery Z. Annable, Hayward PLLC, 10501 N. Central Expy, Ste. 106, Dallas, Texas 75231.

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Bankruptcy Procedure 7030(b)(6), Defendant James Dondero ("Defendant") will take the oral deposition of the corporate representative(s) of Debtor Highland Capital Management, L.P. ("Debtor" or "Highland Capital")

in connection with the above-referenced adversary proceeding on **May 24, 2021, at 9:00 a.m. (Central Time)** or at such other day and time as Defendant determines upon reasonable notice.

The deposition will be taken remotely via an online platform due to the coronavirus pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition and by use of Interactive Realtime. Parties who wish to participate in the deposition should contact Bryan Assink at Bonds Ellis Eppich Schafer Jones LLP no fewer than 48 hours before the start of the deposition for more information regarding participating in this deposition remotely.

Debtor is required to designate one or more individuals to testify on its behalf on each of the topics set forth in the attached Exhibit A.

Dated: May 13, 2021

Respectfully submitted,

*/s/ Bryan C. Assink*

John Y. Bonds, III
State Bar I.D. No. 02589100
Clay M. Taylor
State Bar I.D. No. 24033261
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: john@bondsellis.com
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com

-and-

Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 13, 2021, a true and correct copy of the foregoing document was served electronically on counsel for Plaintiff and all other parties requesting such service in this case.

*/s/* Bryan C. Assink
Bryan C. Assink

**EXHIBIT A**

**EXAMINATION TOPICS**

1. All claims asserted by Highland Capital against Dondero in the above-captioned adversary proceeding.

2. All damages sought by Highland Capital against Dondero, including how those damages were computed.

3. All negotiations or communications related to the execution and/or the terms of the Notes.

4. The identity of all individuals involved in negotiations or communications related to the execution and/or the terms of the Notes.

5. All oral agreements related to the Notes.

6. All demands made on Dondero related to the Notes.

7. Any subsequent agreements or modifications related to the Notes.

8. The consideration provided by the parties to the Notes, including the dates such consideration was delivered.

9. Any defenses or affirmative defenses asserted by Dondero.

10. The purpose or reason that the Notes were executed by Dondero for the benefit of Highland Capital.

11. Any payments made on the Notes.

12. Any efforts or documentation by Highland Capital to treat the Notes as assets of the estate, including any book and records and filings in the Bankruptcy Case evidencing that Debtor treated its payment to Dondero as loans and carried the Notes as assets on its financial statements.

13. Dondero's alleged defaults under the Notes.

14. Any loans made by Highland Capital to Mark Okada and the terms of such loans.

15. Any loans made by Highland Capital to any employees or officers that were forgivable in part or in whole.

16. Any loans made by Highland Capital to any employees or officers that were forgiven in part or in whole.

17. Any agreements relating to forgivable or forgiven notes to Highland officers or employees.

18. Any loans made by Highland Capital to Dondero other than the Notes at issue in this case.

19. The $783,000 payment made by or on behalf of Dondero to Debtor on or about December 23, 2019, including how it was applied and which loan(s) it was applied to.

20. All compensation paid by Highland Capital to Dondero or of which Highland Capital was aware and any agreements related to such compensation.