John Y. Bonds, III
State Bar I.D. No. 02589100
Clay M. Taylor
State Bar I.D. No. 24033261
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: § | | Case No. 19-34054 |
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** § | | Chapter 11 |
| § | | |
| Debtor. § | | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.**, § | | |
| § | | |
| Plaintiff. § | | |
| v. § | | Adversary No. 21-03003-sgj |
| § | | |
| **JAMES D. DONDERO,** § | | |
| § | | |
| Defendant. § | | |

## MOTION TO COMPEL DEPOSITION TESTIMONY FROM JAMES P. SEERY, JR.

James D. Dondero ("Dondero"), the Defendant in the above-captioned adversary proceeding, by and through his counsel, hereby files this motion (the "Motion"), pursuant to Rule 7037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Federal Rule of Civil Procedure 37, for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), compelling James P. Seery, Jr. ("Seery"), corporate representative for Highland Capital Management, L.P. (the "Debtor"), to provide deposition testimony in response to certain deposition topics identified in the informal notice Dondero

provided to the Debtor pursuant Federal Rule of Civil Procedure 30(b)(6). In support of the Motion, Dondero respectfully states as follows:

## INTRODUCTION

1. Dondero files this Motion in advance of the upcoming scheduled deposition of Seery on May 24, 2021 at 10:00 a.m. ET (the "Seery Deposition") and in response to the Debtor's objection to certain deposition topics noticed by Dondero. As explained below, Seery should be compelled to testify to the Deposition Topics in advance of the Seery Deposition to prevent the unnecessary delay of this proceeding, and because the Deposition Topics are both relevant to the parties' claims and defenses and proportional to the needs of the case.

## BACKGROUND

2. On April 30, 2021, Dondero provided informal notice via email to the Debtor requesting to take the deposition of the Debtor's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6), requesting a date for the deposition, and providing a list of deposition topics for examination (the "Deposition Topics"). Attached hereto as **Exhibit B** is the email chain between Dondero's counsel and Debtor's counsel regarding the Seery Deposition, which includes a list of the Deposition Topics.

3. Despite Dondero's repeated attempts to communicate with the Debtor regarding Dondero's requests, Debtor's counsel did not respond until May 11, 2021. At that point, Debtor's counsel identified Seery as the Debtor's corporate representative and provided Seery's availability for the deposition. Notably, in its response, the Debtor objected to Seery's provision of testimony in response to Deposition Topics 1, 9, 14-17, and 20 on the basis that the information sought is not relevant to any party's claim or defense and is otherwise not proportional to the needs of the case. After conferring with Dondero's counsel regarding the Motion, the Debtor withdrew its objection to Seery's provision of testimony in response to

Deposition Topic 1. **Exhibit B** includes an email from Debtor's counsel identifying the Debtor's objections to Deposition Topics 9, 14-17, and 20.

## RELIEF REQUESTED AND BASIS FOR RELIEF

4. Federal Rule of Civil Procedure 26(b)(1), applicable to adversary proceedings pursuant to Bankruptcy Rule 7026, provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

5. Federal Rule of Civil Procedure 37(a), applicable to adversary proceedings pursuant to Bankruptcy Rule 7037, governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling an answer if the deponent fails to answer a question asked under Rule 30. "An evasive or incomplete . . . answer . . . must be treated as a failure to answer." Fed. R. Civ. P. 37(a)(4).

6. Further, "the Court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

7. While the deposition has not yet occurred, by its objection, counsel for the Debtor has signaled that Seery will not answer questions relating to Deposition Topics 9, 14-17, and 20. The Debtor has provided no support for its position that Deposition Topics 9, 14-17, and 20 are not relevant to the parties' claims or defenses and are otherwise not proportional to the needs of the case.

8. Compelling testimony on Deposition Topics 9, 14-17, and 20 in advance of the deposition is necessary to prevent the unnecessary further delay of this proceeding. Should Seery fail to answer questions regarding Deposition Topics 9, 14-17, and 20 at the Seery Deposition, Dondero would be forced to move to compel at a time that would also require seeking an expedited order amending the case schedule set by the Court in order to ensure that Dondero and the Debtor can comply with the terms of the Amended Scheduling Order [ECF No. 18], which set the deadline for completion of fact discovery on May 28, 2021. The potential further delay of this proceeding would again be necessitated by the Debtor's lack of participation with respect to discovery issues. By filing this motion in advance of the Seery Deposition, Dondero simply seeks to prevent the unnecessary additional delay of this proceeding by establishing the parameters of Seery's testimony prior to the Seery Deposition.

9. Moreover, despite the Debtor's unsupported objection, Deposition Topics 9, 14-17, and 20 are entirely relevant to the parties' claims and defenses in this matter. The relevance of each Deposition Topic is addressed below.

### Deposition Topics 9

10. Deposition Topics 9 strikes at the heart of this proceeding: Dondero's defenses. Testimony regarding Deposition Topics 9 is necessary to establish additional information regarding Dondero's defenses and is clearly within the scope of discovery provided by Fed. R. Civ. P. 26(b)(1) as Dondero's defenses are inherently relevant to the proceeding and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Seery should be compelled to provide testimony in response to questions relating to Deposition Topics 9.

### Deposition Topics 14 through 17

11. Deposition Topics 14 through 17 are designed to elicit testimony regarding loans and notes the Debtor made that were either forgivable or later forgiven. Deposition Topics 14

through 17 are relevant to Dondero's affirmative defense that the Debtor entered into an oral agreement to forgive the promissory notes that are the subject of the Debtor's lawsuit, namely by demonstrating that the Debtor commonly entered into oral agreements regarding loan and note forgiveness. Seery should be compelled to provide testimony in response to questions relating to Deposition Topics 14 through 17.

*Deposition Topic 20*

12. Deposition Topic 20 is designed to elicit testimony regarding compensation paid by the Debtor to Dondero and any related agreements. Deposition Topic 20 is relevant to Dondero's affirmative defense that the notes were forgiven as part of Dondero's compensation from the Debtor. Information regarding Dondero's compensation, and any related agreements, is necessary to establish that Dondero was underpaid and that the notes were forgiven as a result of that underpayment. Seery should be compelled to provide testimony in response to questions relating to Deposition Topics 20.

## CONCLUSION

13. WHEREFORE, for the reasons above, Dondero respectfully requests that the Court enter an order: (1) compelling James P. Seery, Jr. to testify to Deposition Topics 9, 14-17, and 20 at his deposition on May 24, 2021 at 10:00 a.m. ET; and (2) granting such further relief as equity and justice requires.

| | |
|---|---|
| Dated: May 14, 2021 | Respectfully submitted, |

/s/ *Bryan C. Assink*
John Y. Bonds, III
State Bar I.D. No. 02589100
Clay M. Taylor
State Bar I.D. No. 24033261
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: john@bondsellis.com
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com

-and-

Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that I have conferred with counsel for the Plaintiff, John Morris, regarding the matters and relief requested in this motion on May 14, 2021. As of the filing of this motion, no agreement has been reached and this motion is opposed.

/s/ *Michael P. Aigen*
Michael P. Aigen

## CERTIFICATE OF SERVICE

The undersigned hereby certified that, on May 14, 2021, a true and correct copy of this document was served via the Court's CM/ECF system on counsel for the Plaintiff.

/s/ *Bryan C. Assink*
Bryan C. Assink