# EXHIBIT B

## Kugler, Logan R.

| | |
|---|---|
| **From:** | John A. Morris <jmorris@pszjlaw.com> |
| **Sent:** | Tuesday, May 11, 2021 5:11 PM |
| **To:** | 'Bryan Assink' |
| **Cc:** | Jeff Pomerantz; Hayley R. Winograd; Gregory V. Demo; Clay Taylor; Deitsch-Perez, Deborah R.; Aigen, Michael P.; Lackey, Paul B. |
| **Subject:** | RE: HCMLP v. Dondero - Adv. Proc. No. 21-03003 - Deposition of Corporate Representative of Highland Capital Management under Rule 30(b)(6) |

**External Email – Use Caution**

Thank you, Bryan.

Please be advised that the Debtor objects to the informal Rule 30(b)(6) topics 1, 9, 14-17, and 20 below on the grounds that the information sought is not relevant to any party's claim or defense and is otherwise not proportional to the needs of the case.

Separately, we believe that Mr. Dondero's request to depose Mr. Klos, Mr. Surgent, and Ms. Hendrix is made solely for purposes of harassment. Indeed, we note that in his (a) responses to the Debtor's Interrogatories, Mr. Dondero identified none of them as persons he believes may have personal knowledge of the Debtor's Purported Agreement to forgive the loans, and (b) Rule 26 disclosures, they were only identified as persons who "potentially" may have knowledge about the claims and defenses in this case. Under these circumstances, there is no basis to take these three fact depositions.

Nevertheless, in order to avoid motion practice, the Debtor is willing to make Mr. Klos available for a three-hour deposition. Please let me know if that's an acceptable resolution and we'll propose a date and time.

The Debtor reserves all rights.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn

1



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

**From:** Bryan Assink [mailto:bryan.assink@bondsellis.com]
**Sent:** Tuesday, May 11, 2021 1:22 PM
**To:** John A. Morris
**Cc:** Jeff Pomerantz; Hayley R. Winograd; Gregory V. Demo; Clay Taylor; Deitsch-Perez, Deborah R.; Aigen, Michael P.; Lackey, Paul B.
**Subject:** RE: HCMLP v. Dondero - Adv. Proc. No. 21-03003 - Deposition of Corporate Representative of Highland Capital Management under Rule 30(b)(6)

John,

The 30(b)(6) topics were listed in my first email, which is included on the chain below.

I will have an update to you soon on the document production. We appreciate your patience.

Mr. Dondero's responses to the Debtor's second set of discovery requests were served on the Debtor on Friday. Attached is the email containing Mr. Dondero's responses.

Best,
Bryan

**From:** John A. Morris <jmorris@pszjlaw.com>
**Sent:** Tuesday, May 11, 2021 11:39 AM
**To:** Bryan Assink <bryan.assink@bondsellis.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Hayley R. Winograd <hwinograd@pszjlaw.com>; Gregory V. Demo <GDemo@pszjlaw.com>; Clay Taylor <clay.taylor@bondsellis.com>; Deitsch-Perez, Deborah R. <deborah.deitschperez@stinson.com>; Aigen, Michael P. <michael.aigen@stinson.com>; Lackey, Paul B. <paul.lackey@stinson.com>
**Subject:** RE: HCMLP v. Dondero - Adv. Proc. No. 21-03003 - Deposition of Corporate Representative of Highland Capital Management under Rule 30(b)(6)

Bryan,

2

1. Mr. Seery will be the corporate representative and will be available to be deposed on May 24 at 10:00 a.m. eastern.  I don't believe I've seen a list of 30(b)(6) topics.  If I missed it, please re-send.  Otherwise, send as soon as possible.
2. When will Mr. Dondero complete document production?  This the Debtor's last request.
3. I don't believe we have received any response to the discovery served on April 7; it was due on May 7.  If I missed it, please re-send.  Otherwise, when can you commit to providing complete responses?
4. We will take Mr. Dondero's request for the depositions of Mr. Klos, Mr. Surgent, and Ms. Hendrix under advisement.

The Debtor reserves all rights to object to Mr. Dondero's discovery requests.

Regards,

John


**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

---

**From:** Bryan Assink [mailto:bryan.assink@bondsellis.com]
**Sent:** Tuesday, May 11, 2021 10:47 AM
**To:** John A. Morris
**Cc:** Jeff Pomerantz; Hayley R. Winograd; Gregory V. Demo; Clay Taylor; Deitsch-Perez, Deborah R.; Aigen, Michael P.; Lackey, Paul B.
**Subject:** RE: HCMLP v. Dondero - Adv. Proc. No. 21-03003 - Deposition of Corporate Representative of Highland Capital Management under Rule 30(b)(6)

John,

Following-up on this matter one more time. Can you please let me know today when HCMLP's corporate representative is available for a deposition on one of the dates below? If we don't hear back today, we will have to just notice the deposition.

We would also like to take the depositions of Klos, Hendrix, and Surgent that same week. Can you please let me know when they can be made available for a deposition?

Thank you,
Bryan

---

**From:** Bryan Assink
**Sent:** Thursday, May 6, 2021 3:36 PM
**To:** 'John A. Morris' <jmorris@pszjlaw.com>
**Cc:** 'Jeff Pomerantz' <jpomerantz@pszjlaw.com>; 'Hayley R. Winograd' <hwinograd@pszjlaw.com>; 'Gregory V. Demo' <GDemo@pszjlaw.com>; Clay Taylor <clay.taylor@bondsellis.com>; 'Deitsch-Perez, Deborah R.' <deborah.deitschperez@stinson.com>; 'Aigen, Michael P.' <michael.aigen@stinson.com>; 'Lackey, Paul B.' <paul.lackey@stinson.com>
**Subject:** RE: HCMLP v. Dondero - Adv. Proc. No. 21-03003 - Deposition of Corporate Representative of Highland Capital Management under Rule 30(b)(6)

John,

I am just circling back on this as I don't believe we've gotten a response. When you get a chance, can you please let me know when HCMLP's corporate representative is available for a deposition on May 24, 26, or 27? Thank you.

Best,
Bryan

---

**From:** Bryan Assink
**Sent:** Friday, April 30, 2021 4:12 PM
**To:** 'John A. Morris' <jmorris@pszjlaw.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Hayley R. Winograd <hwinograd@pszjlaw.com>; Gregory V. Demo <GDemo@pszjlaw.com>; Clay Taylor <clay.taylor@bondsellis.com>; 'Deitsch-Perez, Deborah R.' <deborah.deitschperez@stinson.com>; Aigen, Michael P. <michael.aigen@stinson.com>; Lackey, Paul B. <paul.lackey@stinson.com>
**Subject:** HCMLP v. Dondero - Adv. Proc. No. 21-03003 - Deposition of Corporate Representative of Highland Capital Management under Rule 30(b)(6)

John,

We would like to take the deposition of HCMLP's corporative representative under FRCP 30(b)(6), as incorporated into this proceeding through FRBP 7030. Can you let us know which of May 24, 26, or 27 works for HCMLP's representative for a deposition? The topics of examination are listed below.

1. All claims asserted by Highland Capital against Dondero in the above-captioned adversary proceeding.

2. All damages sought by Highland Capital against Dondero, including how those damages were computed.

3. All negotiations or communications related to the execution and/or the terms of the Notes.

4. The identity of all individuals involved in negotiations or communications related to the execution and/or the terms of the Notes.

5. All oral agreements related to the Notes.

6. All demands made on Dondero related to the Notes.

7. Any subsequent agreements or modifications related to the Notes.

8. The consideration provided by the parties to the Notes, including the dates such consideration was delivered.

9. Any defenses or affirmative defenses asserted by Dondero.

10. The purpose or reason that the Notes were executed by Dondero for the benefit of Highland Capital.

11. Any payments made on the Notes.

12. Any efforts or documentation by Highland Capital to treat the Notes as assets of the estate, including any book and records and filings in the Bankruptcy Case evidencing that Debtor treated its payment to Dondero as loans and carried the Notes as assets on its financial statements.

13. Dondero's alleged defaults under the Notes.

14. Any loans made by Highland Capital to Mark Okada and the terms of such loans.

15. Any loans made by Highland Capital to any employees or officers that were forgivable in part or in whole.

16. Any loans made by Highland Capital to any employees or officers that were forgiven in part or in whole.

17. Any agreements relating to forgivable or forgiven notes to Highland officers or employees.

18. Any loans made by Highland Capital to Dondero other than the Notes at issue in this case.

19. The $783,000 payment made by or on behalf of Dondero to Debtor on or about December 23, 2019, including how it was applied and which loan(s) it was applied to.

20. All compensation paid by Highland Capital to Dondero or of which Highland Capital was aware and any agreements related to such compensation.

Best,
Bryan

**Bryan C. Assink, Associate**
**Bonds Ellis Eppich Schafer Jones LLP**
420 Throckmorton St. | Suite 1000 | Fort Worth, Texas 76102
office 817.779.4297 | fax 817.405.6902
bryan.assink@bondsellis.com