PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> JAMES DONDERO, <br><br> Defendant. | Adversary Proceeding No. <br><br> 21-03003-sgj11 |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

**DEBTOR'S OBJECTION TO MOTION TO COMPEL DEPOSITION TESTIMONY OF JAMES P. SEERY, JR.**

Plaintiff Highland Capital Management, L.P., the debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Bankruptcy Case") and the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), hereby objects (the "Objection") to the *Motion to Compel Deposition Testimony of James P. Seery, Jr.* [Docket No. 35][2] (the "Motion") filed by James Dondero (hereinafter "Mr. Dondero").[3] In support of its Objection, the Debtor respectfully states as follows:

**PRELIMINARY STATEMENT**

1. This is a collection action pursuant to which the Debtor seeks to collect millions of dollars loaned to Mr. Dondero pursuant to three demand notes.

2. In written discovery, Mr. Dondero has admitted that (a) he signed the Notes, (b) the Debtor delivered, and Mr. Dondero received, cash equal to the face amount of the Notes, (c) he partially performed under one or more of the Notes by making at least one payment to the Debtor, (d) the Debtor demanded payment under the Notes, and (e) he failed to comply with the Debtor's demand. On the basis of these admissions and other facts, the Debtor expects to move for and obtain summary judgment.

3. Mr. Dondero has proffered a number of specious defenses. For example, he contends that the Debtor's claims are barred by waiver and "estoppel" even though (a) he offers no facts to support these defenses and (b) each are completely undermined by the Debtor's

---

[2] Refers to the docket in the Adversary Proceeding.

[3] The Motion is procedurally improper insofar as it purports to be directed at "James P. Seery, Jr." even though it seeks to compel the testimony of a corporate representative on certain topics under Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)"). While Mr. Seery will likely be the Debtor's corporate representative, there is no legal basis justifying Mr. Dondero's decision to direct his Motion at Mr. Seery.

1

continuous treatment of Mr. Dondero's obligations as assets of the estate. He also claims that the Debtor's claims fail for lack of consideration – even though he has expressly admitted that he received cash from the Debtor equal to the face amount of the Notes.

4. Mr. Dondero's most notorious defense – which came in two parts as Mr. Dondero desperately searched for a safe space – is that **he agreed on behalf of the Debtor** to "forgive" his own obligations under the Notes until an unwritten and undisclosed "condition subsequent" occurred; namely, the completion of the liquidation of certain assets. For the reason set forth below, and as will ultimately be proven, this "affirmative defense" has no basis in fact and is made in bad faith.

5. Faced with an imminent judgment against him, Mr. Dondero is flailing. Among other things, his counsel served an informal list of twenty (20) topics under Fed. R. Civ. P. 30(b)(6) for which the Debtor is expected to undertake the burden of preparing a witness.[4] Since Mr. Dondero will ultimately be forced to bear the cost of his conduct in this case because the Notes require him to bear the Debtor's costs of collection, the Debtor did not seek a protective order but did object to a handful of the topics.

6. In response, Mr. Dondero filed the Motion. For the reasons set forth below, the Motion should be denied because the Topics are either (a) vague or ambiguous such that the Debtor cannot reasonably be expected to prepare a witness; or (b) concern plainly irrelevant matters.

## STATEMENT OF FACTS

**A.    THE DONDERO NOTES**

7. Mr. Dondero is the maker of a series of demand notes in favor of the Debtor as follows:

---

[4] Mr. Dondero also served three separate notices containing dozens of documents requests, most of which are patently improper (such as seeking information about the Debtor's assets). The Debtor will serve its objections in due course and reserves the right to seek relief if and when it deems appropriate.

- On February 2, 2018, the Debtor transferred $3,825,000 to Mr. Dondero in exchange for a promissory note in favor of the Debtor, as payee, in the original principal amount of $3,825,000 ("Dondero's First Note");

- On August 1, 2018, the Debtor transferred $2,500,000 to Mr. Dondero in exchange for a promissory note in favor of the Debtor, as payee, in the original principal amount of $2,500,000 ("Dondero's Second Note"); and

- On August 13, 2018, the Debtor transferred $2,500,000 to Mr. Dondero in exchange for a promissory note in favor of the Debtor, as payee, in the original principal amount of $2,500,000 ("Dondero's Third Note" and collectively with Dondero's First Note and Dondero's Second Note, the "Notes").

8. Section 2 of each Note contains an identical provision stating that each Note is a "demand" note that is payable, without conditions, upon the Debtor's demand: "**Payment of Principal and Interest**. The accrued interest and principal of this Note shall be due and payable on demand of the Payee."

9. Each Note also provides that upon default, all principal and interest immediately accelerates and becomes due and payable without notice:

> **Acceleration Upon Default**. Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of the Payee in exercising any right, power, or privilege hereunder shall operate as a waiver hereof.

10. Each Note also provides that if the Note is not paid at maturity and "is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court," then Mr. Dondero shall also pay the Debtor's costs and expenses of collection, including reasonable attorneys' fees:

> **Attorneys' Fees**. If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing

3

hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

**B.    MR. DONDERO DEFAULTS UNDER EACH NOTE**

11.    By letter dated December 3, 2020, the Debtor made demand on Mr. Dondero for payment under the Notes by December 11, 2020 (the "Demand Letter").  The Demand Letter provided:

> By this letter, Payee is demanding payment of the accrued interest and principal due and payable on the Notes in the aggregate amount of $9,004,013.07, which represents all accrued interest and principal through and including December 11, 2020.
>
> **Payment is due on December 11, 2020, and failure to make payment in full on such date will constitute an event of default under the Notes.**

12.    Despite the Debtor's demand, Mr. Dondero did not pay all or any of the amounts demanded by the Debtor on December 11, 2020, or at any time thereafter.

13.    As of December 11, 2020, the total outstanding principal and accrued but unpaid interest due under the Notes was $9,004,013.07.  Interest and expenses (including the cost of collection) continue to accrue on the Notes.

14.    Pursuant to the terms of each Note, each Note is in default, and is currently due and payable.

**C.    THE DEBTOR COMMENCES THIS ADVERSARY PROCEEDING, AND MR. DONDERO PROFFERS CHANGING AND SPECIOUS DEFENSES WHILE ADMITTING LIABILTY**

15.    On January 22, 2021, the Debtor commenced this Adversary Proceeding to collect on the amounts due under the Notes by filing its *Complaint for (I) Breach of Contract and (ii) Turnover of Property of the Debtor's Estate* [Docket No. 1] (the "Complaint").  **Morris Ex. 1**.  In its Complaint, the Debtor seeks: (a) damages from Mr. Dondero in an amount equal to (i) the aggregate outstanding principal due under the Notes, plus (ii) all accrued and unpaid interest thereon until the date of payment, plus (iii) an amount equal to the Debtor's cost of collection

4

(including all court costs and reasonable attorney's fees and expenses) for Mr. Dondero's breach of his obligations under the Notes, and (b) turnover by Mr. Dondero to the Debtor of the foregoing amounts.

16. On March 16, 2021, Mr. Dondero filed his "Original Answer" [Docket No. 6] (the "Original Answer"). **Morris Ex. 2**. In his Original Answer, Mr. Dondero proffered the following affirmative defenses:

- "Defendant asserts that Plaintiff's claims should be barred because it was previously agreed by Plaintiff that Plaintiff would not collect on the Notes" (the "Forgiveness Defense");

- "Defendant further asserts that Plaintiff's claims are barred, in whole or in part, due to waiver;"

- "Defendant further asserts that Plaintiff's claims are barred, in whole or in part, due to estoppel;" and

- "Defendant further asserts that Plaintiff's claims are barred, in whole or in part, due to failure of consideration."

*Id*. ¶¶40-43.

17. Thereafter, the Debtor served written discovery. On April 28, 2021, Mr. Dondero served his *Objections and Responses to Highland Capital Management L.P.'s First Request for Admissions* (the "RFA Response No. 1"). **Morris Ex. 3**.

18. In his RFA Response No. 1, Mr. Dondero effectively admitted to liability by admitting to the following facts:

- The Debtor possessed true and correct copies of each of the Notes (*Id*. **(Responses 1, 5, and 9)**);

- The Debtor transferred to Mr. Dondero cash equal to the face amount of each Note in exchange for each Note (*Id*. **Responses 2, 6, and 10**); and

- The Debtor sent a letter on December 3, 2020, making a demand on each of the Notes (*Id*. **(Response 13)**).

19. Importantly, Mr. Dondero was also forced to admit to a fact that invalidated the Forgiveness Defense. In particular, the Debtor sought discovery on whether Mr. Dondero paid taxes on the amounts forgiven because that would unquestionably have been required. With no choice, Mr. Dondero admitted that neither he "nor any entity he owns and/or controls paid any federal or state incomes taxes" on the amounts received in exchange for the Notes. *Id.* **(Responses 4, 8, and 12)**.[5]

20. Stripped of any chance of success, Mr. Dondero attempted to move the goal posts. On April 6, 2021, Mr. Dondero served his *Amended Answer* [Docket No. 16] (the "<u>Amended Answer</u>"). **Morris Ex. 5.**

21. In his Amended Answer, Mr. Dondero modified his Forgiveness Defense, adding the bold language: "Defendant asserts that Plaintiff's claims should be barred because it was previously agreed by Plaintiff that Plaintiff would not collect on the Notes **upon fulfillment of conditions subsequent**." *Id*. ¶40.[6]

22. The Debtor immediately served additional discovery seeking information about, among other things, the "conditions subsequent" that Mr. Dondero added to his Forgiveness Defense. In response, Mr. Dondero asserted the following:

> The conditions subsequent referred to in paragraph 40 of the Amended Answer refer to the disposition of the portfolio company interests managed and/or controlled, directly or indirectly, by Highland and/or its affiliates or managed funds on a favorable basis or on a basis wholly outside Dondero's control.

**Morris Ex. 6 (Response 1)**.

---

[5] In response to one of the Debtor's interrogatories, Mr. Dondero contended that the alleged "agreement" to forgive the debts under the Notes was entered into on behalf of the Debtor by Mr. Dondero himself. In other words, Mr. Dondero, simultaneously acting on behalf of himself *and* the Debtor, agreed that the Debtor would forgive him from paying back the millions of dollars he received in exchange for the Notes. **Morris Ex. 4 (Response 1)**. The absurdity of this contention speaks for itself.

[6] Mr. Dondero also added as affirmative defenses (a) setoff, and (b) the contention that each Note is ambiguous. Morris Ex. 5 ¶¶41, 45.

23. To summarize, based on his Original Answer, his Amended Answer, and his responses to the Interrogatories, Mr. Dondero contends that he does not have to pay the Debtor millions of dollars loaned to him in exchange for demand Notes because he subsequently "agreed" on the Debtor's behalf that he would be relieved of any obligation to pay until the completion of the "disposition of the portfolio company interests . . . on a favorable basis or on a basis wholly outside Dondero's control" (the "<u>Amended Forgiveness Defense</u>").

24. On April 30, 2021, Mr. Dondero's counsel sent an informal list of twenty (20) Rule 30(b)(6) topics. On May 11, 2021, the Debtor objected to Topics 1, 9, 14-17, and 20. Motion Ex. B. In a subsequent "meet and confer" call, the Debtor withdrew its objection to Topic 1. Motion ¶3.

D. <u>**THE DEBTOR CANNOT PREPARE A WITNESS FOR TOPIC 9**</u>

25. Topic 9 seeks testimony concerning "[a]ny defenses or affirmative defenses asserted by Dondero." Motion Ex. B. In his Motion, Mr. Dondero does not expound on his defenses, contending only that this Topic goes to "the heart of this proceeding" and that it is "relevant." Motion ¶10. These contentions miss the point: the Topic 9 improperly requires the Debtor to prepare a witness to testify about *Mr. Dondero's* own vague and ambiguous defenses.[7] The Debtor could not do that even if ordered to do so.

26. For example, Mr. Dondero asserts that the Debtor has "waive[]d" its right to collect on the Notes. But Mr. Dondero does not provide any facts to support his defense, including (a) when the waiver allegedly occurred, and (b) what the Debtor did to intentionally waive its right to collect millions of dollars.

---

[7] Rule 30(b)(6) requires that notice directed to an organization "must describe with reasonable particularity the matters for examination." For the reasons set forth below, Topic 9 does not meet this standard.

27. Similarly, Mr. Dondero contends that the Debtor should be "estopped" from collecting on the Notes without providing any factual support for the defense. **Morris Ex. 5 ¶¶42-43**. There is simply no way for the Debtor to prepare a witness on Mr. Dondero's vague and unsupported defenses.

28. Mr. Dondero also contends that the Debtor's claims are barred "in whole or in part, due to failure of consideration." *Id*. **¶44**. But Mr. Dondero has already admitted to facts that invalidate this defense. **Morris Ex. 4** (Response 3, admitting that "Dondero received the funds evidenced in each Note on or about the date that each Note was entered into by the parties to the Notes.").

29. Next, Mr. Dondero now contends in his Amended Answer that the Debtor should be barred from recovering on the Notes because each Note is allegedly "ambiguous." **Morris Ex. 5 ¶45**. But (a) Mr. Dondero has already admitted to having partially performed[8] and (b) in any event, any such defense is legal in nature for the Court to decide.

30. Based on the forgoing, Topic 9 does not comply with Rule 30(b)(6) because the Debtor cannot reasonably be expected to prepare a witness on Mr. Dondero's vague, invalid, or legal defenses.

E.     **TOPICS 14-17 ARE IRRELEVANT TO THIS PROCEEDING**

31. According to Mr. Dondero, Topics 14-17 are "designed to elicit testimony regarding loans and notes the Debtor made that were forgivable or later forgiven." Motion ¶11. These Topics do not comply with Federal Rule of Civil Procedure 26(b)(1) ("Rule 26") or Rule 30(b)(6) and are irrelevant and improper for at least five independent reasons.

---

[8] *See* **Morris Ex. 7** (Response 1 admitting that Mr. Dondero made a payment to the Debtor in December 2019, "a portion of which was applied to reduce principal and/or interest due under one or more of the Notes").

32. ***First***, by their terms, the Notes are payable upon "demand." Mr. Dondero cites no law or precedent that would allow him to negate the plain and unambiguous terms of the Notes by relying on the vague and unsubstantiated treatment of others, and the Debtor submits no such law or precedent exists.

33. ***Second***, on its face, Mr. Dondero's contention that he could bind the Debtor to a subsequent agreement to forgo collection under Notes for which he admits receiving millions of dollars is neither credible nor enforceable as the Debtor would simply have claims for fraudulent transfer, unjust enrichment, and breach of fiduciary duty. In any event, Mr. Dondero offers no evidence to establish that such an agreement ever existed.

34. ***Third***, the Debtor has already proven that its books and records – prepared both while Mr. Dondero controlled the Debtor and after – continuously treated the Notes as assets of the estate. *See Debtor's Objection to Defendant James Dondero's Emergency Motion to Continue Docket Call and Trial and/or Amend Scheduling Order* [Docket No. 10] ¶¶28-38 and the extensive documentation in support thereof, including e-mails, monthly reporting packages, the Debtor's schedules and monthly operating reports filed in the bankruptcy case, and loan summaries. Mr. Dondero does not address any of this evidence or provide a plausible explanation of how he can reconcile this evidence with his Amended Forgiveness Defense.

35. ***Fourth***, Mr. Dondero has admitted that he made at least one payment against the Notes after the Petition Date, thereby proving that the Notes were not forgiven. **Morris Ex. 7** (Response 1 admitting that Mr. Dondero made a payment to the Debtor in December 2019, "a portion of which was applied to reduce principal and/or interest due under one or more of the Notes"). Mr. Dondero does not – and cannot reconcile his concession that he partially performed under the Notes while also claiming that he agreed on behalf of the Debtor to forgive the obligations due under the Notes.

9

36. ***Fifth,*** assuming for purposes of argument only that prior, unidentified loans were forgiven, none of them were forgiven on the same basis that Mr. Dondero claims because his "condition subsequent" (the liquidation of certain assets) is based on a future event that has not occurred. Thus, the other alleged "forgiven" loans would necessarily have different terms and therefore cannot be relevant here.

37. ***Finally***, even if his Amended Forgiveness Defense was credible and viable – which it is not -- Mr. Dondero offers no specifics, just generalized assertions that render it impossible for the Debtor to prepare a witness. For example, Mr. Dondero does not name a single person who received a "forgivable" loan nor does he identify any prior loan that he personally obtained that was forgiven (of course, Mr. Dondero would have to provide evidence that he paid income taxes on all amounts previously forgiven).

38. Based on (a) the plain language of the Notes, (b) the lack of credibility of the Amended Forgiveness Defense, (c) the unrebutted documentary evidence proving that the Debtor has always carried Mr. Dondero's obligations under the Notes as assets of the estate, (d) Mr. Dondero's admission that he partially performed under the Notes, (e) the differences in the reasons for the alleged forgiveness of the loans, and (f) Mr. Dondero's failure to identify any person or any loan that the Debtor ever forgave, Topics 14-17 do not comply with Rule 26 or Rule 30(b)(6) because they seek information unrelated to a viable defense and are otherwise so vague as to render it impossible to prepare a witness.

## F. <u>TOPIC 20 IS IRRELEVANT</u>

39. In Topic 20, Mr. Dondero seeks to "elicit testimony regarding compensation paid by the Debtor to" Mr. Dondero because such information is allegedly "relevant to Dondero's affirmative defense that the Notes were forgiven as part of Dondero's compensation from the

Debtor." Motion ¶12. Mr. Dondero should read his own affirmative defense. Topic 20 is irrelevant and therefore fails to comply with Rule 26.

40. The Amended Forgiveness Defense is no longer a defense that Mr. Dondero's obligations under the Notes have been "forgiven." Rather, it is an assertion that Mr. Dondero's obligation have been deferred until the occurrence of a "condition subsequent." *See* **Morris Ex. 2 ¶40**.

41. Moreover, neither the Amended Forgiveness Defense (***Id***.), nor Mr. Dondero's response to the applicable interrogatory refer or relate in any way to Mr. Dondero's compensation. *See* **Morris Ex. 6 (Response 1)**.

42. Based on the foregoing, Topic 20 is not relevant to Mr. Dondero's stated defenses.

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court deny the Motion and grant such other and further relief as the Court deems just and proper under the circumstances.

| | |
|---|---|
| Dated: May 18, 2021. | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | Jeffrey N. Pomerantz (CA Bar No.143717)<br>Ira D. Kharasch (CA Bar No. 109084)<br>John A. Morris (NY Bar No. 2405397)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>E-mail:  jpomerantz@pszjlaw.com<br>           ikharasch@pszjlaw.com<br>           jmorris@pszjlaw.com<br>           gdemo@pszjlaw.com<br>           hwinograd@pszjlaw.com |
| | -and- |
| | **HAYWARD PLLC** |
| | */s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110 |
| | *Counsel for Highland Capital Management, L.P.* |