Deborah Deitsch-Perez – State Bar ID 24036072
Michael P. Aigen – State Bar ID 24012196
**STINSON LLP**
3102 Oak Lawn Ave, Suite 777
Dallas, Texas 75219
(214) 560-2201 – Telephone
(214) 560-2203 – Facsimile

-AND-

Clay M. Taylor – State Bar ID 24033261
Bryan C. Assink – State Bar ID 24089009
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 – Telephone
(817) 405-6902 – Facsimile

ATTORNEYS FOR DEFENDANT JAMES DONDERO

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054-SGJ-11 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | |
| | § | **Adversary No.: 21-03003** |
| **JAMES DONDERO, NANCY DONDERO,** | § | |
| **AND THE DUGABOY INVESTMENT TRUST** | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT JAMES DONDERO'S ANSWER TO AMENDED COMPLAINT

Defendant James Dondero ("James Dondero"), defendant in the above-styled and numbered adversary proceeding (the "Adversary Proceeding") filed by Highland Capital Management, L.P. (the "Plaintiff"), hereby files this Answer (the "Answer") responding to the

*Amended Complaint for (I) Breach of Contract and (II) Turnover of Property (III) Fraudulent Transfer, and (IV) Breach of Fiduciary Duty* [Adv. Dkt. 73] (the "<u>Amended Complaint</u>"). Where an allegation in the Amended Complaint is not expressly admitted in this Amended Answer, it is denied.

In filing this Answer, Defendant James Dondero does not waive any rights to compel arbitration, as set forth in Defendants' Motion to Compel Arbitration [Adv. Dkt. 80], filed on September 1, 2021.[1]

## PRELIMINARY STATEMENT

1. The first sentence of paragraph 1 of the Amended Complaint sets forth the Plaintiff's objective in bringing the Amended Complaint and does not require a response. To the extent it contains factual allegations, they are denied. The second sentence contains a legal conclusion that does not require a response. To the extent it contains factual allegations, they are denied.

2. Defendant James Dondero admits that he amended his answer and served sworn responses to interrogatories and that these documents speak for themselves. To the extent paragraph 2 alleges other facts, Defendant James Dondero lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Amended Complaint and therefore denies the same.

3. Defendant James Dondero denies the allegations in paragraph 3 of the Amended Complaint.

---

[1] *Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656 (5th Cir. 1995) (Defendant did not substantially invoke the judicial process and waive its right to arbitration despite removal of action to federal court, filing motion to dismiss, filing motion to stay proceedings, answering plaintiff's complaint, asserting counterclaim, and exchanging discovery); *Keytrade USA, Inc. v. AIN Temouchent M/V*, 404 F.3d 891 (5th Cir. 2005) (Arbitration not waived when defendant filed a 100-plus page motion for summary judgment and a concurrent motion to arbitrate); *Gulf Guaranty Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476 (5th Cir. 2002) (no waiver of arbitration right when the party seeking arbitration did no more than defend itself against the claims made against it).

4. Paragraph 4 of the Amended Complaint contains a summary of the relief the Plaintiff seeks and does not require a response. To the extent it contains factual allegations, they are denied.

5. Paragraph 5 of the Amended Complaint contains a summary of the relief the Plaintiff seeks and does not require a response. To the extent it contains factual allegations, they are denied.

## JURISDICTION AND VENUE

6. Defendant James Dondero admits that this Adversary Proceeding relates to the Plaintiff's bankruptcy case but denies any implication that this fact confers Constitutional authority on the Bankruptcy Court to adjudicate this dispute. Any allegations in paragraph 6 not expressly admitted are denied.

7. Defendant James Dondero admits that the Court has statutory (but not Constitutional) jurisdiction to hear this Adversary Proceeding. Any allegations in paragraph 7 not expressly admitted are denied.

8. Defendant James Dondero denies that a breach of contract claim is core. Defendant James Dondero denies that a § 542(b) turnover proceeding is the appropriate mechanism to collect a contested debt. Defendant James Dondero admits that a § 542(b) turnover proceeding is statutorily core but denies that it is Constitutionally core under *Stern v. Marshall*. Defendant James Dondero does not consent to the Bankruptcy Court entering final orders or judgment in this Adversary Proceeding. Any allegations in paragraph 8 not expressly admitted are denied.

9. Subject to the Defendants' Motion to Compel Arbitration, Defendant James Dondero admits paragraph 9 of the Amended Complaint.

## THE PARTIES

10. Defendant James Dondero admits the allegations in paragraph 10 of the Amended Complaint.

11. Defendant James Dondero admits the first and second sentences of the allegations in paragraph 11 of the Amended Complaint. The third sentence of paragraph 11 asserts a legal conclusion to which no response is required. To the extent a response is required or appropriate, Defendant James Dondero admits that he was the President of the Debtor's General Partner, Strand Advisors, Inc. and the Debtor's CEO until his resignation on January 9, 2020. Defendant James Dondero denies any remaining allegations contained in paragraph 11.

12. Defendant James Dondero admits the allegations in paragraph 12 of the Amended Complaint.

13. Defendant James Dondero admits that Nancy Dondero is his sister and admits that she is a trustee of Dugaboy. Any allegations in paragraph 13 not expressly admitted are denied.

## CASE BACKGROUND

14. Defendant James Dondero admits the allegations in paragraph 14 of the Amended Complaint.

15. Defendant James Dondero admits the allegations in paragraph 15 of the Amended Complaint.

16. Defendant James Dondero admits the allegations in paragraph 16 of the Amended Complaint.

17. Defendant James Dondero admits the allegations in paragraph 17 of the Amended Complaint.

18. Defendant James Dondero admits the allegations in paragraph 18 of the Amended Complaint.

## STATEMENT OF FACTS

19. Defendant James Dondero admits that he has executed promissory notes under which the Debtor is the payee. Any allegations in paragraph 19 not expressly admitted are denied.

20. Defendant James Dondero admits that he executed a note as alleged in the first sentence of paragraph 20 of the Amended Complaint. Defendant James Dondero admits that the attached document appears to be a copy of the referenced note.

21. Defendant James Dondero admits that he executed a note as alleged in the first sentence of paragraph 21 of the Amended Complaint. Defendant James Dondero admits that the attached document appears to be a copy of the referenced note.

22. Defendant James Dondero admits that he executed a note as alleged in the first sentence of paragraph 22 of the Amended Complaint. Defendant James Dondero admits that the attached document appears to be a copy of the referenced note.

23. Defendant James Dondero admits that Section 2 of each note attached to the Amended Complaint contains the provision quoted in paragraph 23 of the Amended Complaint.

24. Defendant James Dondero denies the allegations in paragraph 24 of the Amended Complaint. It appears that the provisions of each Note differ. Accordingly, the allegations made in this paragraph are denied.

25. Defendant James Dondero denies the allegations in paragraph 25 of the Amended Complaint. It appears that the provisions of each Note differ. Accordingly, the allegations made in this paragraph are denied.

26. In response to paragraph 26 of the Amended Complaint, Defendant James Dondero admits that Exhibit 4 to the Amended Complaint (the "Demand Letter") is a true and correct copy of what it purports to be and that the document speaks for itself. To the extent paragraph 26 of the Amended Complaint asserts a legal conclusion, no response is required, and it is denied. To the extent not expressly admitted, paragraph 26 of the Amended Complaint is denied.

27. To the extent paragraph 27 of the Amended Complaint asserts a legal conclusion, no response is necessary, and it is denied. Defendant James Dondero otherwise admits paragraph 27 of the Complaint.

28. Defendant James Dondero lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Amended Complaint and therefore denies same.

29. Defendant James Dondero lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Amended Complaint and therefore denies same.

30. Defendant James Dondero lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Amended Complaint and therefore denies same.

31. Defendant James Dondero lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Amended Complaint and therefore denies same.

32. Defendant James Dondero denies the allegations in paragraph 32 of the Amended Complaint.

33. Defendant James Dondero admits that the Debtor filed the Original Complaint in this action on January 22, 2021 as alleged in the first sentence of paragraph 33 of the Amended Complaint. Defendant James Dondero denies he is liable for the relief requested in the Original Complaint. To the extent not expressly admitted, paragraph 33 of the Amended Complaint is denied.

34. Defendant James Dondero admits the allegations in paragraph 34 of the Amended Complaint.

35. Defendant James Dondero admits the allegations in paragraph 35 of the Amended Complaint.

36. In response to the allegations in paragraph 36 of the Amended Complaint, Defendant James Dondero admits that the Alleged Agreement was orally entered into in January or February 2019 or thereabouts. To the extent not expressly admitted, paragraph 36 of the Amended Complaint is denied.

37. Defendant James Dondero admits the allegations in paragraph 37 of the Amended Complaint.

38. Paragraph 38 of the Amended Complaint asserts a legal conclusion to which no response is required. To the extent a response is required or appropriate, Defendant James Dondero admits that he was the President of the Debtor's General Partner, Stand Advisors, Inc. and the Debtor's CEO until his resignation on January 9, 2020. To the extent not expressly admitted, paragraph 38 of the Amended Complaint is denied.

39. In response to paragraph 39 of the Amended Complaint, Defendant James Dondero informed the Debtor's CFO that the loans were potentially forgivable and testified that he doesn't remember if he told the Debtor's CFO about the Alleged Agreement. Subject to the

foregoing, Defendant James Dondero otherwise admits the allegations in paragraph 39 of the Amended Complaint.

40. In response to paragraph 40 of the Amended Complaint, Defendant James Dondero admits that he discussed the Alleged Agreement with Nancy Dondero and that no one else participated in the discussions surrounding the execution or authorization of the Alleged Agreement. To the extent not expressly admitted, paragraph 40 of the Amended Complaint is denied.

41. Defendant James Dondero lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Amended Complaint and therefore denies same.

42. Defendant James Dondero denies the allegations in paragraph 42 of the Amended Complaint.

43. Defendant James Dondero admits the allegations in paragraph 43 of the Amended Complaint.

44. Paragraph 44 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

45. Paragraph 45 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

**FIRST CLAIM FOR RELIEF**
**(Against James Dondero)**
**(Breach of Contract)**

46. Paragraph 46 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

47. Paragraph 47 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

48. Paragraph 48 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

49. Paragraph 49 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

50. Paragraph 50 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

## SECOND CLAIM FOR RELIEF
**(Against James Dondero)**
**(Turnover Pursuant to 11 U.S.C. § 542(b))**

51. Paragraph 51 of the Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

52. Paragraph 52 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

53. Paragraph 53 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

54. Paragraph 54 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

55. Paragraph 55 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied. Defendant James Dondero admits that the Plaintiff transmitted the Demand Letter, and that document speaks for itself. To the extent paragraph 55 alleges other facts, Defendant James Dondero lacks knowledge or information sufficient to form

a belief about the truth of the allegations in paragraph 55 of the Amended Complaint and therefore denies the same.

56. Paragraph 56 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

57. Paragraph 57 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

### THIRD CLAIM FOR RELIEF
**(Against James Dondero)**
**(Avoidance and Recovery of Actual Fraudulent Transfer Under 11 U.S.C. § 548(a)(1)(A) and 550)**

58. Paragraph 58 of the Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

59. Paragraph 59 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

60. Paragraph 60 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

61. Paragraph 61 of the Amended Complaint states a legal conclusion that does not require a response and therefore it is denied.

62. Paragraph 62 of the Amended Complaint states a legal conclusion that does not require a response and therefore it is denied.

63. Paragraph 63 of the Amended Complaint states a legal conclusion that does not require a response and therefore it is denied.

## FOURTH CLAIM FOR RELIEF
### (Against James Dondero)
### (Avoidance and Recovery of Actual Fraudulent Transfer Under 11 U.S.C. § 544(b) and 550, and Tex. Bus. & C. Code § 24.005(a)(1))

64. Paragraph 64 of the Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

65. Paragraph 65 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

66. Paragraph 66 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

67. Paragraph 67 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

68. Paragraph 68 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

## FIFTH CLAIM FOR RELIEF
### (Against Dugaboy)
### (For Declaratory Relief: --11 U.S.C. § 105(a) and Fed. R. Bankr. P 7001)

69. This claim is only asserted against Defendant The Dugaboy Investment Trust. Therefore, Defendant James Dondero is not required to respond to this claim.

70. This claim is only asserted against Defendant The Dugaboy Investment Trust. Therefore, Defendant James Dondero is not required to respond to this claim.

71. This claim is only asserted against Defendant The Dugaboy Investment Trust. Therefore, Defendant James Dondero is not required to respond to this claim.

72. This claim is only asserted against Defendant The Dugaboy Investment Trust. Therefore, Defendant James Dondero is not required to respond to this claim.

## SIXTH CLAIM FOR RELIEF
### (Against Dugaboy)
### (Breach of Fiduciary Duty)

73. This claim is only asserted against Defendant The Dugaboy Investment Trust. Therefore, Defendant James Dondero is not required to respond to this claim.

74. This claim is only asserted against Defendant The Dugaboy Investment Trust. Therefore, Defendant James Dondero is not required to respond to this claim.

75. This claim is only asserted against Defendant The Dugaboy Investment Trust. Therefore, Defendant James Dondero is not required to respond to this claim.

76. This claim is only asserted against Defendant The Dugaboy Investment Trust. Therefore, Defendant James Dondero is not required to respond to this claim.

## SEVENTH CLAIM FOR RELIEF
### (Against James Dondero and Nancy Dondero)
### (Aiding and Abetting a Breach of Fiduciary Duty)

77. Defendant James Dondero is moving to dismiss this claim. Therefore, he is not required to respond to this claim at this time.

78. Defendant James Dondero is moving to dismiss this claim. Therefore, he is not required to respond to this claim at this time.

79. Defendant James Dondero is moving to dismiss this claim. Therefore, he is not required to respond to this claim at this time.

80. Defendant James Dondero is moving to dismiss this claim. Therefore, he is not required to respond to this claim at this time.

81. Defendant James Dondero is moving to dismiss this claim. Therefore, he is not required to respond to this claim at this time.

Defendant James Dondero denies that the Plaintiff is entitled to the relief requested in the prayer, including as to parts (i), (ii), (iii), (iv), (v), (vi), and (vii).

## AFFIRMATIVE DEFENSES

82. Plaintiff's claims are barred in whole or in part because prior to the demands for payment Plaintiff agreed that it would not collect the Notes upon fulfillment of conditions subsequent. Specifically, sometime between December of the year in which each note was made and February of the following year, Defendant Nancy Dondero, as representative for a majority of the Class A shareholders of Plaintiff agreed that Plaintiff would forgive the Notes if certain portfolio companies were sold for greater than cost or on a basis outside of Defendant James Dondero's control. The purpose of this agreement was to provide compensation to Defendant James Dondero, who was otherwise underpaid compared to reasonable compensation levels in the industry, through the use of forgivable loans, a practice that was standard at HCMLP and in the industry. This agreement setting forth the conditions subsequent to demands for payment on the Notes was an oral agreement; however, Defendant James Dondero believes there may be testimony or email correspondence that discusses the existence of this agreement that may be uncovered through discovery in this Adversary Proceeding.

83. Defendant James Dondero further asserts that Plaintiff's claims are barred, in whole or in part, due to waiver.

84. Defendant James Dondero further asserts that Plaintiff's claims are barred, in whole or in part, due to estoppel.

85. Defendant James Dondero further asserts that Note is ambiguous.

86. Defendant James Dondero further asserts that Plaintiff's claims may be barred, in whole or in part, due to failure of consideration.

87. Defendant James Dondero further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because at all relevant times Defendant James Dondero acted in good faith.

88. Defendant James Dondero further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because the alleged fraudulent transfer (*i.e.*, the "Alleged Agreement") was taken in good faith and for reasonably equivalent value.

89. Defendant James Dondero further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because there was no intent to hinder, delay, or defraud any creditors of the Debtor by entering into the "Alleged Agreement."

90. Defendant James Dondero further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because the Debtor was solvent at the time the "Alleged Agreement" was made.

91. Defendant James Dondero further asserts that Plaintiff's claims must be resolved in arbitration.

## JURY DEMAND

92. Except to the extent compelled to arbitration, Defendant James Dondero demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure.

93. Defendant James Dondero does <u>not</u> consent to the Bankruptcy Court conducting a jury trial and therefore demands a jury trial in the District Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant James Dondero respectfully requests that, following a trial on the merits, the Court enter a judgment that the Plaintiff take

nothing on the Amended Complaint and provide Defendant James Dondero such other relief to which he is entitled.

Dated: September 1, 2021

Respectfully submitted,

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
**STINSON LLP**
3102 Oak Lawn Ave, Suite 777
Dallas, Texas 75219
(214) 560-2201 – Telephone
(214) 560-2203 – Facsimile
michael.aigen@stinson.com
deborah.deitschperez@stinson.com

**-and-**

Clay M. Taylor
State Bar No. 24033261
Bryan C. Assink
State Bar No. 24089009
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
clay.taylor@bondsellis.com
bryan.assink@bondsellis.com

**ATTORNEYS FOR DEFENDANT JAMES DONDERO**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 1, 2021, a true and correct copy of this document was served via the Court's CM/ECF system on counsel for the Plaintiff.

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez