PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | § §<br>§<br>§ §<br>§<br>§ § | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>Defendants. | § §<br>§<br>§ §<br>§<br>§ §<br>§<br>§ §<br>§ | Adversary Proceeding No.<br><br>21-03003 |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

DOCS_NY:44190.2 36027/003

2

## PLAINTIFF'S NOTICE OF RULE 30(B)(6) DEPOSITION
## TO THE DUGABOY INVESTMENT TRUST

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, Highland Capital Management, L.P., the plaintiff in the above-referenced adversary proceeding in the above-captioned chapter 11 case, shall take the deposition of The Dugaboy Investment Trust ("Dugaboy") by the person(s) most qualified to testify on Dugaboy's behalf with respect to the topics described in **Exhibit A** attached hereto on **October 18, 2021**, commencing at 9:30 a.m. Central Time or at such other day and time as the Plaintiff may agree in writing. The deposition will be taken under oath before a notary public or other person authorized by law to administer oaths and will be visually recorded by video or otherwise.

The deposition will be taken remotely via an online platform due to the coronavirus pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition and by use of Interactive Realtime. Parties who wish to participate

in the deposition should contact **John A. Morris**, Pachulski Stang Ziehl & Jones LLP, at jmorris@pszjlaw.com **no fewer than 72 hours before the start of the deposition** for more information regarding participating in this deposition remotely.

Dated: October 4, 2021.         **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ John A. Morris*
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:    jpomerantz@pszjlaw.com
             ikharasch@pszjlaw.com
             jmorris@pszjlaw.com
             gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## EXHIBIT A

## DEFINITIONS

1. "Adversary Proceeding" refers to Adversary Proceeding No. 21-03003 pending in the above-referenced bankruptcy case.

2. "Alleged Agreement" refers to the alleged oral agreement between James Dondero and "Nancy Dondero, as representative for a majority of the Class A shareholders of Plaintiff," described in, among other places, paragraph 82 of the Answer.

3. "Answer" means *Defendant James Dondero's Answer to Amended Complaint* lodged in the Adversary Proceeding at Docket No. 83.

4. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, text messages, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

5. "Complaint" means the *Amended Complaint for (I) Breach of Contract, (II) Turnover of Property, (III) Fraudulent Transfer, and (IV) Breach of Fiduciary Duty*, lodged in the Adversary Proceeding at Docket No. 79.

6. "Concerning" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

7. "Discovery Requests" means *Plaintiff's Requests for Admission, Interrogatories, and Requests for Production Directed to Dugaboy Investment Trust* served on Your counsel by e-mail on September 7, 2021.

8.  "Document" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whoever produced, reproduced, disseminated or made. This includes, but is not limited to, Communications, ESI, "writings" as defined by Rule 1001 of the Federal Rules of Evidence, copies or drafts, and any tangible or intangible thing or item that contains any information. Any Document that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another Document, is to be considered a separate Document.

9.  "Highland" means Highland Capital Management, L.P. and any predecessor or successor.

10. "LP Agreement" means that certain *Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P.* entered into on December 24, 2015.

11. "You" or "Your" means The Dugaboy Investment Trust and anyone authorized to act on its behalf.

### Rule 30(b)6) Topics

**Topic No. 1:**

The Alleged Agreement, including but not limited to all facts and circumstances, Communications, and Documents Concerning the Alleged Agreement.

**Topic No. 2:**

Your authority to enter into the Alleged Agreement.

**Topic No. 3**:

Ownership, beneficial ownership, and control of The Dugaboy Investment Trust.

**Topic No. 4:**

All agreements that You have ever entered into "as a representative for a majority of the Class A shareholders" of Highland, including any agreements entered into pursuant to Section 3.10 of the LP Agreement.

**Topic No. 5:**

All agreements that You have ever entered into as a representative for a majority of the Class A limited partners of Highland, including any agreements entered into pursuant to Section 3.10 of the LP Agreement.

**Topic No. 6:**

All agreements that You have ever entered into on behalf of Highland or that You believe bindd Highland.

**Topic No. 7:**

All agreements between You and Highland.

**Topic No. 8:**

All agreements between You and any entity you know or have reason to believe is directly or indirectly owned and/or controlled by James Dondero and/or Scott Ellington, including but not limited to indemnification agreements.

**Topic No. 9:**

Your responses to the Discovery Requests.

3