

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 7, 2021**

_____
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br>HIGHLAND CAPITAL MANAGEMENT, L.P. [1]<br>Reorganized Debtor. | Case No. 19-34054-sgj11<br><br>Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br>    Plaintiff.<br>v.<br>JAMES D. DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br>    Defendants. | Adversary No. 21-03003-sgj |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br>    Plaintiff.<br>v.<br>NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br>    Defendants. | Adversary No.: 21-03005-sgj |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

DOCS_NY:44555.1 36027/003

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>    Defendants. | Adversary No.: 21-03006-sgj |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LLC), JAMES DONDERO, NANCY DONDERO AND THE DUGABOY INVESTMENT TRUST,<br><br>    Defendants. | Adversary No.: 21-03007-sgj |

## ORDER

In Adversary Proceeding Nos. 21-3003, 21-3005, 21-3006, and 21-3007 (collectively, the "**Note Adversary Proceedings**"), before the Court are a set of virtually identical motions [Doc. 82, 68, 72, and 67, respectfully, in each sequentially-numbered Note Adversary Proceeding[2]] (the "**Rule 12(b)(6) Motions**") seeking to dismiss Counts V, VI, and VII of the Amended Complaints. On November 9, 2021, the Court held a hearing (the "**Hearing**") in in connection with the Rule 12(b)(6) Motions, filed by the certain of the defendants in the Note Adversary Proceedings (the "**Note Duty Defendants**"). Plaintiff Highland Capital Management L.P., now a reorganized debtor ("**Highland**" or "**Reorganized Debtor**") timely filed objections to the Rule 12(b)(6) Motions [Doc. 90, 74, 79, and 74] and the Note Obligor Defendants filed replies [Doc. 108, 89, 94, and 89].[3]

With regard to the Note Duty Defendants' Rule 12(b)(6) Motions, the Court must consider the motions while accepting every allegation in the Amended Complaints as true. Doing so, the Court rules that the Plaintiff has articulated plausible claims and has stated claims on which relief could be granted. "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 …." Fed. R. Civ. Proc. 52(a)(3), applicable to the Note Adversary

---

[2] All subsequent "Doc." references in this Order follow this convention.

[3] The Court considered these replies despite the lateness of their filing, less than two business days before the Hearing. At the Hearing, Highland noted its displeasure with the Note Obligor Defendants' having filed their replies 37 days after Highland filed its objections but did expressly did not ask the court to strike the replies. The Court reminds the Note Obligor Defendants, as Highland correctly pointed out, that the Local Civil Rules for the Northern District of Texas, and not the Local Bankruptcy Rules, apply to these adversary proceedings in all respects, since the reference to the Bankruptcy Court was withdrawn and this Court is conducting all proceedings in the position of a magistrate judge for the District Court. The replies here were required to be filed no later than 14 days following the filing of Highland's objections. *See* Local Civil Rule 7.1(f).

Proceedings under Fed. R. Bankr. Proc. 7052. Accordingly, the Court makes no findings of fact or conclusions of law in denying the Rule 12(b)(6) Motions.

For the reasons stated above, the Rule 12(b)(6) Motions are DENIED.

*\* \* \* END OF ORDER \* \* \**