PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         rfeinstein@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com


-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Adv. Proc. No. 21-03003-sgj |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § | Case No. 3:21-cv-01010-E |
| Defendants. | § § § | |

HIGHLAND CAPITAL MANAGEMENT, L.P.,                    §
                                                      §
                                                      §
                        Plaintiff,                    §    Adv. Proc. No. 21-3004
                                                      §
vs.                                                   §
                                                      §
                                                      §    Case No. 3:21-cv-00881-X
HIGHLAND CAPITAL MANAGEMENT FUND                      §
ADVISORS, L.P.,                                       §
                                                      §
                                                      §
                        Defendant.                    §
                                                      §
                                                      §
HIGHLAND CAPITAL MANAGEMENT, L.P.,                    §
                                                      §
                        Plaintiff,                    §
                                                      §    Adv. Proc. No. 21-3005
                                                      §
vs.                                                   §
                                                      §
NEXPOINT ADVISORS, L.P., JAMES                        §    Case No. 3:21-cv-00880-C
DONDERO, NANCY DONDERO, AND                           §
THE DUGABOY INVESTMENT TRUST,                         §
                                                      §
                                                      §
                        Defendants.                   §
                                                      §
HIGHLAND CAPITAL MANAGEMENT, L.P.,                    §
                                                      §
                        Plaintiff,                    §
                                                      §    Adv. Proc. No. 21-3006
                                                      §
vs.                                                   §
                                                      §
HIGHLAND CAPITAL MANAGEMENT                           §    Case No. 3:21-cv-01378-N
SERVICES, INC., JAMES DONDERO,                        §
NANCY DONDERO, AND THE DUGABOY                        §
INVESTMENT TRUST,                                     §
                                                      §
                        Defendants.                   §

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-3007 |
| | § | |
| vs. | § | |
| | § | Case No. 3:21-cv-01379-X |
| HCRE PARTNERS, LLC (n/k/a NexPoint | § | |
| Real Estate Partners, LLC), JAMES | § | |
| DONDERO, NANCY DONDERO, AND | § | |
| THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF DAVID KLOS IN SUPPORT OF
## HIGHLAND CAPITAL MANAGEMENT L.P.'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT IN NOTES ACTIONS

I, David Klos, pursuant to 28 U.S.C. § 1746, under penalty of perjury, declare as follows:

1.      I am the Chief Financial Officer ("CFO") of the reorganized Highland Capital Management, L.P. ("Highland"), and I submit this Declaration in support of *Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions* (the "Motion"). This Declaration is based on my personal knowledge.  I could and would testify to the facts and statements set forth herein if asked or required to do so.

2.      I joined Highland in 2009 and served as Controller from 2017 to 2020 and Chief Accounting Officer from 2020 to February 2021.  At all relevant times, I reported to Frank Waterhouse until he left the company in February 2021.  I was appointed CFO in March 2021 following confirmation of Highland's Plan.[1]

---

[1] Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

A.    <u>**NexPoint Advisors, LP's ("NexPoint") Prepayment Defense**</u>

3.    I understand that NexPoint contends that it had no obligation to make the Annual Installment payment due on December 31, 2020 under the NexPoint Note because it "pre-paid." Two documents show that NexPoint is mistaken.

4.    The first document is the NexPoint Note, a true and correct copy of which is attached hereto as **Exhibit A**.[2]  Under the NexPoint Note, NexPoint was required to make "Annual Installment" payments on December 31 of each year equal to (i) all unpaid accrued interest, *plus* (ii) $1/30^{th}$ of the outstanding principal amount of the NexPoint Note.  **Exhibit A ¶2.1.**

5.    NexPoint was permitted to make "prepayments" under the NexPoint Note.  Section 3 of the NexPoint Note sets forth NexPoint's agreement concerning the treatment of "prepayments" and provides:

> 3.  <u>Prepayment Allowed; Renegotiation Discretionary</u>.  Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note.  **Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.**

**Exhibit A ¶ 3** (emphasis added).

6.    The second relevant document is an amortization schedule (the "<u>Amortization Schedule</u>") that was prepared and maintained in the ordinary course of Highland's business, a true and correct copy of which is attached hereto as **Exhibit B**.[3]  I understand that the Amortization Schedule is the only document that NexPoint relies upon to support its "prepayment defense."

7.    The Amortization Schedule shows, among other things, the following:

---

[2] The NexPoint Note is also included as Highland's Ex. 2 (Exhibit 1),

[3] The Amortization Schedule is also included as Highland's Ex. 200.

- The "Interest Accrual" column shows the periodic interest that accrued under the NexPoint Note between the dates described in the "Date" column;

- The "Total Paid" column shows the amount NexPoint paid against the NexPoint Note[4]; and

- The "Interest Paid" and "Principal Paid" columns show how each payment was applied.

8.      As the Amortization Schedule shows, (a) between October 20, 2017 and August 13, 2019, NexPoint made twelve (12) payments that could broadly be characterized as unscheduled "prepayments" of principal and/or interest (the "Prepayments")[5], and (b) with one exception, each of the Prepayments was applied first to reduce or eliminate all accrued and outstanding interest and then to unpaid principal, as required by Section 3 of the NexPoint Note.[6]

9.      As can also be seen on the Amortization Schedule, ***notwithstanding the Prepayments***, NexPoint was still required to make additional payments against the NexPoint Note in December of 2017, 2018, and 2019, in order to reduce "Accrued Interest" to $0 as of December 31 in each year[7] as required by Section 2.1 of the NexPoint Note, which it did in each instance.

10.     Indeed, even though NexPoint made six (6) Prepayments totaling $6.38 million between March 29 and August 13, 2019, NexPoint was still required to pay $530,112.36 to fully

---

[4] Note that for the interest payment made December 30, 2019, interest of $530,112.36 was paid in cash and is reflected on the "Interest Paid" column. The amount is omitted from the "Total Paid" column but has no bearing on the actual calculations contained in the Amortization Schedule. For avoidance of doubt, $530,112.36 of interest was paid to Highland from NexPoint on December 30, 2019.

[5] For the avoidance of doubt, NexPoint made the Prepayments on October 20, 2017, April 10, 2018, May 1, 2018, May 9, 2018, September 5, 2019, September 21, 2019, March 29, 2019, April 16, 2019, June 4, 2019, June 19, 2019, July 9, 2019, and August 13, 2019. *See generally* Ex. B.

[6] The exception is the Prepayment made on May 9, 2018, which prepaid approximately six (6) months of future interest.

[7] NexPoint made payments against the NexPoint Note on December 5, 2017, December 18, 2018, and December 30, 2019, respectively, which reduced "Accrued Interest" to $0 as of December 31 in each of those years in order to comply with Section 2.1 of the NexPoint Note.

satisfy its obligation to make the unpaid interest portion of the Annual Installment payment due as of December 31, 2019, which it did.

11.     As the Amortization Schedule shows, NexPoint did not make any Prepayments on account of the NexPoint Note in 2020.  Thus, as of December 31, 2020, NexPoint was required to make an Annual Installment payment on December 31 equal to  (i) all unpaid accrued interest, *plus* (ii) $1/30^{th}$ of the outstanding principal amount of the NexPoint Note (the "2020 Annual Installment").  Exhibit A ¶2.1.

12.     NexPoint knew the 2020 Annual Installment was due on December 31, 2020 because it was included in a 13-week forecast that Highland's Corporate Accounting Group updated on a weekly basis and that was provided to (among others) Frank Waterhouse, NexPoint's Treasurer and then Highland's CFO.  *See*, *e.g.*, **Exhibit C** (a true and correct copy of a 13-week forecast prepared for the 13-week period commencing December 14, 2020) Exhibit C shows that Operating Receipts of $2.051 million was due on December 28, 2020 in connection with "Interest Receipts on notes receivable," an amount that included the Required Payment).[8]

13.     NexPoint failed to make the 2020 Annual Installment due on December 31, 2020 as required under Section 2.1 of the NexPoint Note.

14.     On January 14, 2021, after Highland sent notice of default, NexPoint paid Highland $1,406,111.92.  **Exhibit B** (entry dated 1/14/21).

**B.     Highland's Loan Summaries**

15.     Highland's accounting group has a regular practice of creating and maintaining "loan summaries" in the ordinary course of business (the "Loan Summaries").   The Loan

---

[8] This 13-week forecast is also included as Highland's Ex. 58 and is just an example.  For years, the accounting group prepared a 13-week forecast that was updated weekly so that everyone knew what payments and receipts were anticipated.

Summaries identify amounts owed to Highland under affiliate notes and are created by updating underlying schedules for activity and reconciling with Highland's general ledger.  Ex. 199 is an example of a Loan Summary.  The Loan Summaries identify each Obligor by reference to the "GL" number used in the general ledger.  *See* Ex. 199 (HCMS ("GL 14530"), HCMFA ("GL 14531"), NexPoint ("GL 14532"), HCRE ("GL 14533"), and Mr. Dondero ("GL 14565")).

16.     The Loan Summaries were used in connection with the PwC audits and to support accounting entries and year-end balances in the ordinary course of Highland's business.  For example, Ex. 199 ties exactly into Ex. 198, the "back up" to the "Due from affiliates" entry in the January 2021 MOR.  Docket No. 2020.[9]

## C.     **The Notes**

17.     In the ordinary course of business, Highland had (and continues to have) a regular practice of maintaining electronic copies of all promissory notes issued by any officer, employee, or corporate affiliate.

18.     Attached as **Exhibit D** is a true and correct copy of a promissory note dated February 2, 2018, executed by James Dondero, as the maker, in the original principal amount of $3,825,000 in favor of Highland that was and is maintained in Highland's books and records in the ordinary course of business and that was provided to PwC in connection with its annual audits (the "First Dondero Note").

---

[9] Colloquially, the Loan Summaries are the "back up" to the "back up."  To illustrate, and working backwards, the January 2021 MOR reported that $152,538,000 was "Due from affiliates."  Docket No. 2030 (balance sheet).  Ex. 198 is the "back up" to the January 2021 MOR and it shows that $152,537,622 was the "Total Due from Affiliates" (the January 2021 MOR rounded up to the nearest thousand).  Ex. 199, the Loan Summary, is the "back up" to the "back up," and is reconciled with Highland's general ledger.  As can be seen, the Loan Summary specifies the outstanding principal amounts due under each Note.  Interest on these notes is accrued in a single account (general ledger account 14010).

19.     Attached as **Exhibit E** is a true and correct copy of a promissory note dated August 1, 2018, executed by James Dondero, as the maker, in the original principal amount of $2,500,000 in favor of Highland that was and is maintained in Highland's books and records in the ordinary course of business and that was provided to PwC in connection with its annual audits (the "<u>Second Dondero Note</u>").

20.     Attached as **Exhibit F** is a true and correct copy of a promissory note dated August 13, 2018, executed by James Dondero, as the maker, in the original principal amount of $2,500,000 in favor of Highland that was and is maintained in Highland's books and records in the ordinary course of business and that was provided to PwC in connection with its annual audits (the "<u>Third Dondero Note</u>," and together with the First Dondero Note and Second Dondero Note, the "<u>Dondero Notes</u>").

21.     Attached as **Exhibit G** is a true and correct copy of a promissory note dated May 2, 2019, executed by HCMFA, as the maker, in the original principal amount of $2,400,000 in favor of Highland that was and is maintained in Highland's books and records in the ordinary course of business and that was provided to PwC in connection with its annual audits (the "<u>First HCMFA Demand Note</u>").

22.     Attached as **Exhibit H** is a true and correct copy of a promissory note dated May 3, 2019, executed by HCMFA, as the maker, in the original principal amount of $5,000,000 in favor of Highland that was and is maintained in Highland's books and records in the ordinary course of business and that was provided to PwC in connection with its annual audits (the "<u>Second HCMFA Demand Note</u>," and together with the First HCMFA Note, the "<u>HCMFA Demand Notes</u>").

23. Attached as **Exhibit I** is a true and correct copy of a promissory note dated March 28, 2018, executed by HCMS, as the maker, in the original principal amount of $150,000 in favor of Highland that was and is maintained in Highland's books and records in the ordinary course of business and that was provided to PwC in connection with its annual audits (the "First HCMS Demand Note").

24. Attached as **Exhibit J** is a true and correct copy of a promissory note dated June 25, 2018, executed by HCMS, as the maker, in the original principal amount of $200,000 in favor of Highland that was and is maintained in Highland's books and records in the ordinary course of business and that was provided to PwC in connection with its annual audits (the "Second HCMS Demand Note").

25. Attached as **Exhibit K** is a true and correct copy of a promissory note dated May 29, 2019, executed by HCMS, as the maker, in the original principal amount of $400,000 in favor of Highland that was and is maintained in Highland's books and records in the ordinary course of business (the "Third HCMS Demand Note").

26. Attached as **Exhibit L** is a true and correct copy of a promissory note dated June 26, 2019, executed by HCMS, as the maker, in the original principal amount of $150,000 in favor of Highland that was and is maintained in Highland's books and records in the ordinary course of business (the "Fourth HCMS Demand Note," and collectively with the First HCMS Demand Note, the Second HCMS Demand Note, and Third HCMS Demand Notes, the "HCMS Demand Notes").

27. Attached as **Exhibit M** is a true and correct copy of a promissory note dated November 27, 2013, executed by HCRE, as the maker, in the original principal amount of $100,000 in favor of Highland that was and is maintained in Highland's books and records in the

ordinary course of business and that was provided to PwC in connection with its annual audits (the "First HCRE Demand Note").

28.     Attached as **Exhibit N** is a true and correct copy of a promissory note dated October 12, 2017, executed by HCRE, as the maker, in the original principal amount of $2,500,000 in favor of Highland that was and is maintained in Highland's books and records in the ordinary course of business and that was provided to PwC in connection with its annual audits (the "Second HCRE Demand Note").

29.     Attached as **Exhibit O** is a true and correct copy of a promissory note dated October 15, 2018, executed by HCRE, as the maker, in the original principal amount of $750,000 in favor of Highland that was and is maintained in Highland's books and records in the ordinary course of business and that was provided to PwC in connection with its annual audits (the "Third HCRE Demand Note").

30.     Attached as **Exhibit P** is a true and correct copy of a promissory note dated September 25, 2019, executed by HCRE, as the maker, in the original principal amount of $900,000 in favor of Highland that was and is maintained in Highland's books and records in the ordinary course of business (the "Fourth HCRE Demand Note," and collectively with the First HCRE Demand Note, the Second HCRE Demand Note, and Third HCRE Demand Notes, the "HCRE Demand Notes," and together with the Dondero Demand Notes and the HCMS Demand Notes, the "Demand Notes").

31.     Attached as **Exhibit A** is a true and correct copy of a promissory note dated May 31, 2017, executed by NexPoint, as the maker, in the original principal amount of $30,746,812.23 in favor of Highland that was and is maintained in Highland's books and records in the ordinary

course of business and that was provided to PwC in connection with its annual audits (the "NexPoint Note").

32.     Attached as **Exhibit Q** is a true and correct copy of a promissory note dated May 31, 2017, executed by HCMS, as the maker, in the original principal amount of $20,247,628.02 in favor of Highland that was and is maintained in Highland's books and records in the ordinary course of business and that was provided to PwC in connection with its annual audits (the "HCMS Term Note").

33.     Attached as **Exhibit R** is a true and correct copy of a promissory note dated May 31, 2017, executed by HCRE, as the maker, in the original principal amount of $6,059,831.51 in favor of Highland that was and is maintained in Highland's books and records in the ordinary course of business and that was provided to PwC in connection with its annual audits (the "HCRE Term Note," and together with the NexPoint Term Note and the HCMS Term Note, the "Term Notes").

34.     As of (a) December 11, 2020, the unpaid principal and accrued interest due under the First Dondero Note was $3,708,273.71, and (b) as of December 17, 2021, the unpaid principal and accrued interest due under the First Dondero Note was $3,808,783.89.

35.     As of (a) December 11, 2020, the unpaid principal and accrued interest due under the Second Dondero Note was $2,647,880.12, and (b) as of December 17, 2021, the unpaid principal and accrued interest due under the Second Dondero Note was $2,727,300.55.

36.     As of (a) December 11, 2020, the unpaid principal and accrued interest due under the Third Dondero Note was $2,647,859.55, and as of (b) December 17, 2021, the unpaid principal and accrued interest due under the Third Dondero Note was $2,727,280.61.

37.     Thus, (a) as of December 11, 2020, the unpaid principal and accrued interest due under the Dondero Notes was $9,004,013.07, and (b) as of December 17, 2021, the unpaid principal and accrued interest due under the Dondero Notes was $9,263,365.05.

38.     As of (a) December 11, 2020, the unpaid principal and accrued interest due under the First HCMFA Note was $2,493,401.61, and (b) as of December 17, 2021, the unpaid principal and accrued interest due under the First Dondero Note was $2,553,982.49.

39.     As of (a) December 11, 2020, the unpaid principal and accrued interest due under the Second HCMFA Note was $5,194,251.45, and (b) as of December 17, 2021, the unpaid principal and accrued interest due under the Second HCMFA Note was $5,320,453.60.

40.     Thus, as of (a) December 11, 2020, the unpaid principal and accrued interest due under the HCMFA Notes was $7,687,653.06, and as of (b) December 17, 2020, the unpaid principal and accrued interest due under the HCMFA Notes was $7,874,436.09.

41.     As of (a) December 11, 2020, the unpaid principal and accrued interest due under the First HCMS Demand Note was $162,033.91, and as of (b) December 17, 2021, the unpaid principal and accrued interest due under the First HCMS Demand Note was $166,777.82.

42.     As of (a) December 11, 2020, the unpaid principal and accrued interest due under the Second HCMS Demand Note was $215,402.81, and as of (b) December 17, 2021, the unpaid principal and accrued interest due under the Second HCMS Demand Note was $222,082.34.

43.     As of (a) December 11, 2020, the unpaid principal and accrued interest due under the Third HCMS Demand Note was $414,842.81, and as of (b) December 17, 2021, the unpaid principal and accrued interest due under the Third HCMS Demand Note was $424,922.32.

44.     As of (a) December 11, 2020, the unpaid principal and accrued interest due under the Fourth HCMS Demand Note was $155,239.90, and as of (b) December 17, 2021, the unpaid principal and accrued interest due under the Fourth HCMS Demand Note was $158,980.33.

45.     Thus, as of (a) December 11, 2020, the unpaid principal and accrued interest due under the HCMS Demand Notes was $947,519.43, and as of (b) December 17, 2021, the unpaid principal and accrued interest due under the HCMS Demand Notes was $972,762.81.

46.     As of (a) December 11, 2020, the unpaid principal and accrued interest due under the First HCRE Demand Note was $171,978.10, and as of (b) December 17, 2021, the unpaid principal and accrued interest due under the First HCRE Demand Note was $185,979.85.

47.     As of (a) December 11, 2020, the unpaid principal and accrued interest due under the Second HCRE Demand Note was $3,191,342.72, and as of (b) December 17, 2021, the unpaid principal and accrued interest due under the Second HCRE Demand Note was $3,380,385.47.

48.     As of (a) December 11, 2020, the unpaid principal and accrued interest due under the Third HCRE Demand Note was $885,908.76, and as of (b) December 17, 2021, the unpaid principal and accrued interest due under the Third HCRE Demand Note was $938,970.62.

49.     As of (a) December 11, 2020, the unpaid principal and accrued interest due under the Fourth HCRE Demand Note was $762,941.38, and as of (b) December 17, 2021, the unpaid principal and accrued interest due under the Fourth HCRE Demand Note was $825,042.29.

50.     Thus, as of (a) December 11, 2020, the unpaid principal and accrued interest due under the HCRE Demand Notes was $5,012,170.96, and as of (b) December 17, 2021, the unpaid principal and accrued interest due under the HCRE Demand Notes was $5,330,378.23.

51.     As of (a) January 8, 2021, the unpaid principal and accrued interest due under the NexPoint Term Note was $24,471,804.98, and as of (b) December 17, 2021, the unpaid principal and accrued interest due under the NexPoint Term Note was $24,383,877.27.[10]

52.     As of (a) January 8, 2021, the unpaid principal and accrued interest due under the HCMS Term Note was $6,758,507.81, and as of (b) December 17, 2021, the unpaid principal and accrued interest due under the HCMS Term Note was $6,748,456.31[11].

53.     As of (a) January 8, 2021, the unpaid principal and accrued interest due under the HCRE Term Note was $6,145,466.84, and as of (b) December 17, 2021, the unpaid principal and accrued interest due under the HCRE Term Note was $5,899,962.22.[12]

I declare under penalty of perjury that the forgoing is true and correct.

Dated: December 17, 2021                          _____*/s/ David Klos*_____
                                                                        David Klos

---

[10] Total unpaid principal and interest due actually decreased from January 8, 2021 to December 17, 2021 because a payment of $1,406,111.92 made January 14, 2021, which reduced the total principal and interest then-outstanding.

[11] Total unpaid outstanding principal and interest due actually decreased from January 8, 2021 to December 17, 2021 because a payment of $181,226.83 made January 21, 2021, which reduced the total principal and interest then-outstanding.

[12] Total unpaid principal and interest due actually decreased from January 8, 2021 to December 17, 2021 because a payment of $665,811.09 made January 21, 2021, which reduced the total principal and interest then-outstanding.

# EXHIBIT A

## PROMISSORY NOTE

$30,746,812.33                                                           May 31, 2017

THIS PROMISSORY NOTE (this "**Note**") is in substitution for and supersedes in their entirety each of those certain promissory notes described in <u>Exhibit A</u> hereto, from NexPoint Advisors, L.P., as Maker, and Highland Capital Management, L.P. as Payee (collectively, the "**Prior Notes**"), together with the aggregate outstanding principal and accrued and unpaid interested represented thereby.

FOR VALUE RECEIVED, NEXPOINT ADVISORS, L.P. ("**Maker**") promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT, L.P. ("**Payee**"), in legal and lawful tender of the United States of America, the principal sum of THIRTY MILLION, SEVEN HUNDRED FORTY SIX THOUSAND, EIGHT HUNDRED TWELVE AND 33/100 DOLLARS ($30,746,812.33), together with interest, on the terms set forth below.  All sums hereunder are payable to Payee at 300 Crescent Court, Suite 700, Dallas, Texas 75201, or such other address as Payee may specify to Maker in writing from time to time.

      1.    <u>Interest Rate</u>.  The unpaid principal balance of this Note from time to time outstanding shall bear interest at the rate of six percent (6.00%) per annum from the date hereof until Maturity Date (hereinafter defined), compounded annually on the anniversary of the date of this Note.  Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable annually.

      2.    <u>Payment of Principal and Interest</u>. Principal and interest under this Note shall be payable as follows:

      2.1    <u>Annual Payment Dates</u>. During the term of this Note, Borrower shall pay the outstanding principal amount of the Note (and all unpaid accrued interest through the date of each such payment) in thirty (30) equal annual payments (the "**Annual Installment**") until the Note is paid in full. Borrower shall pay the Annual Installment on the 31st day of December of each calendar year during the term of this Note, commencing on the first such date to occur after the date of execution of this Note.

      2.2    <u>Final Payment Date</u>.    The final payment in the aggregate amount of the then outstanding and unpaid Note, together with all accrued and unpaid interest thereon, shall become immediately due and payable in full on December 31, 2047 (the "**Maturity Date**").

      3.    <u>Prepayment Allowed; Renegotiation Discretionary</u>.  Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note.  Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

      4.    <u>Acceleration Upon Default</u>.  Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same

D-CNL002954

shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

5.    Waiver.  Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

6.    Attorneys' Fees.  If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

7.    Limitation on Agreements.  All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law.  The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

8.    Governing Law.  This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

9.    Prior Notes.    The original of each of the Prior Notes superseded hereby shall be marked "VOID" by Payee.

**MAKER:**

NEXPOINT ADVISORS, L.P.
By: NexPoint Advisors GP, LLC, its general partner

By: _____
Name:
Title:

2

D-CNL002955

## EXHIBIT A

## PRIOR NOTES

| Loan Date | Initial Note Amount | Interest Rate | Principal and Interest Outstanding as of May 31, 2017 |
|---|---|---|---|
| 8/21/14 | $4,000,000 | 6.00% | $4,616,739.73 |
| 10/1/14 | $6,000,000 | 6.00% | $6,959,671.23 |
| 11/14/14 | $2,500,000 | 6.00% | $2,881,780.82 |
| 1/29/15 | $3,100,000 | 6.00% | $3,534,679.45 |
| 7/22/15 | $12,075,000 | 6.00% | $12,753,941.10 |
| | **$27,675,000** | | **$30,746,812.33** |

3

D-CNL002956

# EXHIBIT B

**NPA $30.7M**

| | | |
|---|---|---|
| **Closing Date** | | 5/31/2017 |
| **Total Commitment** | $ | 30,746,812 |
| **Rate** | | 6.000% |
| **Maturity:** | | 12/31/2047 |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total Paid |
|---|---|---|---|---|---|---|---|
| 5/31/2017 | | | | | | $ 30,746,812 | |
| 6/30/2017 | 151,628.12 | | 151,628.12 | 30,746,812.33 | | 30,746,812.33 | |
| 7/31/2017 | 156,682.39 | | 308,310.50 | 30,746,812.33 | | 30,746,812.33 | |
| 8/31/2017 | 156,682.39 | | 464,992.89 | 30,746,812.33 | | 30,746,812.33 | |
| 9/30/2017 | 151,628.12 | | 616,621.00 | 30,746,812.33 | | 30,746,812.33 | |
| 10/20/2017 | 101,085.41 | (717,706.41) | - | 30,746,812.33 | (82,293.59) | 30,664,518.74 | (800,000.00) |
| 10/31/2017 | 55,448.17 | | 55,448.17 | 30,664,518.74 | | 30,664,518.74 | |
| 11/30/2017 | 151,222.28 | | 206,670.46 | 30,664,518.74 | | 30,664,518.74 | |
| 12/5/2017 | 25,203.71 | (358,904.83) | (127,030.67) | 30,664,518.74 | (942,600.16) | 29,721,918.58 | (1,301,504.99) |
| 12/31/2017 | 127,030.67 | | (0.00) | 29,721,918.58 | | 29,721,918.58 | |
| 1/31/2018 | 151,459.64 | | 151,459.64 | 29,721,918.58 | | 29,721,918.58 | |
| 2/28/2018 | 136,802.26 | | 288,261.90 | 29,721,918.58 | | 29,721,918.58 | |
| 3/31/2018 | 151,459.64 | | 439,721.54 | 29,721,918.58 | | 29,721,918.58 | |
| 4/10/2018 | 48,857.95 | (439,721.54) | 48,857.95 | 29,721,918.58 | | 29,721,918.58 | (439,721.54) |
| 4/30/2018 | 97,715.90 | | 146,573.85 | 29,721,918.58 | | 29,721,918.58 | |
| 5/1/2018 | 4,885.79 | (146,573.85) | 4,885.79 | 29,721,918.58 | | 29,721,918.58 | (146,573.85) |
| 5/9/2018 | 39,086.36 | (879,927.65) | (835,955.50) | 29,721,918.58 | | 29,721,918.58 | (879,927.65) |
| 5/31/2018 | 107,487.49 | | (728,468.01) | 29,721,918.58 | | 29,721,918.58 | |
| 6/30/2018 | 146,573.85 | | (581,894.17) | 29,721,918.58 | | 29,721,918.58 | |
| 7/31/2018 | 151,459.64 | | (430,434.53) | 29,721,918.58 | | 29,721,918.58 | |
| 8/31/2018 | 151,459.64 | | (278,974.89) | 29,721,918.58 | | 29,721,918.58 | |
| 9/5/2018 | 24,428.97 | | (254,545.91) | 29,721,918.58 | (280,765.40) | 29,441,153.18 | (280,765.40) |
| 9/21/2018 | 77,434.27 | | (177,111.65) | 29,441,153.18 | (1,023,750.00) | 28,417,403.18 | (1,023,750.00) |
| 9/30/2018 | 42,042.19 | | (135,069.46) | 28,417,403.18 | | 28,417,403.18 | |
| 10/31/2018 | 144,811.97 | | 9,742.51 | 28,417,403.18 | | 28,417,403.18 | |
| 11/30/2018 | 140,140.62 | | 149,883.13 | 28,417,403.18 | | 28,417,403.18 | |
| 12/18/2018 | 84,084.37 | (294,695.10) | (60,727.60) | 28,417,403.18 | | 28,417,403.18 | (294,695.10) |
| 12/31/2018 | 60,727.60 | | (0.00) | 28,417,403.18 | | 28,417,403.18 | |

CONFIDENTIAL

| Date | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1/31/2019 | 144,811.97 | | 144,811.97 | 28,417,403.18 | | 28,417,403.18 | |
| 2/28/2019 | 130,797.91 | | 275,609.88 | 28,417,403.18 | | 28,417,403.18 | |
| 3/29/2019 | 135,469.26 | (411,079.15) | (0.00) | 28,417,403.18 | (338,920.85) | 28,078,482.33 | (750,000.00) |
| 3/31/2019 | 9,231.28 | | 9,231.28 | 28,078,482.33 | | 28,078,482.33 | |
| 4/16/2019 | 73,850.25 | (83,081.53) | 0.00 | 28,078,482.33 | (1,216,918.47) | 26,861,563.86 | (1,300,000.00) |
| 4/30/2019 | 61,818.39 | | 61,818.40 | 26,861,563.86 | | 26,861,563.86 | |
| 5/31/2019 | 136,883.59 | (198,701.98) | 0.00 | 26,861,563.86 | 198,701.98 | 27,060,265.84 | - |
| 6/4/2019 | 17,793.05 | (17,793.05) | 0.00 | 27,060,265.84 | (282,206.95) | 26,778,058.89 | (300,000.00) |
| 6/19/2019 | 66,028.09 | (66,028.10) | (0.00) | 26,778,058.89 | (2,033,971.90) | 24,744,086.99 | (2,100,000.00) |
| 6/30/2019 | 44,742.73 | | 44,742.73 | 24,744,086.99 | | 24,744,086.99 | |
| 7/9/2019 | 36,607.69 | (81,350.42) | (0.00) | 24,744,086.99 | (548,649.58) | 24,195,437.41 | (630,000.00) |
| 7/31/2019 | 87,501.31 | | 87,501.31 | 24,195,437.41 | | 24,195,437.41 | |
| 8/13/2019 | 51,705.32 | (139,206.62) | 0.00 | 24,195,437.41 | (1,160,793.38) | 23,034,644.03 | (1,300,000.00) |
| 8/31/2019 | 68,157.30 | | 68,157.31 | 23,034,644.03 | | 23,034,644.03 | |
| 9/30/2019 | 113,595.50 | | 181,752.81 | 23,034,644.03 | | 23,034,644.03 | |
| 10/15/2019 | 56,797.75 | | 238,550.56 | 23,034,644.03 | | 23,034,644.03 | |
| 10/31/2019 | 60,584.27 | | 299,134.83 | 23,034,644.03 | | 23,034,644.03 | |
| 11/30/2019 | 113,595.50 | | 412,730.34 | 23,034,644.03 | | 23,034,644.03 | |
| 12/30/2019 | 113,595.50 | -530,112.36 | (3,786.52) | 23,034,644.03 | | 23,034,644.03 | (530,112.36) |
| 12/31/2019 | 3,786.52 | | 0.00 | 23,034,644.03 | | 23,034,644.03 | |
| 1/31/2020 | 117,382.02 | | 117,382.02 | 23,034,644.03 | | 23,034,644.03 | |
| 2/29/2020 | 109,808.99 | | 227,191.01 | 23,034,644.03 | | 23,034,644.03 | |
| 3/31/2020 | 117,382.02 | | 344,573.03 | 23,034,644.03 | | 23,034,644.03 | |
| 4/30/2020 | 113,595.50 | | 458,168.54 | 23,034,644.03 | | 23,034,644.03 | |
| 5/31/2020 | 117,382.02 | (575,550.56) | (0.00) | 23,034,644.03 | 575,550.56 | 23,610,194.59 | |
| 6/30/2020 | 116,433.84 | | 116,433.83 | 23,610,194.59 | | 23,610,194.59 | |
| 7/31/2020 | 120,314.96 | | 236,748.80 | 23,610,194.59 | | 23,610,194.59 | |
| 8/31/2020 | 120,314.96 | | 357,063.76 | 23,610,194.59 | | 23,610,194.59 | |
| 9/30/2020 | 116,433.84 | | 473,497.60 | 23,610,194.59 | | 23,610,194.59 | |
| 10/31/2020 | 120,314.96 | | 593,812.56 | 23,610,194.59 | | 23,610,194.59 | |
| 11/30/2020 | 116,433.84 | | 710,246.40 | 23,610,194.59 | | 23,610,194.59 | |
| 12/31/2020 | 120,314.96 | | 830,561.36 | 23,610,194.59 | | 23,610,194.59 | |
| 1/14/2021 | 54,335.79 | (830,561.36) | 54,335.79 | 23,610,194.59 | (575,550.56) | 23,034,644.03 | (1,406,111.92) |
| 1/31/2021 | 64,370.79 | | 118,706.58 | 23,034,644.03 | | 23,034,644.03 | |
| 2/28/2021 | 106,022.47 | | 224,729.05 | 23,034,644.03 | | 23,034,644.03 | |
| 3/31/2021 | 117,382.02 | | 342,111.07 | 23,034,644.03 | | 23,034,644.03 | |
| 4/30/2021 | 113,595.50 | | 455,706.58 | 23,034,644.03 | | 23,034,644.03 | |
| 5/31/2021 | 117,382.02 | | 573,088.60 | 23,034,644.03 | | 23,034,644.03 | |

CONFIDENTIAL

| | | | | |
|---|---|---|---|---|
| 6/30/2021 | 113,595.50 | 686,684.10 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2021 | 117,382.02 | 804,066.13 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2021 | 117,382.02 | 921,448.15 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2021 | 113,595.50 | 1,035,043.65 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2021 | 117,382.02 | 1,152,425.67 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2021 | 113,595.50 | 1,266,021.18 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2021 | 117,382.02 | 1,383,403.20 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2022 | 117,382.02 | 1,500,785.22 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2022 | 106,022.47 | 1,606,807.69 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2022 | 117,382.02 | 1,724,189.72 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2022 | 113,595.50 | 1,837,785.22 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2022 | 117,382.02 | 1,955,167.24 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2022 | 113,595.50 | 2,068,762.75 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2022 | 117,382.02 | 2,186,144.77 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2022 | 117,382.02 | 2,303,526.79 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2022 | 113,595.50 | 2,417,122.29 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2022 | 117,382.02 | 2,534,504.32 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2022 | 113,595.50 | 2,648,099.82 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2022 | 117,382.02 | 2,765,481.84 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2023 | 117,382.02 | 2,882,863.86 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2023 | 106,022.47 | 2,988,886.34 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2023 | 117,382.02 | 3,106,268.36 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2023 | 113,595.50 | 3,219,863.86 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2023 | 117,382.02 | 3,337,245.88 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2023 | 113,595.50 | 3,450,841.39 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2023 | 117,382.02 | 3,568,223.41 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2023 | 117,382.02 | 3,685,605.43 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2023 | 113,595.50 | 3,799,200.94 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2023 | 117,382.02 | 3,916,582.96 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2023 | 113,595.50 | 4,030,178.46 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2023 | 117,382.02 | 4,147,560.48 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2024 | 117,382.02 | 4,264,942.51 | 23,034,644.03 | 23,034,644.03 |
| 2/29/2024 | 109,808.99 | 4,374,751.49 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2024 | 117,382.02 | 4,492,133.52 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2024 | 113,595.50 | 4,605,729.02 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2024 | 117,382.02 | 4,723,111.04 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2024 | 113,595.50 | 4,836,706.55 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2024 | 117,382.02 | 4,954,088.57 | 23,034,644.03 | 23,034,644.03 |

CONFIDENTIAL

D-NNL-029143

| | | | | |
|---|---|---|---|---|
| 8/31/2024 | 117,382.02 | 5,071,470.59 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2024 | 113,595.50 | 5,185,066.10 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2024 | 117,382.02 | 5,302,448.12 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2024 | 113,595.50 | 5,416,043.62 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2024 | 117,382.02 | 5,533,425.64 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2025 | 117,382.02 | 5,650,807.67 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2025 | 106,022.47 | 5,756,830.14 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2025 | 117,382.02 | 5,874,212.16 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2025 | 113,595.50 | 5,987,807.66 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2025 | 117,382.02 | 6,105,189.68 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2025 | 113,595.50 | 6,218,785.19 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2025 | 117,382.02 | 6,336,167.21 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2025 | 117,382.02 | 6,453,549.23 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2025 | 113,595.50 | 6,567,144.74 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2025 | 117,382.02 | 6,684,526.76 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2025 | 113,595.50 | 6,798,122.26 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2025 | 117,382.02 | 6,915,504.29 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2026 | 117,382.02 | 7,032,886.31 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2026 | 106,022.47 | 7,138,908.78 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2026 | 117,382.02 | 7,256,290.80 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2026 | 113,595.50 | 7,369,886.31 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2026 | 117,382.02 | 7,487,268.33 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2026 | 113,595.50 | 7,600,863.83 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2026 | 117,382.02 | 7,718,245.85 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2026 | 117,382.02 | 7,835,627.87 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2026 | 113,595.50 | 7,949,223.38 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2026 | 117,382.02 | 8,066,605.40 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2026 | 113,595.50 | 8,180,200.91 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2026 | 117,382.02 | 8,297,582.93 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2027 | 117,382.02 | 8,414,964.95 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2027 | 106,022.47 | 8,520,987.42 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2027 | 117,382.02 | 8,638,369.44 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2027 | 113,595.50 | 8,751,964.95 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2027 | 117,382.02 | 8,869,346.97 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2027 | 113,595.50 | 8,982,942.47 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2027 | 117,382.02 | 9,100,324.50 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2027 | 117,382.02 | 9,217,706.52 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2027 | 113,595.50 | 9,331,302.02 | 23,034,644.03 | 23,034,644.03 |

CONFIDENTIAL

| | | | | |
|---|---|---|---|---|
| 10/31/2027 | 117,382.02 | 9,448,684.04 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2027 | 113,595.50 | 9,562,279.55 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2027 | 117,382.02 | 9,679,661.57 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2028 | 117,382.02 | 9,797,043.59 | 23,034,644.03 | 23,034,644.03 |
| 2/29/2028 | 109,808.99 | 9,906,852.58 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2028 | 117,382.02 | 10,024,234.60 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2028 | 113,595.50 | 10,137,830.11 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2028 | 117,382.02 | 10,255,212.13 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2028 | 113,595.50 | 10,368,807.63 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2028 | 117,382.02 | 10,486,189.65 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2028 | 117,382.02 | 10,603,571.68 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2028 | 113,595.50 | 10,717,167.18 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2028 | 117,382.02 | 10,834,549.20 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2028 | 113,595.50 | 10,948,144.71 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2028 | 117,382.02 | 11,065,526.73 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2029 | 117,382.02 | 11,182,908.75 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2029 | 106,022.47 | 11,288,931.22 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2029 | 117,382.02 | 11,406,313.24 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2029 | 113,595.50 | 11,519,908.75 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2029 | 117,382.02 | 11,637,290.77 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2029 | 113,595.50 | 11,750,886.27 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2029 | 117,382.02 | 11,868,268.30 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2029 | 117,382.02 | 11,985,650.32 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2029 | 113,595.50 | 12,099,245.82 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2029 | 117,382.02 | 12,216,627.84 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2029 | 113,595.50 | 12,330,223.35 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2029 | 117,382.02 | 12,447,605.37 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2030 | 117,382.02 | 12,564,987.39 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2030 | 106,022.47 | 12,671,009.86 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2030 | 117,382.02 | 12,788,391.89 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2030 | 113,595.50 | 12,901,987.39 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2030 | 117,382.02 | 13,019,369.41 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2030 | 113,595.50 | 13,132,964.92 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2030 | 117,382.02 | 13,250,346.94 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2030 | 117,382.02 | 13,367,728.96 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2030 | 113,595.50 | 13,481,324.46 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2030 | 117,382.02 | 13,598,706.49 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2030 | 113,595.50 | 13,712,301.99 | 23,034,644.03 | 23,034,644.03 |

CONFIDENTIAL

D-NNL-029145

| | | | | |
|---|---|---|---|---|
| 12/31/2030 | 117,382.02 | 13,829,684.01 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2031 | 117,382.02 | 13,947,066.03 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2031 | 106,022.47 | 14,053,088.51 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2031 | 117,382.02 | 14,170,470.53 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2031 | 113,595.50 | 14,284,066.03 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2031 | 117,382.02 | 14,401,448.05 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2031 | 113,595.50 | 14,515,043.56 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2031 | 117,382.02 | 14,632,425.58 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2031 | 117,382.02 | 14,749,807.60 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2031 | 113,595.50 | 14,863,403.11 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2031 | 117,382.02 | 14,980,785.13 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2031 | 113,595.50 | 15,094,380.63 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2031 | 117,382.02 | 15,211,762.65 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2032 | 117,382.02 | 15,329,144.68 | 23,034,644.03 | 23,034,644.03 |
| 2/29/2032 | 109,808.99 | 15,438,953.66 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2032 | 117,382.02 | 15,556,335.69 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2032 | 113,595.50 | 15,669,931.19 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2032 | 117,382.02 | 15,787,313.21 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2032 | 113,595.50 | 15,900,908.72 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2032 | 117,382.02 | 16,018,290.74 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2032 | 117,382.02 | 16,135,672.76 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2032 | 113,595.50 | 16,249,268.27 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2032 | 117,382.02 | 16,366,650.29 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2032 | 113,595.50 | 16,480,245.79 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2032 | 117,382.02 | 16,597,627.81 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2033 | 117,382.02 | 16,715,009.84 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2033 | 106,022.47 | 16,821,032.31 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2033 | 117,382.02 | 16,938,414.33 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2033 | 113,595.50 | 17,052,009.83 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2033 | 117,382.02 | 17,169,391.85 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2033 | 113,595.50 | 17,282,987.36 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2033 | 117,382.02 | 17,400,369.38 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2033 | 117,382.02 | 17,517,751.40 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2033 | 113,595.50 | 17,631,346.91 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2033 | 117,382.02 | 17,748,728.93 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2033 | 113,595.50 | 17,862,324.43 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2033 | 117,382.02 | 17,979,706.46 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2034 | 117,382.02 | 18,097,088.48 | 23,034,644.03 | 23,034,644.03 |

CONFIDENTIAL

D-NNL-029146

| | | | | |
|---|---|---|---|---|
| 2/28/2034 | 106,022.47 | 18,203,110.95 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2034 | 117,382.02 | 18,320,492.97 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2034 | 113,595.50 | 18,434,088.47 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2034 | 117,382.02 | 18,551,470.50 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2034 | 113,595.50 | 18,665,066.00 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2034 | 117,382.02 | 18,782,448.02 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2034 | 117,382.02 | 18,899,830.04 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2034 | 113,595.50 | 19,013,425.55 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2034 | 117,382.02 | 19,130,807.57 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2034 | 113,595.50 | 19,244,403.08 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2034 | 117,382.02 | 19,361,785.10 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2035 | 117,382.02 | 19,479,167.12 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2035 | 106,022.47 | 19,585,189.59 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2035 | 117,382.02 | 19,702,571.61 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2035 | 113,595.50 | 19,816,167.12 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2035 | 117,382.02 | 19,933,549.14 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2035 | 113,595.50 | 20,047,144.64 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2035 | 117,382.02 | 20,164,526.67 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2035 | 117,382.02 | 20,281,908.69 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2035 | 113,595.50 | 20,395,504.19 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2035 | 117,382.02 | 20,512,886.21 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2035 | 113,595.50 | 20,626,481.72 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2035 | 117,382.02 | 20,743,863.74 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2036 | 117,382.02 | 20,861,245.76 | 23,034,644.03 | 23,034,644.03 |
| 2/29/2036 | 109,808.99 | 20,971,054.75 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2036 | 117,382.02 | 21,088,436.77 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2036 | 113,595.50 | 21,202,032.28 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2036 | 117,382.02 | 21,319,414.30 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2036 | 113,595.50 | 21,433,009.80 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2036 | 117,382.02 | 21,550,391.82 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2036 | 117,382.02 | 21,667,773.85 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2036 | 113,595.50 | 21,781,369.35 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2036 | 117,382.02 | 21,898,751.37 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2036 | 113,595.50 | 22,012,346.88 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2036 | 117,382.02 | 22,129,728.90 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2037 | 117,382.02 | 22,247,110.92 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2037 | 106,022.47 | 22,353,133.39 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2037 | 117,382.02 | 22,470,515.41 | 23,034,644.03 | 23,034,644.03 |

CONFIDENTIAL

D-NNL-029147

| | | | | |
|---|---|---|---|---|
| 4/30/2037 | 113,595.50 | 22,584,110.92 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2037 | 117,382.02 | 22,701,492.94 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2037 | 113,595.50 | 22,815,088.44 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2037 | 117,382.02 | 22,932,470.47 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2037 | 117,382.02 | 23,049,852.49 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2037 | 113,595.50 | 23,163,447.99 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2037 | 117,382.02 | 23,280,830.01 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2037 | 113,595.50 | 23,394,425.52 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2037 | 117,382.02 | 23,511,807.54 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2038 | 117,382.02 | 23,629,189.56 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2038 | 106,022.47 | 23,735,212.03 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2038 | 117,382.02 | 23,852,594.06 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2038 | 113,595.50 | 23,966,189.56 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2038 | 117,382.02 | 24,083,571.58 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2038 | 113,595.50 | 24,197,167.09 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2038 | 117,382.02 | 24,314,549.11 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2038 | 117,382.02 | 24,431,931.13 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2038 | 113,595.50 | 24,545,526.63 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2038 | 117,382.02 | 24,662,908.66 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2038 | 113,595.50 | 24,776,504.16 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2038 | 117,382.02 | 24,893,886.18 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2039 | 117,382.02 | 25,011,268.20 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2039 | 106,022.47 | 25,117,290.68 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2039 | 117,382.02 | 25,234,672.70 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2039 | 113,595.50 | 25,348,268.20 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2039 | 117,382.02 | 25,465,650.22 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2039 | 113,595.50 | 25,579,245.73 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2039 | 117,382.02 | 25,696,627.75 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2039 | 117,382.02 | 25,814,009.77 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2039 | 113,595.50 | 25,927,605.28 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2039 | 117,382.02 | 26,044,987.30 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2039 | 113,595.50 | 26,158,582.80 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2039 | 117,382.02 | 26,275,964.82 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2040 | 117,382.02 | 26,393,346.85 | 23,034,644.03 | 23,034,644.03 |
| 2/29/2040 | 109,808.99 | 26,503,155.83 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2040 | 117,382.02 | 26,620,537.86 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2040 | 113,595.50 | 26,734,133.36 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2040 | 117,382.02 | 26,851,515.38 | 23,034,644.03 | 23,034,644.03 |

CONFIDENTIAL

D-NNL-029148

| | | | | |
|---|---|---|---|---|
| 6/30/2040 | 113,595.50 | 26,965,110.89 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2040 | 117,382.02 | 27,082,492.91 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2040 | 117,382.02 | 27,199,874.93 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2040 | 113,595.50 | 27,313,470.44 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2040 | 117,382.02 | 27,430,852.46 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2040 | 113,595.50 | 27,544,447.96 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2040 | 117,382.02 | 27,661,829.98 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2041 | 117,382.02 | 27,779,212.01 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2041 | 106,022.47 | 27,885,234.48 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2041 | 117,382.02 | 28,002,616.50 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2041 | 113,595.50 | 28,116,212.00 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2041 | 117,382.02 | 28,233,594.02 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2041 | 113,595.50 | 28,347,189.53 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2041 | 117,382.02 | 28,464,571.55 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2041 | 117,382.02 | 28,581,953.57 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2041 | 113,595.50 | 28,695,549.08 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2041 | 117,382.02 | 28,812,931.10 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2041 | 113,595.50 | 28,926,526.60 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2041 | 117,382.02 | 29,043,908.63 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2042 | 117,382.02 | 29,161,290.65 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2042 | 106,022.47 | 29,267,313.12 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2042 | 117,382.02 | 29,384,695.14 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2042 | 113,595.50 | 29,498,290.64 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2042 | 117,382.02 | 29,615,672.67 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2042 | 113,595.50 | 29,729,268.17 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2042 | 117,382.02 | 29,846,650.19 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2042 | 117,382.02 | 29,964,032.21 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2042 | 113,595.50 | 30,077,627.72 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2042 | 117,382.02 | 30,195,009.74 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2042 | 113,595.50 | 30,308,605.25 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2042 | 117,382.02 | 30,425,987.27 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2043 | 117,382.02 | 30,543,369.29 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2043 | 106,022.47 | 30,649,391.76 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2043 | 117,382.02 | 30,766,773.78 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2043 | 113,595.50 | 30,880,369.29 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2043 | 117,382.02 | 30,997,751.31 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2043 | 113,595.50 | 31,111,346.81 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2043 | 117,382.02 | 31,228,728.84 | 23,034,644.03 | 23,034,644.03 |

CONFIDENTIAL

D-NNL-029149

| | | | | |
|---|---|---|---|---|
| 8/31/2043 | 117,382.02 | 31,346,110.86 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2043 | 113,595.50 | 31,459,706.36 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2043 | 117,382.02 | 31,577,088.38 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2043 | 113,595.50 | 31,690,683.89 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2043 | 117,382.02 | 31,808,065.91 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2044 | 117,382.02 | 31,925,447.93 | 23,034,644.03 | 23,034,644.03 |
| 2/29/2044 | 109,808.99 | 32,035,256.92 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2044 | 117,382.02 | 32,152,638.94 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2044 | 113,595.50 | 32,266,234.45 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2044 | 117,382.02 | 32,383,616.47 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2044 | 113,595.50 | 32,497,211.97 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2044 | 117,382.02 | 32,614,593.99 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2044 | 117,382.02 | 32,731,976.02 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2044 | 113,595.50 | 32,845,571.52 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2044 | 117,382.02 | 32,962,953.54 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2044 | 113,595.50 | 33,076,549.05 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2044 | 117,382.02 | 33,193,931.07 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2045 | 117,382.02 | 33,311,313.09 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2045 | 106,022.47 | 33,417,335.56 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2045 | 117,382.02 | 33,534,717.58 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2045 | 113,595.50 | 33,648,313.09 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2045 | 117,382.02 | 33,765,695.11 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2045 | 113,595.50 | 33,879,290.61 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2045 | 117,382.02 | 33,996,672.64 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2045 | 117,382.02 | 34,114,054.66 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2045 | 113,595.50 | 34,227,650.16 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2045 | 117,382.02 | 34,345,032.18 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2045 | 113,595.50 | 34,458,627.69 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2045 | 117,382.02 | 34,576,009.71 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2046 | 117,382.02 | 34,693,391.73 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2046 | 106,022.47 | 34,799,414.20 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2046 | 117,382.02 | 34,916,796.23 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2046 | 113,595.50 | 35,030,391.73 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2046 | 117,382.02 | 35,147,773.75 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2046 | 113,595.50 | 35,261,369.26 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2046 | 117,382.02 | 35,378,751.28 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2046 | 117,382.02 | 35,496,133.30 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2046 | 113,595.50 | 35,609,728.80 | 23,034,644.03 | 23,034,644.03 |

CONFIDENTIAL

D-NNL-029150

| | | | | |
|---|---|---|---|---|
| 10/31/2046 | 117,382.02 | 35,727,110.83 | 23,034,644.03 | 23,034,644.03 |
| 11/30/2046 | 113,595.50 | 35,840,706.33 | 23,034,644.03 | 23,034,644.03 |
| 12/31/2046 | 117,382.02 | 35,958,088.35 | 23,034,644.03 | 23,034,644.03 |
| 1/31/2047 | 117,382.02 | 36,075,470.37 | 23,034,644.03 | 23,034,644.03 |
| 2/28/2047 | 106,022.47 | 36,181,492.85 | 23,034,644.03 | 23,034,644.03 |
| 3/31/2047 | 117,382.02 | 36,298,874.87 | 23,034,644.03 | 23,034,644.03 |
| 4/30/2047 | 113,595.50 | 36,412,470.37 | 23,034,644.03 | 23,034,644.03 |
| 5/31/2047 | 117,382.02 | 36,529,852.39 | 23,034,644.03 | 23,034,644.03 |
| 6/30/2047 | 113,595.50 | 36,643,447.90 | 23,034,644.03 | 23,034,644.03 |
| 7/31/2047 | 117,382.02 | 36,760,829.92 | 23,034,644.03 | 23,034,644.03 |
| 8/31/2047 | 117,382.02 | 36,878,211.94 | 23,034,644.03 | 23,034,644.03 |
| 9/30/2047 | 113,595.50 | 36,991,807.45 | 23,034,644.03 | 23,034,644.03 |
| 10/31/2047 | 117,382.02 | 37,109,189.47 | 23,034,644.03 | 23,034,644.03 |

CONFIDENTIAL

D-NNL-029151

# EXHIBIT C

**Highland Capital Management, L.P. - Cash**
Next 13 Weeks Commencing December 14, 2020
*(in thousands)*
*CONFIDENTIAL DRAFT FOR ILLUSTRATIVE PURPOSES ONLY - NOT FINAL OR APPROVED FOR FURTHER DISTRIBUTION*

| | Actual | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week beginning | 12/7 | 12/14 | 12/21 | 12/28 | 1/4 | 1/11 | 1/18 | 1/25 | 2/1 | 2/8 | 2/15 | 2/22 | 3/1 | 3/8 |
| **Beginning unrestricted operating cash** | $ 12,537 | $ 11,948 | $ 10,684 | $ 11,051 | $ 11,771 | $ 11,048 | $ 11,188 | $ 11,353 | $ 10,486 | $ 11,445 | $ 10,860 | $ 10,279 | $ 8,145 | $ 8,381 |
| **Operating Receipts** | | | | | | | | | | | | | | |
| Management fees | | | | | | | | | | | | | | |
| CLOs | - | - | - | - | - | - | - | - | 676 | - | - | - | - | |
| Hedge funds | - | - | - | - | 63 | - | - | - | - | - | - | - | - | |
| Private Equity, PetroCap, Port Co's | - | - | - | 776 | - | - | - | 750 | 165 | - | 270 | - | - | |
| Separate accounts | - | - | - | - | - | - | - | - | - | - | 579 | - | - | |
| Management fees - management funds | $ - | $ - | $ 776 | $ - | $ 63 | $ - | $ - | $ 750 | $ 841 | $ - | $ 849 | $ - | $ - | |
| HCMFA / NPA investment support | - | - | 668 | - | - | 668 | - | - | 668 | - | - | - | 668 | |
| Shared services receipts | 39 | - | 168 | 385 | - | 168 | 290 | 135 | - | 290 | 60 | 15 | - | |
| Intercompany and shared services revenue | 39 | $ - | $ 836 | $ 385 | $ - | $ 836 | $ 290 | $ 135 | $ 668 | $ 290 | $ 60 | $ 15 | $ 668 | $ - |
| Fund reimbursements | - | - | 60 | - | - | - | 100 | - | - | - | 100 | - | - | |
| Interest receipts on notes receivable | - | - | - | 2,051 | - | - | - | - | - | - | - | - | - | |
| Dividend receipts (unencumbered) | - | - | - | - | - | - | - | - | - | - | - | - | - | |
| Other miscellaneous receipts | - | - | - | - | - | - | - | - | - | - | - | - | - | |
| Total other receipts | $ - | $ - | $ 60 | $ 2,051 | $ - | $ - | $ 100 | $ - | $ - | $ - | $ 100 | $ - | $ - | |
| **Total operating receipts** | $ 39 | $ - | $ 1,672 | $ 2,436 | $ 63 | $ - | $ 390 | $ 885 | $ 1,509 | $ 290 | $ 1,009 | $ 15 | $ 668 | $ - |
| **Compensation and benefits** | | | | | | | | | | | | | | |
| Payroll, benefits, and taxes + exp reimb | (408) | (31) | - | (556) | - | (471) | - | (561) | - | (535) | - | (625) | - | (460) |
| Cash bonuses | - | - | - | - | - | - | - | - | - | - | - | (3,394) | - | - |
| **Total compensation and benefits** | $ (408) | $ (31) | $ - | $ (556) | $ - | $ (471) | $ - | $ (561) | $ - | $ (535) | $ - | $ (4,019) | $ - | $ (460) |
| **General overhead** | | | | | | | | | | | | | | |
| Outside legal (ordinary course) | (62) | - | (499) | - | (560) | - | - | (560) | - | - | - | (560) | - | - |
| Independent director fees | - | - | - | (210) | - | - | - | - | (210) | - | - | - | (210) | - |
| General overhead - critical vendors (pre-petition) | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| General overhead - post-petition vendors | (158) | (1,233) | (275) | (275) | (225) | (225) | (225) | (225) | (340) | (340) | (340) | (340) | (222) | (222) |
| **Total general overhead** | $ (220) | $ (1,233) | $ (774) | $ (485) | $ (785) | $ (225) | $ (225) | $ (785) | $ (550) | $ (340) | $ (340) | $ (900) | $ (432) | $ (222) |
| **Net change in cash due to operating activity** | (589) | (1,264) | 898 | 1,395 | (723) | 140 | 165 | (461) | 959 | (585) | 669 | (4,904) | 236 | (682) |
| **Re-org related - payments direct to professionals** | | | | | | | | | | | | | | |
| Debtor bankruptcy counsel | - | - | - | (300) | - | - | - | (720) | - | - | - | (720) | - | - |
| Debtor FA/CRO | - | - | - | - | - | - | - | (300) | - | - | - | (300) | - | - |
| Compensation consultant | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Committee counsel | - | - | (359) | (339) | - | - | - | (600) | - | - | - | (600) | - | - |
| Committee FA | - | - | (172) | (138) | - | - | - | (480) | - | - | - | (480) | - | - |
| Claims / noticing agent | - | - | - | - | - | - | - | (30) | - | - | - | (30) | - | - |
| Regulatory & compliance counsel | - | - | - | (100) | - | - | - | (100) | - | - | - | (100) | - | - |
| Mediation | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| US Trustee | - | - | - | - | - | - | - | (175) | - | - | - | - | - | - |
| **Total re-org related** | $ - | $ - | $ (531) | $ (877) | $ - | $ - | $ - | $ (2,405) | $ - | $ - | $ - | $ (2,230) | $ - | $ - |
| **Net change in cash from ops + reorg costs** | (589) | (1,264) | 367 | 518 | (723) | 140 | 165 | (2,866) | 959 | (585) | 669 | (7,134) | 236 | (682) |
| **Investing cash flows (principal only on notes)** | | | | | | | | | | | | | | |
| Jefferies prime brokerage, net or Select Equity Fund funding | - | - | - | - | - | - | - | 2,000 | - | - | - | 5,000 | - | - |
| Third party fund capital call obligations | - | - | - | - | - | - | - | - | - | - | (1,650) | - | - | - |
| Third party fund expected distributions | - | - | - | - | - | - | - | - | - | - | 400 | - | - | - |
| Highland Capital Management Korea (capital call funding) | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Multi Strategy Credit Fund | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Highland Capital Management Latin America | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Proceeds from outstanding notes | - | - | - | 202 | - | - | - | - | - | - | - | - | - | - |
| Divs, paydowns, misc from non-PB assets | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Purchases of other investments (non-PB) | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Proceeds from other investments (non-PB) | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Net change in cash due to investing activities** | - | - | - | 202 | - | - | - | 2,000 | - | - | (1,250) | 5,000 | - | - |
| **Financing cash flows** | | | | | | | | | | | | | | |
| Required equity distributions | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Equity contributions | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Existing debt paydowns | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Net change in cash due to financing activities** | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Ending unrestricted operating cash** | $ 11,948 | $ 10,684 | $ 11,051 | $ 11,771 | $ 11,048 | $ 11,188 | $ 11,353 | $ 10,486 | $ 11,445 | $ 10,860 | $ 10,279 | $ 8,145 | $ 8,381 | $ 7,699 |

D-CNL003810

# EXHIBIT D

# PROMISSORY NOTE

$3,825,000                                                                          February 2, 2018

     FOR VALUE RECEIVED, JAMES DONDERO ("*Maker*") promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT LP ("*Payee*"), in legal and lawful tender of the United States of America, the principal sum of THREE MILLION, EIGHT HUNDRED AND TWENTY-FIVE THOUSAND and 00/100 Dollars ($3,825,000.00), together with interest, on the terms set forth below (the "*Note*"). All sums hereunder are payable to Payee at 300 Crescent Court, Dallas, TX 75201, or such other address as Payee may specify to Maker in writing from time to time.

     1.    <u>Interest Rate</u>.  The unpaid principal balance of this Note from time to time outstanding shall bear interest at a rate equal to the long-term "*applicable federal rate*" (2.66%) in effect on the date hereof for loans of such maturity as determined by Section 1274(d) of the Internal Revenue Code, per annum from the date hereof until maturity, compounded annually on the anniversary of the date of this Note. Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable on demand of the Payee.

     2.    <u>Payment of Principal and Interest</u>.  The accrued interest and principal of this Note shall be due and payable on demand of the Payee.

     3.    <u>Prepayment Allowed; Renegotiation Discretionary</u>.  Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note. Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

     4.    <u>Tax Loan</u>.  This Note is paid to the Maker to help satisfy any current tax obligations of a former partner or current partner.

     5.    <u>Acceleration Upon Default</u>.  Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

     6.    <u>Waiver</u>.  Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

     7.    <u>Attorneys' Fees</u>.  If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other

**Exhibit 1**

amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

       8.     Limitation on Agreements.  All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law.  The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

       9.     Governing Law.  This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

                     **MAKER:**

                     JAMES DONDERO

# EXHIBIT E

# PROMISSORY NOTE

$2,500,000                                                                                          August 1, 2018

      FOR VALUE RECEIVED, JAMES DONDERO ("*Maker*") promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT LP ("*Payee*"), in legal and lawful tender of the United States of America, the principal sum of TWO MILLION, FIVE HUNDRED THOUSAND and 00/100 Dollars ($2,500,000.00), together with interest, on the terms set forth below (the "*Note*"). All sums hereunder are payable to Payee at 300 Crescent Court, Dallas, TX 75201, or such other address as Payee may specify to Maker in writing from time to time.

      1.    <u>Interest Rate</u>.  The unpaid principal balance of this Note from time to time outstanding shall bear interest at a rate equal to the long-term "*applicable federal rate*" (2.95%) in effect on the date hereof for loans of such maturity as determined by Section 1274(d) of the Internal Revenue Code, per annum from the date hereof until maturity, compounded annually on the anniversary of the date of this Note. Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable on demand of the Payee.

      2.    <u>Payment of Principal and Interest</u>.  The accrued interest and principal of this Note shall be due and payable on demand of the Payee.

      3.    <u>Prepayment Allowed; Renegotiation Discretionary</u>.  Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note. Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

      4.    <u>Acceleration Upon Default</u>.  Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

      5.    <u>Waiver</u>.  Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

      6.    <u>Attorneys' Fees</u>.  If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

**Exhibit 3**

7.    <u>Limitation on Agreements</u>.  All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law.    The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

8.    <u>Governing Law</u>.  This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

**MAKER:**

_____

JAMES DONDERO

# EXHIBIT F

# PROMISSORY NOTE

$2,500,000                                                                    August 13, 2018

FOR VALUE RECEIVED, JAMES DONDERO ("*Maker*") promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT LP ("*Payee*"), in legal and lawful tender of the United States of America, the principal sum of TWO MILLION, FIVE HUNDRED THOUSAND and 00/100 Dollars ($2,500,000.00), together with interest, on the terms set forth below (the "*Note*"). All sums hereunder are payable to Payee at 300 Crescent Court, Dallas, TX 75201, or such other address as Payee may specify to Maker in writing from time to time.

1.    Interest Rate.    The unpaid principal balance of this Note from time to time outstanding shall bear interest at a rate equal to the long-term "*applicable federal rate*" (2.95%) in effect on the date hereof for loans of such maturity as determined by Section 1274(d) of the Internal Revenue Code, per annum from the date hereof until maturity, compounded annually on the anniversary of the date of this Note. Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable on demand of the Payee.

2.    Payment of Principal and Interest.    The accrued interest and principal of this Note shall be due and payable on demand of the Payee.

3.    Prepayment Allowed; Renegotiation Discretionary.    Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note. Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

4.    Acceleration Upon Default.    Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

5.    Waiver.    Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

6.    Attorneys' Fees.    If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

**Exhibit 4**

7.    <u>Limitation on Agreements</u>.  All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law.   The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

8.    <u>Governing Law</u>.  This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

**MAKER:**

_____

JAMES DONDERO

2

# EXHIBIT G

# PROMISSORY NOTE

$2,400,000.00                                                                                           May 2, 2019

FOR VALUE RECEIVED, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, LP. ("***Maker***") promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT, LP ("***Payee***"), in legal and lawful tender of the United States of America, the principal sum of TWO MILLION FOUR HUNDRED THOUSAND and 00/100 Dollars ($2,400,000.00), together with interest, on the terms set forth below (the "***Note***"). All sums hereunder are payable to Payee at 300 Crescent Court, Dallas, TX 75201, or such other address as Payee may specify to Maker in writing from time to time.

1. <u>Interest Rate</u>. The unpaid principal balance of this Note from time to time outstanding shall bear interest at a rate equal to the short-term "***applicable federal rate***" (2.39%) in effect on the date hereof for loans of such maturity as determined by Section 1274(d) of the Internal Revenue Code, per annum from the date hereof until maturity, compounded annually on the anniversary of the date of this Note. Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable on demand of the Payee.

2. <u>Payment of Principal and Interest</u>. The accrued interest and principal of this Note shall be due and payable on demand.

3. <u>Prepayment Allowed; Renegotiation Discretionary</u>. Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note. Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

4. <u>Acceleration Upon Default</u>. Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

5. <u>Waiver</u>. Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

6. <u>Attorneys' Fees</u>. If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

D-CNL002804

7.    Limitation on Agreements.  All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law.   The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

8.    Governing Law.  This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

**MAKER:**

_____

FRANK WATERHOUSE

2

D-CNL002805

# EXHIBIT H

# PROMISSORY NOTE

$5,000,000.00                                                                                    May 3, 2019

FOR VALUE RECEIVED, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, LP. ("*Maker*") promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT, LP ("*Payee*"), in legal and lawful tender of the United States of America, the principal sum of FIVE MILLION and 00/100 Dollars ($5,000,000.00), together with interest, on the terms set forth below (the "*Note*"). All sums hereunder are payable to Payee at 300 Crescent Court, Dallas, TX 75201, or such other address as Payee may specify to Maker in writing from time to time.

1.    Interest Rate.    The unpaid principal balance of this Note from time to time outstanding shall bear interest at a rate equal to the short-term "*applicable federal rate*" (2.39%) in effect on the date hereof for loans of such maturity as determined by Section 1274(d) of the Internal Revenue Code, per annum from the date hereof until maturity, compounded annually on the anniversary of the date of this Note. Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable on demand of the Payee.

2.    Payment of Principal and Interest.    The accrued interest and principal of this Note shall be due and payable on demand.

3.    Prepayment Allowed; Renegotiation Discretionary.    Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note. Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

4.    Acceleration Upon Default.    Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

5.    Waiver.    Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

6.    Attorneys' Fees.    If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

D-CNL002807

7.    Limitation on Agreements.  All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law.   The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

8.    Governing Law.  This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

**MAKER:**

_____
FRANK WATERHOUSE

2

D-CNL002808

# EXHIBIT I

# PROMISSORY NOTE

$150,000.00                                                          March 28, 2018

FOR VALUE RECEIVED, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC. (*"Maker"*) promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT, LP. (*"Payee"*), in legal and lawful tender of the United States of America, the principal sum of ONE HUNDRED AND FIFTY THOUSAND and 00/100 Dollars ($150,000.00), together with interest, on the terms set forth below (the *"Note"*). All sums hereunder are payable to Payee at 300 Crescent Court, Dallas, TX 75201, or such other address as Payee may specify to Maker in writing from time to time.

1.    Interest Rate. The unpaid principal balance of this Note from time to time outstanding shall bear interest at a rate equal to the long-term *"applicable federal rate"* (2.88 %) in effect on the date hereof for loans of such maturity as determined by Section 1274(d) of the Internal Revenue Code, per annum from the date hereof until maturity, compounded annually on the anniversary of the date of this Note. Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable on demand of the Payee.

2.    Payment of Principal and Interest. The accrued interest and principal of this Note shall be due and payable on demand of the Payee.

3.    Prepayment Allowed; Renegotiation Discretionary. Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note. Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

4.    Acceleration Upon Default. Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

5.    Waiver. Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

6.    Attorneys' Fees. If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

7.    <u>Limitation on Agreements</u>.  All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law.    The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

8.    <u>Governing Law</u>.  This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

**MAKER:**

HIGHLAND CAPITAL MANAGEMENT
SERVICES, INC.

2

D-CNL003105

# EXHIBIT J

# PROMISSORY NOTE

$200,000.00                                                                                   June 25, 2018

FOR VALUE RECEIVED, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC. ("*Maker*") promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT, LP. ("*Payee*"), in legal and lawful tender of the United States of America, the principal sum of TWO HUNDRED THOUSAND and 00/100 Dollars ($200,000.00), together with interest, on the terms set forth below (the "*Note*"). All sums hereunder are payable to Payee at 300 Crescent Court, Dallas, TX 75201, or such other address as Payee may specify to Maker in writing from time to time.

1.     Interest Rate.     The unpaid principal balance of this Note from time to time outstanding shall bear interest at a rate equal to the long-term "*applicable federal rate*" (3.05 %) in effect on the date hereof for loans of such maturity as determined by Section 1274(d) of the Internal Revenue Code, per annum from the date hereof until maturity, compounded annually on the anniversary of the date of this Note. Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable on demand of the Payee.

2.     Payment of Principal and Interest.     The accrued interest and principal of this Note shall be due and payable on demand of the Payee.

3.     Prepayment Allowed; Renegotiation Discretionary.     Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note. Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

4.     Acceleration Upon Default.     Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

5.     Waiver.     Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

6.     Attorneys' Fees.     If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

7.     <u>Limitation on Agreements</u>.  All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law.   The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

8.     <u>Governing Law</u>.  This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

**MAKER:**

HIGHLAND CAPITAL MANAGEMENT
SERVICES, INC.

2

D-CNL003108

# EXHIBIT K

# PROMISSORY NOTE

$400,000                                                                    May 29, 2019

     FOR VALUE RECEIVED, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC. ("**Maker**") promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT, LP ("**Payee**"), in legal and lawful tender of the United States of America, the principal sum of FOUR HUNDRED THOUSAND and 00/100 Dollars ($400,000.00), together with interest, on the terms set forth below (the "**Note**"). All sums hereunder are payable to Payee at 300 Crescent Court, Dallas, TX 75201, or such other address as Payee may specify to Maker in writing from time to time.

     1.   <u>Interest Rate</u>. The unpaid principal balance of this Note from time to time outstanding shall bear interest at a rate equal to the short-term "***applicable federal rate***" (2.39%) in effect on the date hereof for loans of such maturity as determined by Section 1274(d) of the Internal Revenue Code, per annum from the date hereof until maturity, compounded annually on the anniversary of the date of this Note. Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable on demand of the Payee.

     2.   <u>Payment of Principal and Interest</u>. The accrued interest and principal of this Note shall be due and payable on demand.

     3.   <u>Prepayment Allowed; Renegotiation Discretionary</u>. Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note. Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

     4.   <u>Acceleration Upon Default</u>. Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

     5.   <u>Waiver</u>. Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

     6.   <u>Attorneys' Fees</u>. If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

D-CNL003110

7.      Limitation on Agreements.  All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law.  The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

8.      Governing Law.  This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

**MAKER:**

_____
FRANK WATERHOUSE

2

D-CNL003111

# EXHIBIT L

# PROMISSORY NOTE

$150,000                                                                          June 26, 2019

      FOR VALUE RECEIVED, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC. ("*Maker*") promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT, LP ("*Payee*"), in legal and lawful tender of the United States of America, the principal sum of ONE HUNDRED AND FIFTY THOUSAND and 00/100 Dollars ($150,000.00), together with interest, on the terms set forth below (the "*Note*"). All sums hereunder are payable to Payee at 300 Crescent Court, Dallas, TX 75201, or such other address as Payee may specify to Maker in writing from time to time.

      1.    <u>Interest Rate</u>.  The unpaid principal balance of this Note from time to time outstanding shall bear interest at a rate equal to the short-term "*applicable federal rate*" (2.37%) in effect on the date hereof for loans of such maturity as determined by Section 1274(d) of the Internal Revenue Code, per annum from the date hereof until maturity, compounded annually on the anniversary of the date of this Note. Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable on demand of the Payee.

      2.    <u>Payment of Principal and Interest</u>.  The accrued interest and principal of this Note shall be due and payable on demand.

      3.    <u>Prepayment Allowed; Renegotiation Discretionary</u>.  Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note. Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

      4.    <u>Acceleration Upon Default</u>.  Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

      5.    <u>Waiver</u>.  Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

      6.    <u>Attorneys' Fees</u>.  If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

D-CNL003113

7.     <u>Limitation on Agreements</u>.  All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law.  The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

8.     <u>Governing Law</u>.  This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

**MAKER:**

_____

FRANK WATERHOUSE

2

D-CNL003114

# EXHIBIT M

# PROMISSORY NOTE

$100,000                                                        November 27, 2013

FOR VALUE RECEIVED, HCRE PARTNERS, LLC ("**Maker**") promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT, LP. ("**Payee**"), in legal and lawful tender of the United States of America, the principal sum of ONE HUNDRED THOUSAND and 00/100 Dollars ($100,000.00), together with interest, on the terms set forth below (the "**Note**"). All sums hereunder are payable to Payee at 300 Crescent Court, Dallas, TX 75201, or such other address as Payee may specify to Maker in writing from time to time.

1.     Interest Rate.  The unpaid principal balance of this Note from time to time outstanding shall bear interest at a rate equal to 8.00% per annum from the date hereof until maturity, compounded annually on the anniversary of the date of this Note.  Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable on demand of the Payee.

2.     Payment of Principal and Interest.  The accrued interest and principal of this Note shall be due and payable on demand of the Payee.

3.     Prepayment Allowed; Renegotiation Discretionary.  Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note.  Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

4.     Acceleration Upon Default.  Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof.  No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

5.     Waiver.  Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

6.     Attorneys' Fees.  If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

7.     Limitation on Agreements.  All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or

D-CNL003262

performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law. The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

8.  <u>Governing Law</u>. This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

**MAKER:**

_____
HCRE PARTNERS, LLC

2

D-CNL003263

# EXHIBIT N

# PROMISSORY NOTE

$2,500,000                                                                October 12, 2017

FOR VALUE RECEIVED, HCRE PARTNERS, LLC (*"**Maker**"*) promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT, LP. (*"**Payee**"*), in legal and lawful tender of the United States of America, the principal sum of TWO MILLION, FIVE HUNDRED THOUSAND and 00/100 Dollars ($2,500,000.00), together with interest, on the terms set forth below (the *"**Note**"*). All sums hereunder are payable to Payee at 300 Crescent Court, Dallas, TX 75201, or such other address as Payee may specify to Maker in writing from time to time.

1.    <u>Interest Rate</u>.  The unpaid principal balance of this Note from time to time outstanding shall bear interest at a rate equal to 8.00% per annum from the date hereof until maturity, compounded annually on the anniversary of the date of this Note. Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable on demand of the Payee.

2.    <u>Payment of Principal and Interest</u>.  The accrued interest and principal of this Note shall be due and payable on demand of the Payee.

3.    <u>Prepayment Allowed; Renegotiation Discretionary</u>.  Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note. Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

4.    <u>Acceleration Upon Default</u>.  Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof.  No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

5.    <u>Waiver</u>.  Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

6.    <u>Attorneys' Fees</u>.  If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

7.    <u>Limitation on Agreements</u>.  All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or

D-CNL003265

performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law. The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

      8.     Governing Law. This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

**MAKER:**

HCRE PARTNERS, LLC

2

D-CNL003266

# EXHIBIT O

# PROMISSORY NOTE

$750,000                                                          October 15, 2018

FOR VALUE RECEIVED, HCRE PARTNERS, LLC ("*Maker*") promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT, LP. ("*Payee*"), in legal and lawful tender of the United States of America, the principal sum of SEVEN HUNDRED FIFTY THOUSAND and 00/100 Dollars ($750,000.00), together with interest, on the terms set forth below (the "*Note*"). All sums hereunder are payable to Payee at 300 Crescent Court, Dallas, TX 75201, or such other address as Payee may specify to Maker in writing from time to time.

1.  <u>Interest Rate</u>. The unpaid principal balance of this Note from time to time outstanding shall bear interest at a rate equal to 8.00% per annum from the date hereof until maturity, compounded annually on the anniversary of the date of this Note. Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable on demand of the Payee.

2.  <u>Payment of Principal and Interest</u>. The accrued interest and principal of this Note shall be due and payable on demand of the Payee.

3.  <u>Prepayment Allowed; Renegotiation Discretionary</u>. Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note. Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

4.  <u>Acceleration Upon Default</u>. Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

5.  <u>Waiver</u>. Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

6.  <u>Attorneys' Fees</u>. If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

7.  <u>Limitation on Agreements</u>. All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or

D-CNL003268

performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law. The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

8. <u>Governing Law</u>. This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

**MAKER:**

HCRE PARTNERS, LLC

D-CNL003269

# EXHIBIT P

# PROMISSORY NOTE

$900,000                                                                                    September 25, 2019

     FOR VALUE RECEIVED, HCRE PARTNERS, LLC ("**Maker**") promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT, LP. ("**Payee**"), in legal and lawful tender of the United States of America, the principal sum of NINE HUNDRED THOUSAND and 00/100 Dollars ($900,000.00), together with interest, on the terms set forth below (the "**Note**").  All sums hereunder are payable to Payee at 300 Crescent Court, Dallas, TX 75201, or such other address as Payee may specify to Maker in writing from time to time.

     1.    <u>Interest Rate</u>.  The unpaid principal balance of this Note from time to time outstanding shall bear interest at a rate equal to 8.00% per annum from the date hereof until maturity, compounded annually on the anniversary of the date of this Note.  Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable on demand of the Payee.

     2.    <u>Payment of Principal and Interest</u>.  The accrued interest and principal of this Note shall be due and payable on demand of the Payee.

     3.    <u>Prepayment Allowed; Renegotiation Discretionary</u>.  Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note.  Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

     4.    <u>Acceleration Upon Default</u>.  Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof.  No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

     5.    <u>Waiver</u>.  Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

     6.    <u>Attorneys' Fees</u>.  If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

     7.    <u>Limitation on Agreements</u>.  All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or

D-CNL003271

performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law. The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

8.     <u>Governing Law</u>.  This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

**MAKER:**

_____
HCRE PARTNERS, LLC

2

D-CNL003272

# EXHIBIT Q

## PROMISSORY NOTE

**$20,247,628.02**                                                              **May 31, 2017**

THIS PROMISSORY NOTE (this "**Note**") is in substitution for and supersedes in their entirety each of those certain promissory notes described in <u>Exhibit A</u> hereto, from Highland Capital Management Services, Inc., as Maker, and Highland Capital Management, L.P. as Payee (collectively, the "**Prior Notes**"), together with the aggregate outstanding principal and accrued and unpaid interested represented thereby.

FOR VALUE RECEIVED, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC. ("**Maker**") promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT, L.P. ("**Payee**"), in legal and lawful tender of the United States of America, the principal sum of TWENTY MILLION, TWO HUNDRED FORTY SEVEN THOUSAND, SIX HUNDRED TWENTY EIGHT AND 02/100 DOLLARS ($20,247,628.02), together with interest, on the terms set forth below.  All sums hereunder are payable to Payee at 300 Crescent Court, Suite 700, Dallas, Texas 75201, or such other address as Payee may specify to Maker in writing from time to time.

1.     <u>Interest Rate</u>.  The unpaid principal balance of this Note from time to time outstanding shall bear interest at the rate of two and seventy-five hundredths percent (2.75%) per annum from the date hereof until Maturity Date (hereinafter defined), compounded annually on the anniversary of the date of this Note.  Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable annually.

2.     <u>Payment of Principal and Interest</u>. Principal and interest under this Note shall be payable as follows:

2.1     <u>Annual Payment Dates</u>. During the term of this Note, Borrower shall pay the outstanding principal amount of the Note (and all unpaid accrued interest through the date of each such payment) in thirty (30) equal annual payments (the "**Annual Installment**") until the Note is paid in full. Borrower shall pay the Annual Installment on the 31st day of December of each calendar year during the term of this Note, commencing on the first such date to occur after the date of execution of this Note.

2.2     <u>Final Payment Date</u>.        The final payment in the aggregate amount of the then outstanding and unpaid Note, together with all accrued and unpaid interest thereon, shall become immediately due and payable in full on December 31, 2047 (the "**Maturity Date**").

3.     <u>Prepayment Allowed; Renegotiation Discretionary</u>.  Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note.  Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

4.     <u>Acceleration Upon Default</u>.  Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof.  No

D-CNL003120

failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

5. <u>Waiver</u>. Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

6. <u>Attorneys' Fees</u>. If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

7. <u>Limitation on Agreements</u>. All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law. The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

8. <u>Governing Law</u>. This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

9. <u>Prior Notes</u>. The original of each of the Prior Notes superseded hereby shall be marked "VOID" by Payee.

**MAKER:**

HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.

By:_____
Name:
Title:

2

D-CNL003121

## EXHIBIT A

## PRIOR NOTES

| Loan Date | Initial Note Amount | Interest Rate | Principal and Interest Outstanding as of May 31, 2017 |
|---|---|---|---|
| 5/29/15 | $500,000 | 2.30% | $523,095 |
| 10/1/15 | $350,000 | 2.58% | $315,500 |
| 10/2/15 | $310,000 | 2.58% | $323,301 |
| 10/27/15 | $200,000 | 2.58% | $208,228 |
| 10/28/15 | $200,000 | 2.58% | $208,214 |
| 10/30/15 | $100,000 | 2.58% | $104,093 |
| 11/23/15 | $100,000 | 2.57% | $103,908 |
| 11/24/15 | $250,000 | 2.57% | $259,752 |
| 2/10/16 | $2,000,000 | 2.62% | $ 83,390 |
| 2/11/16 | $250,000 | 2.62% | $258,524 |
| 4/5/16 | $6,000,000 | 2.25% | $6,155,712 |
| 5/4/16 | $2,700,000 | 2.24% | $2,764,954 |
| 7/1/16 | $30,000 | 2.18% | $30,598 |
| 8/5/16 | $525,000 | 2.18% | $534,375 |
| 8/22/16 | $250,000 | 2.18% | $254,465 |
| 9/22/16 | $185,000 | 2.18% | $187,773 |
| 12/12/16 | $7,700,000 | 2.26% | $7,781,050 |
| 3/31/17 | $150,000 | 2.78% | $150,697 |
| | $21,800,000 | | $20,247,628.02 |

3

D-CNL003122

# EXHIBIT R

## PROMISSORY NOTE

$6,059,831.51                                                                              May 31, 2017

THIS PROMISSORY NOTE (this "**Note**") is in substitution for and supersedes in their entirety each of those certain promissory notes described in Exhibit A hereto, from HCRE Partners, LLC, as Maker, and Highland Capital Management, L.P. as Payee (collectively, the "**Prior Notes**"), together with the aggregate outstanding principal and accrued and unpaid interested represented thereby.

FOR VALUE RECEIVED, HCREA PARTNERS, LLC ("**Maker**") promises to pay to the order of HIGHLAND CAPITAL MANAGEMENT, L.P. ("**Payee**"), in legal and lawful tender of the United States of America, the principal sum of SIX MILLION, FIFTY NINE THOUSAND, EIGHT HUNDRED THIRTY ONE AND 51/100 DOLLARS ($6,059,831.51), together with interest, on the terms set forth below. All sums hereunder are payable to Payee at 300 Crescent Court, Suite 700, Dallas, Texas 75201, or such other address as Payee may specify to Maker in writing from time to time.

1.        Interest Rate.        The unpaid principal balance of this Note from time to time outstanding shall bear interest at the rate of eight percent (8.00%) per annum from the date hereof until Maturity Date (hereinafter defined), compounded annually on the anniversary of the date of this Note. Interest shall be calculated at a daily rate equal to 1/365th (1/366 in a leap year) of the rate per annum, shall be charged and collected on the actual number of days elapsed, and shall be payable annually.

2.        Payment of Principal and Interest. Principal and interest under this Note shall be payable as follows:

      2.1        Annual Payment Dates. During the term of this Note, Borrower shall pay the outstanding principal amount of the Note (and all unpaid accrued interest through the date of each such payment) in thirty (30) equal annual payments (the "**Annual Installment**") until the Note is paid in full. Borrower shall pay the Annual Installment on the 31st day of December of each calendar year during the term of this Note, commencing on the first such date to occur after the date of execution of this Note.

      2.2        Final Payment Date.        The final payment in the aggregate amount of the then outstanding and unpaid Note, together with all accrued and unpaid interest thereon, shall become immediately due and payable in full on December 31, 2047 (the "**Maturity Date**").

3.        Prepayment Allowed; Renegotiation Discretionary.        Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note. Any payments on this Note shall be applied first to unpaid accrued interest hereon, and then to unpaid principal hereof.

4.        Acceleration Upon Default. Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof, without notice, demand, presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same

D-CNL003278

shall at once become due and payable and subject to those remedies of the holder hereof. No failure or delay on the part of Payee in exercising any right, power or privilege hereunder shall operate as a waiver thereof.

5. <u>Waiver</u>. Maker hereby waives grace, demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of intent to accelerate, notice of acceleration and all other notices of any kind hereunder.

6. <u>Attorneys' Fees</u>. If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

7. <u>Limitation on Agreements</u>. All agreements between Maker and Payee, whether now existing or hereafter arising, are hereby limited so that in no event shall the amount paid, or agreed to be paid to Payee for the use, forbearance, or detention of money or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to this Note, exceed the maximum interest rate allowed by law. The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Payee and Maker in conflict herewith.

8. <u>Governing Law</u>. This Note and the rights and obligations of the parties hereunder shall be governed by the laws of the United States of America and by the laws of the State of Texas, and is performable in Dallas County, Texas.

9. <u>Prior Notes</u>. The original of each of the Prior Notes superseded hereby shall be marked "VOID" by Payee.

**MAKER:**

HCRE PARTNERS, LLC

By: _____
Name: James Dondero
Title:

2

D-CNL003279

## EXHIBIT A

### PRIOR NOTES

| Loan Date | Initial Note Amount | Interest Rate | Principal and Interest Outstanding as of May 31, 2017 |
|---|---|---|---|
| 1/9/14 | $100,000.00 | 8.00% | $108,000.00 |
| 1/29/14 | $600,000.00 | 8.00% | $648,000.00 |
| 3/10/14 | $2,000,000.00 | 8.00% | $2,009,643.84 |
| 3/28/14 | $50,000.00 | 8.00% | $54,000.00 |
| 1/26/15 | $1,500,000.00 | 8.00% | $1,545,356.16 |
| 4/2/15 | $1,500,000.00 | 8.00% | $1,545,356 |
| | **$5,750,000.00** | | **$6,059,831.51** |

3

D-CNL003280