PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br> Defendants. | Adv. Proc. No. 21-03003-sgj <br><br> Case No. 3:21-cv-00881-X |

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., <br><br> Defendant. | Adv. Proc. No. 21-03004-sgj <br><br> Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br> Defendants. | Adv. Proc. No. 21-03005-sgj <br><br> Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br> Defendants. | Adv. Proc. No. 21-03006-sgj <br><br> Case No. 3:21-cv-00881-X |

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br> Defendants. | § § § § § § § § § § § § § § § § Adv. Proc. No. 21-03007-sgj <br><br> Case No. 3:21-cv-00881-X |

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO SUPPLEMENT BACKUP DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT**

Plaintiff files this reply in further support of its *Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* (the "Motion")[1] and in response to *Defendants' Opposition to Highland Capital Management L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* (the "Objection").[2]

**REPLY**

1. In its Motion, Plaintiff seeks leave to supplement its Backup Documentation with two invoices out of dozens filed on behalf of four different service providers that were inadvertently omitted from Plaintiff's initial submission. There can be no credible dispute that the Supplemental Invoices were inadvertently omitted because the value of the invoices—to the penny—was included in the total amount originally sought by Plaintiff. Defendants nevertheless

---

[1] *See* Adv. Pro. No. 21-03003 at Docket No. 205; Adv. Pro. No. 21-03004 at Docket No. 174; Adv. Pro. No. 21-03005 at Docket No. 222; Adv. Pro. No. 21-03006 at Docket No. 227; and Adv. Pro. No. 21-03007 at Docket No. 222. Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[2] *See* Adv. Pro. No. 21-03003 at Docket No. 210; Adv. Pro. No. 21-03004 at Docket No. 179; Adv. Pro. No. 21-03005 at Docket No. 227; Adv. Pro. No. 21-03006 at Docket No. 232; and Adv. Pro. No. 21-03007 at Docket No. 227.

1

object, contending that they will be prejudiced if the Motion is granted. Defendants' arguments are spurious and the Objection should be overruled.

2. Defendants' first contention is that they will be prejudiced because Plaintiff supposedly did not allow them "to timely examine the statements for accuracy, duplicity of work, redactions, and other factors relating to a reasonableness and necessity-of-attorney's-fees analysis." Objection ¶ 3. But Defendants' own conduct and applicable rules proves that this contention is absurd:

- In the original stipulation concerning this issue, ***Defendants and their counsel agreed that 18 days were sufficient to review a year-and-a-half's worth of invoices***;[3]

- In a stipulation concerning the same issue in the companion notes litigation concerning HCMFA, ***Defendants and their counsel agreed that 21 days were sufficient to review all invoices rendered in connection with that adversary proceeding***;[4]

- Here, under Local Bankruptcy Rule 7007-1(e), ***Defendants had 21 days to respond to the Motion***, a period equal to or greater than the periods Defendants voluntarily agreed to;[5] and

- Defendants had even more time because ***Plaintiff e-mailed copies of the Supplemental Invoices to Defendants' counsel seven (7) days before filing the Motion*** in an effort to avoid this unnecessary litigation (Defendants' counsel never responded to the e-mail).[6]

---

[3] *Notice of Stipulation for Objection to Report and Recommendation in Notes Litigation*, Case No. 3:21-cv-00881-X, Docket No. 53 (Plaintiff required to file form of judgment (including backup for fees and expenses) by August 5, 2022, with Defendants' objections due on August 18, 2022, eighteen (18) days later).

[4] *Notice of Stipulation Regarding Report and Recommendation to the District Court Regarding Highland Capital Management, L.P.'s Motion for Summary Judgment Against Highland Capital Management Fund Advisors, L.P.*, Case No. 3:21-cv-00881-X, Docket No. 75 (Plaintiff required to file form of judgment (including backup for fees and expenses) by November 2, 2022, with Defendants' objections due on November 23, 2022, twenty-one (21) days later).

[5] Local Bankruptcy Rule of the United States Bankruptcy Court for the Northern District of Texas 7007-1.

[6] Morris Dec. Ex. A (September 20, 2022 email to Defendants' counsel including, among other things, the Supplement Invoices).

2

3. Thus, **Defendants and their counsel had 28 days to review two invoices**. After having agreed to review many more invoices in less time, Defendants' claim of "prejudice" is devoid of credibility and should be rejected out of hand.[7]

4. Defendants' other contention is that they will be prejudiced because the "undue surprise" of the Motion is supposedly giving Plaintiff "two bites at the apple." Objection ¶¶ 2-3. This contention is also meritless for at least the following reasons:

- There was no "surprise" of any kind because Plaintiff seeks not one penny more than it sought in its original submission;[8]

- Because Plaintiff seeks nothing more than it originally sought, it is not getting a "second bite" of anything but is merely supplementing the documentation that Defendants also should have known about;[9] and

- Being required to pay amounts due under a written and enforceable agreement cannot ever be "prejudicial."

5. In short, Defendants will not be prejudiced by paying amounts due and owing under the Notes as a result of their default, particularly where the amounts never changed and they had more than sufficient time to raise substantive objections but failed to do so.

---

[7] Notably, despite claiming that 28 days were insufficient to review two invoices, Defendants never asked Plaintiff or this Court for an extension of time. Indeed, in a transparent attempt to further delay the inevitable, Defendants audaciously "request an opportunity for additional briefing to address Plaintiff's new billing invoices" in the event the Court grants the Motion. Objection ¶ 4. Having passed on the opportunity to provide substantive objections to two Supplement Invoices despite having 28 days to do so, Defendants' disingenuous request for a "second bite at the apple" should be denied.

[8] *Compare Notice of Attorneys' Fees Calculation and Backup Documentation*, Adv. Pro. No. 21-03003, Docket No. 197, Ex. 1 (*Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment*), Ex. F (Summary) (showing Plaintiff originally sought $2,663,585.30 on account of Pachulski Stang Ziehl & Jones' fees) *with Response in Support of Plaintiff's Proposed Form of Judgment Awarding Attorneys' Fees and Costs*, Adv. Pro. No. 21-03003, Docket No. 208, Ex. 1 (showing Plaintiff still sought $2,663,585.30 on account of Pachulski Stang Ziehl & Jones' fees on the same day it filed the Motion).

[9] As the Court is aware, January and February 2022 were especially busy months in the Notes Litigation as the parties addressed HCMFA's motions and Plaintiff's summary judgment motion. Consequently, Defendants could not have believed that Plaintiff did no work and incurred no expenses during those months. Thus, either (a) Defendants also "inadvertently" failed to notice the omission of the Supplement Invoices, or (b) they were aware of it and are now misleading the Court with claims of prejudice.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court overrule the Objection in its entirety, grant the Motion, and grant such other and further relief as the Court deems just and proper under the circumstances.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

Dated: October 21, 2022.

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and -

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

5